1  Scott D. Cunningham (State Bar No.: 200413)
   Email: scunningham@condonlaw.com
2  Ivy L. Nowinski (State Bar No.: 268564)
   Email: inowinski@condonlaw.com
3  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
4  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
5  Facsimile:  (310) 557-1299

6     - and -

7  J. Gary Linder
   Email: glinder@jshfirm.com
8  JONES, SKELTON & HOCHULI. P.L.C.
   2901 N Central Ave. Suite 800
9  Phoenix, Arizona 85012
   Telephone: (602) 235-7106
10 Facsimile:  (602) 200-7883

11 Attorneys for Defendant
   BRITISH AIRWAYS, PLC

12
                  UNITED STATES DISTRICT COURT
13
                  FOR THE DISTRICT OF ARIZONA
14

15
   LINDA ANN BAILLIE, individually, as   )   Case No.
16 Personal Representative of the Estate of )
   JAMES DONALD BAILLIE, II, and on      )   **NOTICE OF REMOVAL OF**
17 behalf of all heirs and next of kin of   )   **CIVIL ACTION PURSUANT TO**
   JAMES DONALD BAILLIE, II,             )   **28 U.S.C. § 1441 ON THE**
18 deceased,                              )   **GROUNDS OF 28 U.S.C. § 1331**
                                          )   **(FEDERAL QUESTION**
19              Plaintiff,                 )   **JURISDICTION)**
                                          )
20        vs.                             )
                                          )
21 MEDAIRE, INC., STEVEN JOE            )
   REINHARD, D.O., JESSICA MONAS,        )
22 M.D., RATAN K. VERMA, M.D. and       )
   BRITISH AIRWAYS PLC,                  )
23                                         )
              Defendants.                 )
24 _____ )

25 TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

26 DISTRICT OF ARIZONA:

27        Defendant British Airways, Plc (hereinafter referred to as "British

28 Airways"), by and through its attorneys of record, Condon & Forsyth LLP, hereby

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

removes this pending action from the Superior Court of the State of Arizona for the County of Maricopa to the United States District Court for the District of Arizona on the following grounds:

1.      On January 30, 2014, there was filed in the Superior Court of the State of Arizona for the County of Maricopa the attached summons and complaint bearing Case No.: CV2014-004544 in the records and files of that court.  True and correct copies of the summons and complaint filed in the state court are attached hereto as Exhibit "A."  The remainder of the State Court pleadings are attached hereto as Exhibit "B".

2.      On February 19, 2014, British Airways filed its answer and affirmative defenses to plaintiffs' complaint in the Superior Court of the State of Arizona for the County of Maricopa.  A true and correct copy of the answer is attached hereto as Exhibit "C".

3.      British Airways was served with copies of the summons and complaint on January 30, 2014, via its registered agent for service, CT Corporation and, therefore, this Notice of Removal is timely pursuant to 28 U.S.C. ¶ 1446(b).

4.      This is a wrongful death lawsuit brought by the estate and heirs of Mr. James Donald Baillie, II (hereinafter "Mr. Baillie").  Mr. Baillie was a passenger on board British Airways flight BA 289 from London to Phoenix on March 23, 2012.  *See* Exhibit "A" [Complaint] p. 4, ¶ 8, ll. 7-9.

5.      This is a civil action over which this Court has original jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. § 1331, in that it arises under the Montreal Convention, a treaty of the United States.  This action, therefore, may be removed to this Court by British Airways pursuant to the provisions of 28 U.S.C. § 1441(a).  *See Razi v. Qatar Airways Q.C.S.C.*, 4:12-CV-2073, 2014 WL 496654 at *1 (S.D. Tex. Feb. 6, 2014) (holding that the defendant airline "timely removed the suit to this Court under 28 U.S.C. § 1331, invoking the

1   Court's original jurisdiction to hear all cases or controversies arising under treaties
2   of the United States, including the Montreal Convention of 1999, which governs
3   claims arising from international air carriage."); *Husman v. Trans World Airlines,*
4   *Inc.,* 169 F.3d 1151, 1153 (8th Cir. 1999) (Warsaw Convention); *Fadhliah v.*
5   *Société Air France,* 2013 WL 6183969 at *1 (C.D. Cal. Nov. 25, 2013); *Rubin v.*
6   *Air China Limited,* 2011 WL 1002099 (N.D. Cal. March 21, 2011); *Nnebe v.*
7   *Northwest Airline* 2012 WL 1079850 at *1 (D.N.J. March 30, 2012); *Rogers v.*
8   *Cont'l Airlines,* No. 10–3064, 2011 U.S. Dist. LEXIS 107599 (D.N.J. Sept. 21,
9   2011); *Schaefer–Condulmari v. U.S. Airways Grp., Inc.,* No. 09–1146, 2009 U.S.
10   Dist. LEXIS 114723, at *23–29 (E.D. Pa. Dec. 8, 2009); *see also Jack v. Trans*
11   *World Airlines, Inc.,* 820 F. Supp. 1218 (N.D. Cal. 1993) (removal proper under
12   Warsaw convention).

13        6.    The Montreal Convention, formally known as the Convention for the
14   Unification of Certain Rules for International Air Carriage by Air, May 28, 1999
15   (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45,
16   1999 WL 33292734, is the successor to the Warsaw Convention, (*Hosaka v.*
17   *United Airlines, Inc.,* 305 F.3d 989, 996 (9th Cir. 2002)) and unifies and replaces
18   the system of liability that derives from the Warsaw Convention. *Ehrlich v.*
19   *American Airlines, Inc.,* 360 F.3d 366, 371 (2d Cir. 2004).

20        7.    The Montreal Convention is applicable to all "international carriage of
21   persons, baggage or goods performed by aircraft for reward." Montreal
22   Convention, Art. 1(1); *Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide*
23   *Forwarding, Inc.,* 634 F.3d 1023, 1026 (9th Cir. 2011); *see Rodriguez v. Ansett*
24   *Australia Ltd.,* 383 F.3d 914, 916 (9th Cir. 2004) (Warsaw Convention).

25        8.    At the time of the incident alleged in plaintiffs' complaint, Mr. Baillie
26   was traveling pursuant to a contract of carriage which provided for roundtrip
27   carriage originating and terminating in Phoenix, Arizona, with intermediate

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. § 1441 ON THE GROUNDS OF 28 U.S.C. § 1331
(FEDERAL QUESTION JURISDICTION)
3558473.1

LAOFFICE 59458V.1

1   stopping places in Germany, France, and the United Kingdom.  *See* Exhibit "A"

2   [Complaint], p. 4, ¶ 8, l. 7 - p. 4, ¶ 9, l. 12.   The United States is a High

3   Contracting Party to the Montreal Convention.

4   9.     Accordingly, plaintiffs' state law claims against British Airways are

5   preempted and plaintiffs' exclusive remedy is provided by the Montreal

6   Convention, a treaty of the United States.   In fact, plaintiffs admit in their

7   Complaint that "this action arises under the provisions of the Convention for the

8   Unification of Certain Rules Relating to International Carriage by Air . . . ."  *See*

9   Exhibit "A" [Complaint], p. 3, ¶ 6, ll. 12-17.   Furthermore, this is a duplicative

10   action filed by plaintiffs against British Airways relating to the incident that is the

11   subject of their Complaint.  Attached hereto as Exhibit "D" is a true and correct

12   copy of a Complaint filed by plaintiffs in the United States District Court for the

13   Central District of California, in which plaintiffs alleged a sole cause of action

14   under the Montreal Convention.  *See* Exhibit "D" [Central District of California

15   Complaint], p. p. 4, ¶ 9, l. 1 - p. 7, ¶ 18, l. 5.   Therefore, plaintiffs cannot

16   reasonably dispute that their claims arise under the Montreal Convention here.

17   10.    British Airways is informed and believes that defendant MedAire was

18   served on January 30, 2014, and that defendants Dr. Jessica Monas and Dr. Steven

19   Reinhardt were served with the summons and complaint on February 15, 2014.

20   The thirty day time period for removal under 28 U.S.C. § 1446(b), therefore, has

21   not yet elapsed.  *See* Proofs of Service of Summons on MedAire, Inc., Dr. Jessica

22   Monas, and Dr. Steven Reinhardt, attached as Exhibit "E."   The attorneys for

23   MedAire, Inc., Dr. Jessica Monas, and Dr. Steven Reinhardt have consented to this

24   removal of the state court action to this Court.

25   11.    British Airways is informed and believes that defendant Ratan Verma,

26   who is a resident of the United Kingdom, has not been served yet.

27   RULE 44.1 NOTICE

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

12.   Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, British Airways hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

13.   A Notice of Filing Notice of Removal, a true and correct copy of which is attached as Exhibit "F", has been filed in the Superior Court of the State of Arizona, in the County of Maricopa, Case No. CV2014-004544, on behalf of Defendant British Airways, PLC.

WHEREFORE, defendant British Airways, PLC prays that the above-entitled action now pending in the Superior Court of the State of Arizona for the County of Maricopa, be removed to this Court.

Dated: March 3, 2014                JONES, SKELTON & HOCHULI. P.L.C.


By:/s/J. Gary Linder
    J. GARY LINDER


CONDON & FORSYTH LLP


By:/s/ Scott D. Cunningham
    SCOTT D. CUNNINGHAM
    IVY L. NOWINSKI

    -and-

    ANTHONY U. BATTISTA
    CONDON & FORSYTH LLP
    7 Times Square
    New York, NY 10036
    Telephone: (212) 490-9100
    Facsimile: (212) 370-4453

    Attorneys for Defendant
    BRITISH AIRWAYS. PLC.

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. § 1441 ON THE GROUNDS OF 28 U.S.C. § 1331
(FEDERAL QUESTION JURISDICTION)
3558473.1                                                - 5 -

LAOFFICE 59458V.1

EXHIBIT "A"

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

| Inv. # |
|---|
| **97579** |

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

14 FEB 3  AM 9: 47

**LINDA ANN BAILLIE; et al.**

               **Plaintiff / Petitioner,**

vs.

**MEDAIRE, INC.; et al.**

               **Defendant / Respondent.**

FILED
BY M. MEJIA, DEP.

NO.  **CV2014-004544**

CERTIFICATE OF SERVICE

<u>**Geoffrey Roberts**</u>        , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from         **Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.**       on     **1/30/14**     ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**    **BRITISH AIRWAYS, c/o CT Corporation Systems**

**DATE & TIME:**  1/30/14 2:55pm
**PLACE &**       2390 E. CAMELBACK ROAD  PHOENIX, AZ 85016, which is his/her place of business.
**MANNER:**     By serving Duc Le, Customer Service Representative, a person authorized to accept such service on their behalf, in person.

Description of the Named: Male, Age: 30's, Ht: 5' 9in., Wt: 197, Eyes: brown, Hair: black, Ethnicity: Asian

| **Statement of Costs** | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | $24.00 |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $50.00 |
| **Total** | $124.00 |

RUSH SERVICE

**Affiant - Registered in**
**Maricopa County**

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

MICHAEL K. JEANES
Clerk of the Superior Court
By Jessica Kiraly, Deputy
Date 01/30/2014 Time 14:00:29
Description                    Amount
--------- CASE# CV2014-004544 ---------
CIVIL NEW COMPLAINT            304.00

TOTAL AMOUNT                   304.00
        Receipt# 23519310

1   **KREINDLER & KREINDLER LLP**
    Francis G. Fleming (State Bar No. 004375)
2   Robert J. Spragg (*pro hac vice* pending)
    750 Third Avenue
3   New York, New York 10017
4   Telephone: (212) 687-8181
    Facsimile: (212) 972-9432
5   Email: ffleming@kreindler.com
6   Email: rspragg@kreindler.com

7   **CHRISTIAN DICHTER & SLUGA, P.C.**
8   Stephen M. Dichter (State Bar No. 004043)
    Jeffrey O. Hutchins, (State Bar No. 027310)
9   2700 North Central Avenue, Suite 1200
10  Phoenix, Arizona 85004
    Telephone: (602) 792-1700
11  Facsimile: (602) 792-1710
    Email: sdichter@cdslawfirm.com
12  Email: jhutchins@cdslawfirm.com
13  Send Court Documents to:  courtdocs@cdslawfirm.com

14  *Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of*
15  *the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next*
    *of kin of JAMES DONALD BAILLIE, II, deceased*

16          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

17              **IN AND FOR THE COUNTY OF MARICOPA**

18  LINDA ANN BAILLIE, Individually, and as )   Case No.: CV2014-004544
19  Personal Representative of the Estate of   )
    JAMES DONALD BAILLIE, II, deceased,        )
20  and on behalf of all heirs and next of kin )   **COMPLAINT FOR WRONGFUL**
    of JAMES DONALD BAILLIE, II,               )   **DEATH AND PERSONAL**
21  deceased,                                  )   **INJURIES, NEGLIGENCE,**
                                               )   **FAILURE TO INFORM, LOSS OF**
22                                             )   **CONSORTIUM**
            Plaintiff,                         )
23                                             )
        v.                                     )
24                                             )   **JURY TRIAL DEMANDED**
    MEDAIRE, INC.,                             )
25  STEVEN JOE REINHART, D.O., JESSICA         )
    MONAS, M.D.,                               )
26  RATAN K. VERMA, M.D. and                   )
    BRITISH AIRWAYS PLC,                       )
27                                             )
            Defendants                         )
28  _____)

Plaintiff LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased, including James Donald Baillie, III, Jacob Edward Baillie, Jonathan David Baillie and Laura Marie Baillie, by their attorneys, Kreindler & Kreindler LLP, and Christian, Dichter & Sluga, P.C. ("Plaintiff"), as and for her and their complaint allege:

## GENERAL ALLEGATIONS

## PARTIES

1.      Plaintiff LINDA BAILLIE is a citizen and resident of the United States and resides the County of Maricopa and State of Arizona, and prior to his death Plaintiff's decedent JAMES DONALD BAILLIE, II, deceased, was a citizen and resident of Maricopa County, Arizona.

2.      Defendant MEDAIRE, INC., also doing business as "Medlink" ("MedAire"), is upon information and belief a Nevada corporation, with its principal place of business in Tempe, Arizona; MedAire maintains or maintained its offices in Maricopa County at 1250 W. Washington Street, #442, Tempe, Arizona 85281, and was doing substantial business in Maricopa County on or about March 23, 2012, sufficient for this Court to exercise jurisdiction over MedAire and its co-defendant employees in respect to this matter.

3.      Defendant STEVEN JOE REINHART, D.O. ("Reinhart") and JESSICA MONAS, M.D. ("Monas") are, upon information and belief, citizens and residents of Maricopa County, and at all times mentioned herein were licensed physicians employed by or acting as agents for defendant MedAire.

2

4.     Defendant RATAN K. VERMA, M.D. ("Verma") is a citizen and resident of the United Kingdom and upon information and belief on March 23, 2012 was a physician traveling as a passenger on an international flight operated by British Airways as BA Flight 289, which involved transportation for hire from London Heathrow Airport in the United Kingdom to the Sky Harbor Airport in the City of Phoenix, Arizona.

5.     Defendant BRITISH AIRWAYS PLC ("British Airways") is an international corporation with its principal place of business in the United Kingdom and is engaged in the business of providing international transportation for hire and on March 23, 2012 operated BA Flight 289 from London to Phoenix.

6.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and, this action arises under the provisions of Convention for the Unification of Certain Rules Relating to International Carriage by Air (entered into force in the United States on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45 (hereinafter the "Montreal Convention").

7.     Venue in this County satisfies the requirements of ARS § 12-401 *et seq.* in that defendants MedAire, Reinhart, Monas and British Air are subject to personal jurisdiction in this County and State and are engaged in business and reside in this County and State, and defendant Verna, a non-resident of Arizona, committed tortious acts outside this State which lead to the death of plaintiff's decedent in this State.

8.     At all times herein mentioned, defendants MedAire, Reinhart and Monas were and are engaged in the business of providing advice and consultation to airlines, including defendant British Airways, which are engaged in transporting passengers for

3

hire by air, and hold themselves out as being able to appropriately assist airlines dealing with passengers who become ill at the beginning and/or during international flights, including defining and implementing the proper care and treatment of emergency medical conditions as may be presented during a lengthy transoceanic flight and each defendant did provide advice to the crew of a certain Boeing 747-400 aircraft (the "subject aircraft"), which was operated by British Airways as Flight 289 on March 23, 2012 between London, England to Phoenix, Arizona (the "subject flight").

9.    On or about March 23, 2012, plaintiff's decedent James Donald Baillie, II, was a fare-paying passenger on board the subject flight and subject aircraft on a round trip itinerary with a destination in the United States; upon boarding the aircraft at approximately 1644 GMT (4:44 P.M. local London time) and during the subject flight, he reported to the British Air cabin crew of BA Flight 289 that he had to rush to board the flight and encountered "severe" "constant" "central chest pain," that he "felt hot," was having "difficulty breathing," had an "irregular pulse" (recorded one time at 100 per minute), a low blood pressure of 100/80, was "feverish," "anxious" and "weak" and exhibited a "pale" complexion, and during the subject flight these conditions persisted and worsened over the 10 to 11 hour flight.

10.    As parties who held themselves out as being able to provide medical emergency services and advice respecting the proper care and treatment of sick passengers including passengers afflicted with "constant," "severe" "central chest pain," a feeling of being "hot," "difficulty breathing," "irregular pulse," low blood pressure, "fever," anxiety and weakness, which conditions persisted and worsened over the 10 to

4

11 hour flight, defendants MedAire, Reinhart, Monas and Verma had a duty to understand and apply the well known principles and medical knowledge respecting the dangerous emergency condition associated with a progressive and degenerating injury to the heart and its various components, arteries, chambers and valves, initiated with and indicated by the clinical condition presented by Plaintiff's decedent on March 23, 2012, and the need for immediate medical intervention as soon as possible after the onset of symptomatology to arrest the progression of damages and injury to other components and organs.

11.   The defendant MedAire, through its servants, agents and employees, including Reinhart and Monas contracted to and did provide and defendant Verma did provide advice to the crew of BA Flight 289 on March 23, 2012 when it was transporting plaintiff's decedent who experienced a progressive medical emergency on BA Flight 289 from London, England, returning to Phoenix, Arizona onboard the approximately 10 to 11 hour flight, during which Mr. Baillie became grievously ill on account of the failure to receive prompt appropriate medical intervention and appropriate treatment.

### FIRST CAUSE OF ACTION
### FOR DAMAGES AGAINST BRITISH AIRWAYS
### BY PLAINTIFF'S DECEDENT JAMES DONALD BAILLIE, II

12.   Plaintiff Linda Ann Baillie asserts each and every allegation of paragraphs 1 through 11 above, with the same force and effect as if each was more fully set forth herein at length.

13.   On March 23, 2012, Plaintiff's decedent experienced a progressive emergency medical condition commonly called a heart attack and reported his condition

5

to British Airways' cabin crew members before takeoff whom he expected to be able to cope with his emergency medical condition.

14.     According to British Airways' cabin crew procedures, when a passenger reports a medical condition to a crew member before departure the crew is supposed to make contact *via* telephone with defendant MedAire to ascertain whether the stricken passenger is or is not capable of making the long distance transoceanic trip by air.

15.     On March 23, 2012 prior to takeoff, the British Airways' cabin crew of BA Flight 289 failed to interact with MedAire or any qualified medical personnel to ascertain whether Plaintiff's decedent was or was not capable of making the trip by air prior to takeoff; instead, the crew instructed Mr. Baillie to take his seat so the aircraft could take off.

16.     On March 23, 2012, cabin crew members of British Airways Flight 289 contacted defendants MedAire, Reinhart and Monas and Verma about three and a half hours after takeoff to obtain advice regarding its ill then grievously ill passenger James Baillie, who had been experiencing and exhibiting pain and other symptoms as a result of having exerted himself to get onboard the subject aircraft before takeoff for over three hours, having immediately reported his difficulties and condition to the crew of British Airways and its agents, employees and representatives before takeoff; however, upon information and belief, defendants, and each of them, failed to either provide for adequate and proper treatment to James D. Baillie, II, or to divert the flight enabling Plaintiff's decedent to obtain necessary medical attention and intervention, causing Plaintiff's decedent to suffer severe physical injuries over a prolonged period of time onboard the 10

to 11 hour subject flight between London, England and Phoenix, Arizona.

17.     Defendant British Airways as the operator of the subject flight accidently and negligently failed to adequately and properly treat James D. Baillie, II, or make adequate provisions for his emergency condition, and thereby caused him to sustain life threatening and ultimately fatal injuries on board the subject flight due to the failure to provide appropriate medical care.

18.     Upon information and belief, defendants MedAire, Reinhart, Monas and Verma negligently failed to provide adequate and appropriate advice and treatment to plaintiff's decedent, causing him to sustain severely aggravated and ultimately fatal injuries to his body and plaintiff's decedent experienced an accident within the meaning of the Convention.

19.     At all times mentioned herein and on March 23, 2012, plaintiff's decedent James Donald Baillie, II experienced injuries on the subject flight which were due to an unexpected and unusual event external to plaintiff's decedent James Donald Baillie, II and defendants and each of them, including defendants MedAire, Reinhart, Monas, Verma and British Airways are liable for the damages sustained by plaintiff's decedent James Donald Baillie, II and his next of kin as a result of said accident.

20.     As a result of said accident, the plaintiff's decedent James Donald Baillie, II suffered serious and permanent physical and emotional injuries and other damages, including past and future physical and mental pain and suffering, physical limitations and loss of enjoyment of life and life's activities, past and future medical care expenses of approximately $1.9 Million, past and future loss of income and damage to his business

7

activities, and other compensable injuries and died; and, plaintiff Linda Ann Baillie is entitled to recover just and reasonable compensation from the defendants for said injuries and losses.

21.   Defendants British Airways, MedAire, Reinhart, Monas and Verma are liable to plaintiff Linda Ann Baillie for all of her proven damages without limitation, because: (a) plaintiff's decedent experienced an accident on board the subject flight; (b) the defendants, and each of them, including defendants MedAire, Reinhart, Monas and Verma had a duty to provide careful, knowledgeable, prudent and informed advice to British Airways concerning Mr. Baillie's emergency medical condition and the need for timely and appropriate medical attention and intervention; (c) defendant British Airways failed to recognize the nature and extent of Plaintiff's decedent's emergency condition; (d) defendants and each of them failed to provide adequate and appropriate treatment and provide appropriate care and advice to Plaintiff's decedent as warranted by the circumstances presented; and, (e) defendants committed other wrongful acts or omissions through their servants or agents.

22.   As a result of the foregoing, defendants MedAire, Reinhart, Monas, Verma and British Airways are liable to plaintiff Linda Ann Baillie for all of her compensatory damages proven without limitation, in an amount to be determined by the jury.

**SECOND CAUSE OF ACTION FOR DAMAGES**
**AGAINST DEFENDANTS VERMA, REINHART AND MONAS**
**<u>BY PLAINTIFF LINDA ANN BAILLIE</u>**

23.   Plaintiff Linda Ann Baillie asserts each and every allegation of paragraphs 1 through 22 above, with the same force and effect as if each was more fully set forth

herein at length.

24.     On March 23, 2012, plaintiff Linda Ann Baillie was the legal spouse of plaintiff's decedent James Donald Baillie, II and plaintiff Linda Ann Baillie was and is entitled to her husband's services, society, consortium, support, maintenance and care and the enjoyment of her marital relationship with plaintiff's decedent James Donald Baillie, II.

25.     As a proximate result of said accident and injuries to plaintiff's decedent James Donald Baillie, II, plaintiff Linda Ann Baillie suffered past and future compensatory damages, through her loss of her husband's services, society, consortium, support, maintenance and care; his provision of care, assistance and medical expenses for her husband; and, her loss of enjoyment of her marital relationship with plaintiff's decedent James Donald Baillie, II.

26.     As a result of the foregoing, defendant British Airways is liable to pay plaintiff Linda Ann Baillie all of her compensatory damages without limitation, in an amount to be determined by the jury.

**WHEREFORE**, LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased, including James Donald Baillie, III, Jacob Edward Baillie, Jonathan David Baillie and Laura Marie Baillie, demands judgment against defendants and each of them on their first and second causes of action, and demands compensatory damages in an amount to be determined by

9

1    the jury, plus fees, interest and costs, and for such other further relief as this Court deems

2    just, proper and equitable.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

RESPECTFULLY SUBMITTED this 30th day of January, 2014.

KREINDLER & KREINDLER LLP

By _____
Francis G. Fleming

CHRISTIAN DICHTER & SLUGA, P.C.

By _____
Stephen M. Dichter
Jeffrey O. Hutchins

*Attorneys for Plaintiffs*

**ORIGINAL** of the foregoing
filed this 30 day January, 2014,
with:

Clerk of the Court
Maricopa County Superior Court
201 W. Jefferson
Phoenix, Arizona  85003

11

EXHIBIT "B"

1

**KREINDLER & KREINDLER LLP**
Francis G. Fleming (State Bar No. 004375)

2
Robert J. Spragg (*pro hac vice* pending)

3
750 Third Avenue
New York, New York 10017

4
Telephone: (212) 687-8181

5
Facsimile: (212) 972-9432
Email: ffleming@kreindler.com

6
Email: rspragg@kreindler.com

7
**CHRISTIAN DICHTER & SLUGA, P.C.**

8
Stephen M. Dichter (State Bar No. 004043)
Jeffrey O. Hutchins, (State Bar No. 027310)

9
2700 North Central Avenue, Suite 1200

10
Phoenix, Arizona 85004
Telephone: (602) 792-1700

11
Facsimile: (602) 792-1710
Email: sdichter@cdslawfirm.com

12
Email: jhutchins@cdslawfirm.com

13
Send Court Documents to: courtdocs@cdslawfirm.com

14
*Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of*

15
*the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased*

16
### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

17
### IN AND FOR THE COUNTY OF MARICOPA

18

19
LINDA ANN BAILLIE, Individually, and as
Personal Representative of the Estate of

20
JAMES DONALD BAILLIE, II, deceased,
and on behalf of all heirs and next of kin

21
of JAMES DONALD BAILLIE, II,
deceased,

22

23
         Plaintiff,

    v.

24

25
MEDAIRE, INC.,
STEVEN JOE REINHART, D.O., JESSICA

26
MONAS, M.D.,
RATAN K. VERMA, M.D. and

27
BRITISH AIRWAYS PLC,

         Defendants

28

Case No.: CV2014-004544

**CERTIFICATION CONCERNING EXPERT TESTIMONY**

FILED
1/30/14 @ 1:55pm
MICHAEL K. JEANES, Clerk
By _____
Deputy

1

2

3   RESPECTFULLY SUBMITTED this 30th day of January, 2014.

4

5                                    KREINDLER & KREINDLER LLP

6                                    By

7                                      Francis G. Fleming
                                       (State Bar No. 004375)
8

9                                    CHRISTIAN DICHTER & SLUGA, P.C.

10                                   By

11                                     Stephen M. Dichter
                                       (State Bar No. 004043)
12

13                                   *Attorneys for Plaintiffs*

14   ORIGINAL of the foregoing
     filed this 29th day January, 2014,
15   with:    30

16
     Clerk of the Court
17   Maricopa County Superior Court
     201 W. Jefferson
18   Phoenix, Arizona  85003

19

20

21

22

23

24

25

26

27

28

**Superior Court of Arizona**
**In Maricopa County**

# CV2014-004544

(Please Type or Print)

**Plaintiff's Attorneys:**

KREINDLER & KREINDLER LLP
Francis G. Fleming, Esq.
750 Third Avenue
New York, New York 10017
**Attorney's Bar Number: 004375**

**and**

CHRISTIAN, DICHTER & SLUGA, P.C.
Stephen M. Dichter, Esq.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
**Attorney's Bar Number: 004043**

Plaintiff's Name(s):  (List all)
LINDA ANN BAILLIE, Individually, and as Personal
Representative of the Estate of JAMES DONALD
BAILLIE, II, deceased, and on behalf of all heirs
and next of kin of JAMES DONALD BAILLIE, II,
deceased

(List additional plaintiffs on page two and/or attach a separate sheet.)

Defendant's Name(s): MEDAIRE, INC.,
STEVEN JOE REINHART, D.O.,
JESSICA MONAS, M.D.,
RATAN K. VERMA, M.D. and
BRITISH AIRWAYS PLC

(List additional defendants on page two and/or attach a separate sheet.)

---

FILED
MICHAEL K. JEANES, Clerk
By _____
Deputy

Is Interpreter Needed? ☐ Yes ☒ No

**If yes, what language:** _____

To the best of my knowledge, all information is true and correct.

**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

Plaintiff's Address:
3445 E. Indigo Circle
Mesa, AZ 85213

---

EMERGENCY ORDER SOUGHT:     ☐ Temporary Restraining Order        ☐ Provisional Remedy (if applicable)
                            ☐ OSC – Order to Show Cause           ☐ Election Challenge
                            ☐ Employer Sanction                   ☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY.  (Mark appropriate box under **Nature of Action**).

☒ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

---

## NATURE OF ACTION

(Place an "X" next to the <u>one</u> case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
- ☐ 101 Non-Death/Personal Injury
- ☐ 102 Property Damage
- ☒ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
- ☐ 111 Negligence
- ☐ 112 Product Liability – Asbestos
- ☐ 112 Product Liability – Tobacco
- ☐ 112 Product Liability – Toxic/Other
- ☐ 113 Intentional Tort
- ☐ 114 Property Damage
- ☐ 115 Legal Malpractice
- ☐ 115 Malpractice – Other professional
- ☐ 117 Premises Liability
- ☐ 118 Slander/Libel/Defamation
- ☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
- ☐ 121 Physician M.D.  ☐ 123 Hospital
- ☐ 122 Physician D.O  ☐ 124 Other

**130 CONTRACTS:**
- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds - Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

**150-199  OTHER CIVIL CASE TYPES:**
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment

- ☐ 182 Civil Penalty
- ☐ 186 Water Rights **(Not General Stream  Adjudication)**
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704)

   (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
   (See lower court appeal cover sheet in Maricopa)
- ☐ 194-Immigration Enforcement Challenge
   (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- ☐ Notice of Appeal pursuant to A.R.S. § 12-904
   (formerly "Administrative Review")
   (Use lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

**Case No.** _____
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other

_____

   (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☒ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

FILED
13D|14@ 1:55pm
MICHAEL K. JEANES, Clerk

By _S. Mejia_
Deputy

1  **KREINDLER & KREINDLER LLP**
   Francis G. Fleming (State Bar No. 004375)
2  Robert J. Spragg (*pro hac vice* pending)
   750 Third Avenue
3  New York, New York 10017
4  Telephone: (212) 687-8181
   Facsimile: (212) 972-9432
5  Email: ffleming@kreindler.com
6  Email: rspragg@kreindler.com

7  **CHRISTIAN DICHTER & SLUGA, P.C.**
8  Stephen M. Dichter (State Bar No. 004043)
   Jeffrey O. Hutchins, (State Bar No. 027310)
9  2700 North Central Avenue, Suite 1200
10 Phoenix, Arizona 85004
   Telephone: (602) 792-1700
11 Facsimile: (602) 792-1710
   Email: sdichter@cdslawfirm.com
12 Email: jhutchins@cdslawfirm.com
13 Send Court Documents to:  courtdocs@cdslawfirm.com

14 *Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of*
   *the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next*
15 *of kin of JAMES DONALD BAILLIE, II, deceased*

16        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

17            **IN AND FOR THE COUNTY OF MARICOPA**

18 LINDA ANN BAILLIE, Individually, and as )   Case No.:   CV2014-004544
19 Personal Representative of the Estate of )
   JAMES DONALD BAILLIE, II, deceased,    )
20 and on behalf of all heirs and next of kin )
   of JAMES DONALD BAILLIE, II,            )
21 deceased,                               )
22                                         )   **CERTIFICATE OF COMPULSORY**
                                           )   **ARBITRATION**
23           Plaintiff,                     )
                                           )
24      v.                                 )
                                           )
25 MEDAIRE, INC.,                          )
   STEVEN JOE REINHART, D.O., JESSICA      )
26 MONAS, M.D.,                            )
   RATAN K. VERMA, M.D. and                )
27 BRITISH AIRWAYS PLC,                    )
                                           )
28         Defendants                      )
   _____)

1     The undersigned certifies that the largest award sought by Plaintiffs, including

2  punitive damages, but excluding interest, attorneys' fees and costs exceeds limits set by

3  Local Rule for compulsory arbitration.  This case is, therefore, **not** subject to mandatory

4  arbitration.

5

6     RESPECTFULLY SUBMITTED this 30th day of January, 2014.

7          KREINDLER & KREINDLER LLP

8          By

9             Francis G. Fleming

10

11         CHRISTIAN DICHTER & SLUGA, P.C.

12         By

13            Stephen M. Dichter
            Jeffrey O. Hutchins

14

15                    *Attorneys for Plaintiffs*

16  **ORIGINAL** of the foregoing
    filed this 30 day January, 2014, with:

17

18  Clerk of the Court
    Maricopa County Superior Court

19  201 W. Jefferson
    Phoenix, Arizona  85003

20

21

22

23

24

25

26

27

28

2

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

14 FEB -3 AM 9: 47

| Inv. # | |
|---|---|
| 97582 | |

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**LINDA ANN BAILLIE; et al.**

**Plaintiff / Petitioner,**

vs.

**MEDAIRE, INC.; et al.**

**Defendant / Respondent.**

FILED
BY M. MEJIA, DEP.

NO.   CV2014-004544

CERTIFICATE OF SERVICE

__Geoffrey Roberts_____ , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from _____**Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.**_____ on _____**1/30/14**_____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   **MEDAIRE, INC., c/o CT Corporation Systems**

DATE & TIME:   1/30/14 2:55pm
PLACE &         2390 E. CAMELBACK ROAD  PHOENIX, AZ 85016, which is his/her place of business.
MANNER:         By serving Duc Le, Customer Service Representative, a person authorized to accept such service on their behalf, in person.

Description of the Named: Male, Age: 30's, Ht: 5' 9in., Wt: 197, Eyes: brown, Hair: black, Ethnicity: Asian

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | $26.00 |

Affiant - Registered in
**Maricopa County**

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

1  **KREINDLER & KREINDLER LLP**
2  Francis G. Fleming (State Bar No. 004375)
   Robert J. Spragg (*pro hac vice* pending)
3  750 Third Avenue
   New York, New York 10017
4  Telephone:  (212) 687-8181
   Facsimile:  (212) 972-9432
5  Email: ffleming@kreindler.com
6  Email: rspragg@kreindler.com

FILED 5:00pm
FEB - 3 2014
MICHAEL K. JEANES, Clerk
By D. Cady
D. Cady, Deputy

**ORIGINAL**

7  **CHRISTIAN DICHTER & SLUGA, P.C.**
8  Stephen M. Dichter (State Bar No. 004043)
   Jeffrey O. Hutchins, (State Bar No. 027310)
9  2700 North Central Avenue, Suite 1200
   Phoenix, Arizona 85004
10 Telephone:  (602) 792-1700
11 Facsimile:  (602) 792-1710
   Email: sdichter@cdslawfirm.com
12 Email: jhutchins@cdslawfirm.com
13 Send Court Documents to:  courtdocs@cdslawfirm.com

14 *Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of*
   *the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next*
15 *of kin of JAMES DONALD BAILLIE, II, deceased*

16 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

17 **IN AND FOR THE COUNTY OF MARICOPA**

18 LINDA ANN BAILLIE, Individually, and as ) Case No. CV2014-004544
19 Personal Representative of the Estate of    )
   JAMES DONALD BAILLIE, II, deceased,        )
20 and on behalf of all heirs and next of kin of )
   JAMES DONALD BAILLIE, II, deceased,         )
21                                              )  **SUMMONS** legal advice from a lawyer,
22                Plaintiff,                    )  contact the Lawyer Referral Service at
   v.                                           )           602-257-4434
23                                              )               or
   MEDAIRE, INC.,                               )      www.maricopalawyers.org
24 STEVEN JOE REINHART, D.O., JESSICA )           Sponsored by the
   MONAS, M.D.,                                 )   Maricopa County Bar Association
25 RATAN K. VERMA, M.D. and                     )
26 BRITISH AIRWAYS PLC,                         )
                                                )
27                Defendants                    )
                                                )
28

**THE STATE OF ARIZONA TO THE DEFENDANT:**

CT Corporation
c/o Medaire, Inc.
2390 East Camelback Road
Phoenix, Arizona 85016

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona-whether by direct service, by registered or certified mail, or by publication- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS Sections 20-222, 28-502,28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. Requests for reasonable accommodation for

2

persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file and answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney.   RCP 10(d); ARS Section 12-311; RCP5.

The name and address of Plaintiffs' attorneys are:

Francis G. Fleming
Kreindler & Kreindler, LLP
Robert J. Spragg
750 Third Avenue
New York, New York 10017
Telephone:  (212) 687-8181

Stephen M. Dichter
Jeffrey O. Hutchins
Christian Dichter & Sluga, PC
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone:  (602) 792-1700
Facsimile:  (602) 792-1710

SIGNED AND SEALED this date:   JAN 30 2014

MICHAEL K. JEANES, CLERK

Clerk:_____

By:_____
      Deputy Clerk

3

1

**KREINDLER & KREINDLER LLP**
Francis G. Fleming (State Bar No. 004375)

2
Robert J. Spragg (*pro hac vice* pending)

3
750 Third Avenue
New York, New York 10017

4
Telephone:  (212) 687-8181

5
Facsimile:  (212) 972-9432
Email: ffleming@kreindler.com

6
Email: rspragg@kreindler.com

FILED
FEB - 3 2014
MICHAEL K. JEANES, Clerk
By D. Cady
D. Cady, Deputy

ORIGINAL

7

**CHRISTIAN DICHTER & SLUGA, P.C.**

8
Stephen M. Dichter (State Bar No. 004043)
Jeffrey O. Hutchins, (State Bar No. 027310)

9
2700 North Central Avenue, Suite 1200

10
Phoenix, Arizona 85004
Telephone: (602) 792-1700

11
Facsimile:  (602) 792-1710
Email: sdichter@cdslawfirm.com

12
Email: jhutchins@cdslawfirm.com

13
Send Court Documents to:  courtdocs@cdslawfirm.com

14
*Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of*

15
*the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased*

16
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

17
**IN AND FOR THE COUNTY OF MARICOPA**

18
LINDA ANN BAILLIE, Individually, and as )

19
Personal Representative of the Estate of )
JAMES DONALD BAILLIE, II, deceased, )

20
and on behalf of all heirs and next of kin of )

21
JAMES DONALD BAILLIE, II, deceased, )

Case No.: CV2014-004544

22
Plaintiff, )

**SUMMONS**

v. )

23

24
MEDAIRE, INC., )
STEVEN JOE REINHART, D.O., JESSICA )

25
MONAS, M.D., )
RATAN K. VERMA, M.D. and )

26
BRITISH AIRWAYS PLC, )

If you would like legal advice from a lawyer
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

27
Defendants )

28

**THE STATE OF ARIZONA TO THE DEFENDANT:**

CT Corporation
c/o British Airways
2390 East Camelback Road
Phoenix, Arizona 85016

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within

the time applicable in this action in this court.  If served within Arizona, you shall appear

and defend within 20 days after the service of the Summons and Complaint upon you,

exclusive of the day of service.  If served out of the State of Arizona-whether by direct

service, by registered or certified mail, or by publication- you shall appear and defend

within 30 days after the service of the Summons and Complaint upon you is complete,

exclusive of the day of service.  Where process is served upon the Arizona Director of

Insurance as an insurer's attorney to receive service of legal process against it in this

state, the insurer shall not be required to appear, answer or plead until expiration of 40

days after date of such service upon the Director.  Service by registered or certified mail

without the State of Arizona is complete 30 days after the date of filing the receipt and

affidavit of service with the court.  Service by publication is complete 30 days after the

date of first publication.   Direct service is complete when made.  Service upon the

Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of

Compliance and return receipt or Officer's Return. RCP 4; ARS Sections 20-222, 28-

502,28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and

defend within the time applicable, judgment by default may be rendered against you for

the relief demanded in the Complaint.   Requests for reasonable accommodation for

1   persons with disabilities must be made to the court by parties at least 3 working days in

2   advance of a scheduled court proceeding.

3
        **YOU ARE CAUTIONED** that in order to appear and defend, you must file and

4
5   answer or proper response in writing with the Clerk of this Court, accompanied by the

6   necessary filing fee, within the time required, and you are required to serve a copy of any

7   Answer or response upon the plaintiff's attorney.   RCP 10(d); ARS Section 12-311;

8   RCP5.

9
        The name and address of Plaintiffs' attorneys are:
10

11              Francis G. Fleming
                Kreindler & Kreindler, LLP
12              Robert J. Spragg
                750 Third Avenue
13              New York, New York 10017
14              Telephone:  (212) 687-8181

15              Stephen M. Dichter
16              Jeffrey O. Hutchins
                Christian Dichter & Sluga, PC
17              2700 North Central Avenue, Suite 1200
                Phoenix, Arizona 85004
18              Telephone:  (602) 792-1700
19              Facsimile:  (602) 792-1710

20

21                          SIGNED AND SEALED this date:     JAN 3 0 2014,

22                          Clerk: MICHAEL K. JEANES, CLERK

23                          By: S. Mejia
24                              Deputy Clerk
25
26
27
28

3

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

14 FEB -4 AM 9: 55

| Inv. # | |
|---|---|
| 97579 | |

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**LINDA ANN BAILLIE; et al.**

FILED
BY *Ellison* , DEP.

Plaintiff / Petitioner,

vs.

**MEDAIRE, INC.; et al.**

Defendant / Respondent.

NO.  **CV2014-004544**

AMENDED CERTIFICATE OF SERVICE

<u>Geoffrey Roberts</u> , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from _____ **Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.** _____ on _____ **1/30/14** _____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:    **BRITISH AIRWAYS PLC, INC.c/o CT Corporation Systems**

DATE & TIME:    1/30/14 2:55pm
PLACE &              2390 E. CAMELBACK ROAD  PHOENIX, AZ 85016, which is his/her place of business.
MANNER:            By serving Duc Le, Customer Service Representative, a person authorized to accept such service on their behalf, in person.

Description of the Named: Male, Age: 30's, Ht: 5' 9in., Wt: 197, Eyes: brown, Hair: black, Ethnicity: Asian

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | $24.00 |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $50.00 |
| Total | $124.00 |

RUSH SERVICE

Affiant - Registered in
Maricopa County

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

FILED
2/10/14 @ 1028am
MICHAEL K. JEANES, Clerk
By ___S. Mejia___
Deputy

MICHAEL K. JEANES. CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

Inv. #
**97581**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**LINDA ANN BAILLIE; et al.**

                                                     **Plaintiff / Petitioner,**

    vs.

**MEDAIRE, INC.; et al.**

                                                     **Defendant / Respondent.**

NO.  **CV2014-004544**
CERTIFICATE OF NON-SERVICE OF
PROCESS BY A PRIVATE PERSON

**Geoffrey Roberts**                        , the undersigned certifies under penalty of perjury:  That I am
fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and
received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE
CONCERNING EXPERT TESTIMONY**

from ____**Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.**____ on ___**1/30/14**___ ;
Affiant states that I made due and diligent search within Maricopa County, Arizona, by performing each of the
acts set forth below, indicated by 'X' and that s/he has been unable to locate the defendant(s) named below
within Maricopa County, Arizona:

**NAMED DEFENDANTS:     JESSICA MONAS, M.D.**

☐  Searched local telephone directories and Information Service

☐  Inquired of the U.S. Post Office concerning forwarding address

☐  Inquired of last known residence of defendants

☐  Inquired of neighbors at last known residence

☒  Other:

1/30/14@3:40pm  1300 N. 12th Street, Phoenix, 85006  They are unable to accept service at this location.  1/30/14@4:05pm  1111 E.
McDowell Road, Phoenix, 85006  They can not accept service at this location.  Service must go through the Legal Department.
1/30/14@4:15pm  Legal Department is gone for the day.  1/31/14@12:35pm  Jessica Monas, M.D. is not affiliated with Banner.  They are not
authorized to accept service for her.  I called the client and updated the status.  Per client, hold service.  2/6/14  Per client, RTA docs.

**Statement of Costs**

| | |
|---|---|
| Services | |
| Mileage | |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | **$10.00** |

Affiant - Registered in
Maricopa County

**ORIGINAL**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

FILED
2/10/14 @ 1028am
MICHAEL K. JEANES, Clerk
By _____ Elena
Deputy

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

14 FEB 10 AM 10:28

Inv. #
_____
**97580**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**LINDA ANN BAILLIE; et al.**

                              **Plaintiff / Petitioner,**

   vs.

**MEDAIRE, INC.; et al.**

                              **Defendant / Respondent.**

NO.  **CV2014-004544**

CERTIFICATE OF NON-SERVICE OF
PROCESS BY A PRIVATE PERSON

**Geoffrey Roberts**_____, the undersigned certifies under penalty of perjury: That I am
fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and
received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE
CONCERNING EXPERT TESTIMONY**

from _____**Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.**_____ on _____**1/30/14**_____ ;

Affiant states that I made due and diligent search within Maricopa County, Arizona, by performing each of the
acts set forth below, indicated by 'X' and that s/he has been unable to locate the defendant(s) named below
within Maricopa County, Arizona:

**NAMED DEFENDANTS:**    **STEVEN JOE REINHART, D.O.**

- [ ] Searched local telephone directories and Information Service
- [ ] Inquired of the U.S. Post Office concerning forwarding address
- [ ] Inquired of last known residence of defendants
- [ ] Inquired of neighbors at last known residence
- [x] Other:

1/30/14@3:40pm  1300 N. 12th Street, Phoenix, 85006  They are unable to accept service at this location.  1/30/14@4:05pm  1111 E.
McDowell Road, Phoenix, 85006  They can not accept service at this location.  Service must go through the Legal Department.
1/30/14@4:15pm  Legal Department is gone for the day.  1/31/14@12:35pm  Steven Joe Reinhart, D.O. is not affiliated with Banner.  They
are not authorized to accept service for her.  I called the client and updated the status.  Per client, hold service.  2/6/14  Per client, RTA docs.

**Statement of Costs**

| | |
|---|---|
| Services | |
| Mileage | $72.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $50.00 |
| **Total** | **$132.00** |

RUSH SERVICE

Affiant - Registered in
Maricopa County

**ORIGINAL**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY
2/19/14
14 FEB 20 AM 10: 49

Inv. #

97839

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

LINDA ANN BAILLIE; et al.

Plaintiff / Petitioner,

vs.

MEDAIRE, INC.; et al.

Defendant / Respondent.

FILED
BY M. MEJIA, DEP.

NO.  CV2014-004544

CERTIFICATE OF SERVICE

Linda R. Rizer _____, the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from _____ **Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.** _____ on _____ **2/14/14** _____;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   **STEVEN JOE REINHART, D.O.**

DATE & TIME:   2/15/14 11:30am
PLACE &          330 W. KALER DRIVE  PHOENIX, AZ 85021, which is his/her usual place of abode.
MANNER:       In person.

Description of the Named: Male, Age: 40's, Ht: 5' 7in., Wt: 150, Eyes: sunglasses, Hair: brown, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $81.00 |
| Total | $131.00 |

SKIP TRACE, MVD COSTS

Affiant - Registered in

**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #5
DOCUMENT DEPOSITORY

14 FEB 19  AM 10: 49

| Inv. # | |
|---|---|
| 97840 | |

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

LINDA ANN BAILLIE; et al.

                                 **Plaintiff / Petitioner,**

vs.

MEDAIRE, INC.; et al.

                              **Defendant / Respondent.**

FILED
BY M. MEJIA, DEP.

NO.  CV2014-004544

CERTIFICATE OF SERVICE

Linda R. Rizer                    , the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072; to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from     **Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.**     on     **2/14/14**    ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   **JESSICA MONAS, M.D.**

DATE & TIME:  2/15/14 8:32pm
PLACE &       11209 N. ST. ANDREWS WAY  SCOTTSDALE, AZ 85254, which is his/her usual place of abode.
MANNER:     In person.

Description of the Named: Female, Age: 30's, Ht: 5' 7in., Wt: 120, Eyes: green, Hair: brown, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $45.60 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $81.00 |
| Total | $152.60 |

SKIP TRACE, MVD COSTS

Affiant - Registered in

**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
S. Dignard, Deputy
2/19/2014 1:44:00 PM
Filing ID 5716795

J. Gary Linder, Esq.
JONES, SKELTON & HOCHULI P.L.C.
2901 N Central Ave. Suite 800
Phoenix, Arizona  85012
Tel.: (602) 235-7106
Fax: (602) 200-7883

- and -

Scott D. Cunningham
Anthony U. Battista
Ivy L. Nowinski
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Tel.: (310) 557-2030
Fax:  (310) 557-1299

Attorneys for Defendant
BRITISH AIRWAYS PLC

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEDAIRE, INC., STEVEN JOE REINHART, D.O., JESSICA MONAS, M.D., RATAN K. VERMA, M.D., and BRITISH AIRWAYS PLC,<br><br>Defendants. | Case No.  CV2014 -004544<br><br><br>**ANSWER OF DEFENDANT BRITISH AIRWAYS PLC** |

Defendant BRITISH AIRWAYS PLC (hereinafter "BA"), by and through its attorneys JONES, SKELTON & HOCHULI, P.L.C. and CONDON & FORSYTH LLP, hereby Answers the Complaint as follows:

## AS TO THE PARTIES

1.      BA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.     BA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.     BA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.     BA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except BA admits that Ratan K. Verma was traveling as a passenger onboard flight number BA 289, from London Heathrow Airport to Phoenix Sky Harbor Airport, on March 23, 2012.

5.     BA denies the allegations in paragraph 5 of the Complaint, except BA admits that BA is a foreign corporation duly organized and existing under the laws of the United Kingdom of Great Britain and Northern Ireland, with its principal place of business located in Harmondsworth, Middlesex, England and engages in the business of international carriage of passengers by air and operates flights to and from various states in the United States, including the state of Arizona, pursuant to a foreign air carrier operating permit issued by the United States Department of Transportation. BA also admits that it operated flight number BA 289 from London, England to Phoenix, Arizona on March 23, 2012.

6.     BA denies the allegations in paragraph 6 of the Complaint, except admits that this action arises under the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999, (entered into force on November 4, 2003), S. Treaty Doc. 106-45, 1999 WL 33292734, 2242 U.N.T.S. 350 (2000), codified at 49 U.S.C. § 40105 note 3 (the "Montreal Convention").

7.     The allegations in paragraph 7 of the Complaint are legal conclusions which do not require a response, and BA makes no response thereto.  To the extent that the allegations in paragraph 7 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

-2-

8.     BA denies the allegations in paragraph 8 of the Complaint, except BA admits that it operated BA flight number BA 289 from London, England to Phoenix, Arizona on March 23, 2012, and that MedAire, Inc. provides remote medical assistance to BA, and that MedAire, Inc. provided such assistance in connection with a medical incident involving Mr. James Donald Baillie, II onboard flight BA 289 on March 23, 2012.

9.     BA denies the allegations in paragraph 9 of the Complaint, except BA admits that on or about March 23, 2012, James Donald Baillie was a ticketed passenger on flight number BA 289 from London, England to Phoenix, Arizona.

10.    The allegations in paragraph 10 of the Complaint are not directed at BA, and BA makes no response thereto.  To the extent that the allegations in paragraph 10 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

11.    The allegations in paragraph 11 of the Complaint are not directed at BA, and BA makes no response thereto.  To the extent that the allegations in paragraph 11 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

### AS TO THE FIRST CAUSE OF ACTION FOR DAMAGES
### AGAINST BRITIH AIRWAYS BY PLAINTIFFS' DECEDENT

12.    Answering the allegations in paragraph 12 of the Complaint, BA repeats, reiterates and re-alleges each and every answer contained in paragraphs 1 through 11, inclusive, of this answer with the same force and effect as if set forth herein in full.

13.    BA denies the allegations in paragraph 13 of the Complaint.

14.    BA denies the allegations in paragraph 14 of the Complaint.

15.    BA denies the allegations in paragraph 15 of the Complaint.

16.    BA denies the allegations in paragraph 16 of the Complaint, except BA admits that it first contacted MedAire, Inc. to for advice and guidance with respect to Mr. Baillie's condition at 1845 GMT on March 23, 2012.

-3-

17.    BA denies the allegations in paragraph 17 of the Complaint.

18.    The allegations in paragraph 18 of the Complaint are not directed at BA, and BA makes no response thereto.  To the extent that the allegations in paragraph 18 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

19.    BA denies the allegations in paragraph 19 of the Complaint.

20.    BA denies the allegations in paragraph 20 of the Complaint.

21.    BA denies the allegations in paragraph 21 of the Complaint.

22.    BA denies the allegations in paragraph 22 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION FOR DAMAGES
AGAINST DEFENDANTS VERMA, REINHART, AND
MONAS BY PLAINTIFF LINDA ANN BAILLIE**

23.    Answering the allegations in paragraph 23 of the Complaint, BA repeats, reiterates and re-alleges each and every answer contained in paragraphs 1 through 22, inclusive, of this answer with the same force and effect as if set forth herein in full.

24.    BA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    BA denies the allegations contained in paragraph 25 of the Complaint.

26.    BA denies the allegations contained in paragraph 26 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

27.    Plaintiffs' claims are exclusively governed by the Montreal Convention, a treaty of the United States.

**SECOND AFFIRMATIVE DEFENSE**

28.    BA is not liable to plaintiffs because the alleged damages complained of were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

/ /

/ /

-4-

### THIRD AFFIRMATIVE DEFENSE

29.   The damages alleged in the Complaint were caused or contributed to by plaintiffs' decedent's negligence or other wrongful acts or omissions, and BA is entitled to be wholly or partly exonerated from liability in proportion to plaintiffs' decedent's fault, in accordance with Article 20 of the Montreal Convention.

### FOURTH AFFIRMATIVE DEFENSE

30.   BA's liability, if any, for plaintiffs' alleged injuries and damages is limited by Article 21 of the Montreal Convention because plaintiffs' alleged injuries and damages were not due to the negligence or other wrongful acts or omissions of BA or its servants or agents and/or were solely due to the negligence or other wrongful acts or omissions of a third party.

### FIFTH AFFIRMATIVE DEFENSE

31.   BA denies that plaintiffs are entitled to recover any damages from BA arising from the death of plaintiffs' decedent, but to the extent that plaintiffs may be entitled to recover damages, BA's liability for plaintiffs' damages is limited by Article 21 of the Montreal Convention to the sum of 113,100 SDRs.

### SIXTH AFFIRMATIVE DEFENSE

32.   BA's liability, if any, with respect to plaintiffs' alleged damages is further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

### SEVENTH AFFIRMATIVE DEFENSE

33.   Plaintiffs' alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 *et seq.*, now re-codified and incorporated into 49 U.S.C. § 40101 *et seq.*), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

/ /

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' alleged damages are limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)).  *See Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 3d 933 (2008); *Air Transport Association of America v. Cuomo*, 520 F.3d 218 (2d Cir. 2008).

## NINTH AFFIRMATIVE DEFENSE

35.    The Complaint and each and every cause of action alleged in the Complaint are barred, in whole or in part, because BA's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## TENTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' Complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

37.    The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than BA; however, in the event that a finding is made that negligence exists on the part of BA, which proximately contributed to the damages alleged in the Complaint, BA's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which plaintiffs seek recovery.

## TWELFTH AFFIRMATIVE DEFENSE

38.    The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful

-6-

acts or omissions of persons or entities other than BA; however, in the event that a finding is made that liability exists on the part of BA, BA is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

### THIRTEENTH AFFIRMATIVE DEFENSE

39.    The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by BA.

### FOURTEENTH AFFIRMATIVE DEFENSE

40.    Plaintiffs' alleged damages, if any, should be barred or limited as a result of the failure of plaintiffs and plaintiff's decedent to take reasonable steps to mitigate their damages.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

41.    The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities that BA had no control over at any time relevant hereto.

### SIXTEENTH AFFIRMATIVE DEFENSE

42.    Venue is improper in the state of Arizona under the doctrine of *forum non conveniens.*

### SEVENTEENTH AFFIRMATIVE DEFENSE

43.    Plaintiff's Complaint is barred because plaintiffs lack the standing and/or capacity to bring this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

44.    The incident alleged in the Complaint, and the injuries and damages plaintiffs allege they sustained, were not proximately caused by an act or omission on the part of BA.

-7-

## NINETEENTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' Complaint is barred because plaintiffs' decedent knowingly, voluntarily and freely assumed the risk or hazard of all activities alleged in plaintiff's Complaint, and each alleged cause of action contained therein, which assumption of risk or hazard was the proximate cause of plaintiffs' alleged damages, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

46.    Plaintiffs' claims are barred because plaintiffs' decedent failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such danger existed.

## RULE 44.1 NOTICE

47.    Pursuant to Rule 44.1 of the Arizona Rules of Civil Procedure, BA hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, defendant BRITISH AIRWAYS PLC respectfully requests that plaintiffs take nothing by this action against BRITISH AIRWAYS PLC, that the action against BRITISH AIRWAYS PLC be dismissed with prejudice and that the Court grant to BRITISH AIRWAYS PLC costs and other relief as it deems just and proper.

Dated:        February 19, 2014
              Phoenix, Arizona

                            JONES, SKELTON & HOCHULI P.L.C.

                            By: /s/ J. Gary Linder
                                J. Gary Linder, Esq.
                                2901 N Central Ave. Suite 800
                                Phoenix, Arizona  85012
                                Tel.: (602) 235-7106
                                Fax: (602) 200-7883

                                    - and -

-8-

1                                             Scott D. Cunningham
                                               Anthony U. Battista

2                                             Ivy L. Nowinski
                                             CONDON & FORSYTH LLP

3                                             1901 Avenue of the Stars, Suite 850
                                             Los Angeles, California 90067-6010

4                                             Tel.: (310) 557-2030
                                             Fax:  (310) 557-1299

5

6                                             Attorneys for Defendant
                                             BRITISH AIRWAYS PLC

7

8   ORIGINAL of the foregoing filed
     this 19th day of February, 2014.

9

10  COPY of the foregoing mailed
     this 19th day of February, 2014, to:

11  Stephen M. Dichter
     Jeffrey O' Hutchins

12  Christian Dichter & Sluga, P.C.
     2700 North Central Avenue

13  Suite 1200
     Phoenix, AZ 85004

14  Attorneys for Plaintiffs

15  Francis G. Fleming
     Robert J. Spragg

16  Kreindler & Kreindler, LLP
     750 Third Avenue

17  New York, New York 10017
     Attorneys for Plaintiffs'

18

19

20

21  /s/Amy Ebanks

22

23

24

25

26

27

28

-9-

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
E. Hailes, Deputy
2/19/2014 1:47:00 PM
Filing ID 5716829

1   J. Gary Linder, Bar #020552
    JONES, SKELTON & HOCHULI, P.L.C.
2   2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
3   Telephone:  (602) 235-7106
    Fax:  (602) 200-7883
4   glinder@jshfirm.com
    minuteentries@jshfirm.com
5
    Attorneys for Defendant British Airways
6

7              SUPERIOR COURT OF THE STATE OF ARIZONA

8                       COUNTY OF MARICOPA

9   LINDA ANN BAILLIE, Individually, and as          NO. CV2014-004544
    Personal Representative of the Estate of
10  JAMES DONALD BAILLIE, II, deceased,              CERTIFICATE OF
    and on behalf of all heirs and next of kin of    COMPULSORY ARBITRATION
11  JAMES DONALD BAILLIE, II, deceased,
                                                     (Assigned to the Honorable Douglas
12                                  Plaintiffs,       Rayes)

13          v.

14  MEDAIR, INC., STEVEN JOE REINHART,
    D.O., JESSICA MONAS, M.D., RATAN K.
15  VERMA, M.D. and BRITISH AIRWAYS
    PLC, INC.,
16
                                   Defendants.
17

18

19          Defendant, British Airways, through counsel undersigned, agrees that this

20  matter is **not** subject to compulsory arbitration.

21          DATED this 19th day of February, 2014.

22                              JONES, SKELTON & HOCHULI, P.L.C.

23

24                              By /s/J. Gary Linder
                                   J. Gary Linder
25                                 2901 North Central Avenue, Suite 800
                                   Phoenix, Arizona  85012
26                                 Attorneys for Defendant British Airways

27

28
    3542500.1

1    ORIGINAL of the foregoing filed
     this 19th day of February, 2014.
2
     COPY of the foregoing mailed
3    this 19th day of February, 2014, to:

4    Stephen M. Dichter
     Jeffrey O. Hutchins
5    Christian Dichter & Sluga, P.C.
     2700 North Central Avenue
6    Suite 1200
     Phoenix, AZ 85004
7    Attorneys for Plaintiffs

8    Francis G. Fleming
     Robert J. Spragg
9    Kreindler & Kreindler, LLP
     750 Third Avenue
10   New York, New York 10017
     Attorneys for Plaintiffs
11
     /s/Amy Ebanks
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3542500.1                                    2

EXHIBIT "C"

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
S. Dignard, Deputy
2/19/2014 1:44:00 PM
Filing ID 5716795

J. Gary Linder, Esq.
JONES, SKELTON & HOCHULI P.L.C.
2901 N Central Ave. Suite 800
Phoenix, Arizona  85012
Tel.: (602) 235-7106
Fax: (602) 200-7883

- and -

Scott D. Cunningham
Anthony U. Battista
Ivy L. Nowinski
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Tel.: (310) 557-2030
Fax:  (310) 557-1299

Attorneys for Defendant
BRITISH AIRWAYS PLC

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEDAIRE, INC., STEVEN JOE REINHART, D.O., JESSICA MONAS, M.D., RATAN K. VERMA, M.D., and BRITISH AIRWAYS PLC,<br><br>Defendants. | Case No.  CV2014 -004544<br><br><br>**ANSWER OF DEFENDANT BRITISH AIRWAYS PLC** |

Defendant BRITISH AIRWAYS PLC (hereinafter "BA"), by and through its attorneys JONES, SKELTON & HOCHULI, P.L.C. and CONDON & FORSYTH LLP, hereby Answers the Complaint as follows:

## AS TO THE PARTIES

1.      BA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      BA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      BA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      BA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except BA admits that Ratan K. Verma was traveling as a passenger onboard flight number BA 289, from London Heathrow Airport to Phoenix Sky Harbor Airport, on March 23, 2012.

5.      BA denies the allegations in paragraph 5 of the Complaint, except BA admits that BA is a foreign corporation duly organized and existing under the laws of the United Kingdom of Great Britain and Northern Ireland, with its principal place of business located in Harmondsworth, Middlesex, England and engages in the business of international carriage of passengers by air and operates flights to and from various states in the United States, including the state of Arizona, pursuant to a foreign air carrier operating permit issued by the United States Department of Transportation. BA also admits that it operated flight number BA 289 from London, England to Phoenix, Arizona on March 23, 2012.

6.      BA denies the allegations in paragraph 6 of the Complaint, except admits that this action arises under the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999, (entered into force on November 4, 2003), S. Treaty Doc. 106-45, 1999 WL 33292734, 2242 U.N.T.S. 350 (2000), codified at 49 U.S.C. § 40105 note 3 (the "Montreal Convention").

7.      The allegations in paragraph 7 of the Complaint are legal conclusions which do not require a response, and BA makes no response thereto.  To the extent that the allegations in paragraph 7 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

-2-

8.    BA denies the allegations in paragraph 8 of the Complaint, except BA admits that it operated BA flight number BA 289 from London, England to Phoenix, Arizona on March 23, 2012, and that MedAire, Inc. provides remote medical assistance to BA, and that MedAire, Inc. provided such assistance in connection with a medical incident involving Mr. James Donald Baillie, II onboard flight BA 289 on March 23, 2012.

9.    BA denies the allegations in paragraph 9 of the Complaint, except BA admits that on or about March 23, 2012, James Donald Baillie was a ticketed passenger on flight number BA 289 from London, England to Phoenix, Arizona.

10.    The allegations in paragraph 10 of the Complaint are not directed at BA, and BA makes no response thereto.  To the extent that the allegations in paragraph 10 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

11.    The allegations in paragraph 11 of the Complaint are not directed at BA, and BA makes no response thereto.  To the extent that the allegations in paragraph 11 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

### AS TO THE FIRST CAUSE OF ACTION FOR DAMAGES
### AGAINST BRITIH AIRWAYS BY PLAINTIFFS' DECEDENT

12.    Answering the allegations in paragraph 12 of the Complaint, BA repeats, reiterates and re-alleges each and every answer contained in paragraphs 1 through 11, inclusive, of this answer with the same force and effect as if set forth herein in full.

13.    BA denies the allegations in paragraph 13 of the Complaint.

14.    BA denies the allegations in paragraph 14 of the Complaint.

15.    BA denies the allegations in paragraph 15 of the Complaint.

16.    BA denies the allegations in paragraph 16 of the Complaint, except BA admits that it first contacted MedAire, Inc. to for advice and guidance with respect to Mr. Baillie's condition at 1845 GMT on March 23, 2012.

-3-

17.    BA denies the allegations in paragraph 17 of the Complaint.

18.    The allegations in paragraph 18 of the Complaint are not directed at BA, and BA makes no response thereto.  To the extent that the allegations in paragraph 18 of the Complaint may be construed to state a claim against BA, BA denies the allegations.

19.    BA denies the allegations in paragraph 19 of the Complaint.

20.    BA denies the allegations in paragraph 20 of the Complaint.

21.    BA denies the allegations in paragraph 21 of the Complaint.

22.    BA denies the allegations in paragraph 22 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION FOR DAMAGES AGAINST DEFENDANTS VERMA, REINHART, AND MONAS BY PLAINTIFF LINDA ANN BAILLIE

23.    Answering the allegations in paragraph 23 of the Complaint, BA repeats, reiterates and re-alleges each and every answer contained in paragraphs 1 through 22, inclusive, of this answer with the same force and effect as if set forth herein in full.

24.    BA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    BA denies the allegations contained in paragraph 25 of the Complaint.

26.    BA denies the allegations contained in paragraph 26 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

27.    Plaintiffs' claims are exclusively governed by the Montreal Convention, a treaty of the United States.

### SECOND AFFIRMATIVE DEFENSE

28.    BA is not liable to plaintiffs because the alleged damages complained of were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

/ /

/ /

-4-

### THIRD AFFIRMATIVE DEFENSE

29.    The damages alleged in the Complaint were caused or contributed to by plaintiffs' decedent's negligence or other wrongful acts or omissions, and BA is entitled to be wholly or partly exonerated from liability in proportion to plaintiffs' decedent's fault, in accordance with Article 20 of the Montreal Convention.

### FOURTH AFFIRMATIVE DEFENSE

30.    BA's liability, if any, for plaintiffs' alleged injuries and damages is limited by Article 21 of the Montreal Convention because plaintiffs' alleged injuries and damages were not due to the negligence or other wrongful acts or omissions of BA or its servants or agents and/or were solely due to the negligence or other wrongful acts or omissions of a third party.

### FIFTH AFFIRMATIVE DEFENSE

31.    BA denies that plaintiffs are entitled to recover any damages from BA arising from the death of plaintiffs' decedent, but to the extent that plaintiffs may be entitled to recover damages, BA's liability for plaintiffs' damages is limited by Article 21 of the Montreal Convention to the sum of 113,100 SDRs.

### SIXTH AFFIRMATIVE DEFENSE

32.    BA's liability, if any, with respect to plaintiffs' alleged damages is further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

### SEVENTH AFFIRMATIVE DEFENSE

33.    Plaintiffs' alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 *et seq.*, now re-codified and incorporated into 49 U.S.C. § 40101 *et seq.*), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

/ /

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' alleged damages are limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)).  *See Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 3d 933 (2008); *Air Transport Association of America v. Cuomo*, 520 F.3d 218 (2d Cir. 2008).

## NINTH AFFIRMATIVE DEFENSE

35.    The Complaint and each and every cause of action alleged in the Complaint are barred, in whole or in part, because BA's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## TENTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' Complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

37.    The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than BA; however, in the event that a finding is made that negligence exists on the part of BA, which proximately contributed to the damages alleged in the Complaint, BA's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which plaintiffs seek recovery.

## TWELFTH AFFIRMATIVE DEFENSE

38.    The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful

-6-

acts or omissions of persons or entities other than BA; however, in the event that a finding is made that liability exists on the part of BA, BA is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.   The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by BA.

## FOURTEENTH AFFIRMATIVE DEFENSE

40.   Plaintiffs' alleged damages, if any, should be barred or limited as a result of the failure of plaintiffs and plaintiff's decedent to take reasonable steps to mitigate their damages.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

41.   The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities that BA had no control over at any time relevant hereto.

## SIXTEENTH AFFIRMATIVE DEFENSE

42.   Venue is improper in the state of Arizona under the doctrine of *forum non conveniens*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

43.   Plaintiff's Complaint is barred because plaintiffs lack the standing and/or capacity to bring this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

44.   The incident alleged in the Complaint, and the injuries and damages plaintiffs allege they sustained, were not proximately caused by an act or omission on the part of BA.

-7-

### NINETEENTH AFFIRMATIVE DEFENSE

45.     Plaintiffs' Complaint is barred because plaintiffs' decedent knowingly, voluntarily and freely assumed the risk or hazard of all activities alleged in plaintiff's Complaint, and each alleged cause of action contained therein, which assumption of risk or hazard was the proximate cause of plaintiffs' alleged damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

46.     Plaintiffs' claims are barred because plaintiffs' decedent failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such danger existed.

### RULE 44.1 NOTICE

47.     Pursuant to Rule 44.1 of the Arizona Rules of Civil Procedure, BA hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, defendant BRITISH AIRWAYS PLC respectfully requests that plaintiffs take nothing by this action against BRITISH AIRWAYS PLC, that the action against BRITISH AIRWAYS PLC be dismissed with prejudice and that the Court grant to BRITISH AIRWAYS PLC costs and other relief as it deems just and proper.

Dated:          February 19, 2014
                Phoenix, Arizona

                                        JONES, SKELTON & HOCHULI P.L.C.

                                        By: /s/J. Gary Linder
                                            J. Gary Linder, Esq.
                                            2901 N Central Ave. Suite 800
                                            Phoenix, Arizona  85012
                                            Tel.: (602) 235-7106
                                            Fax: (602) 200-7883

                                            - and -

-8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Scott D. Cunningham
Anthony U. Battista
Ivy L. Nowinski
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Tel.: (310) 557-2030
Fax:  (310) 557-1299

Attorneys for Defendant
BRITISH AIRWAYS PLC

ORIGINAL of the foregoing filed
this 19th day of February, 2014.

COPY of the foregoing mailed
this 19th day of February, 2014, to:

Stephen M. Dichter
Jeffrey O' Hutchins
Christian Dichter & Sluga, P.C.
2700 North Central Avenue
Suite 1200
Phoenix, AZ 85004
Attorneys for Plaintiffs

Francis G. Fleming
Robert J. Spragg
Kreindler & Kreindler, LLP
750 Third Avenue
New York, New York 10017
Attorneys for Plaintiffs'

/s/Amy Ebanks

-9-

EXHIBIT "D"

1  Gretchen M. Nelson (112566)
   gnelson@kreindler.com
2  Nicole C. Andersen (281218)
   nandersen@kreindler.com
3  KREINDLER & KREINDLER LLP
   707 Wilshire Blvd., Suite 3600
4  Los Angeles, CA 90017
   Tel.: (213) 622-6469
5  Fax: (213) 622-6019

6  Robert J. Spragg
   rspragg@kreindler.com
7  Francis G. Fleming, Jr.
   ffleming@kreindler.com
8  KREINDLER & KREINDLER LLP
   750 Third Avenue, 32nd Floor
9  New York, NY 10017
   Tel.: (212) 687-8181
10 Fax: (212) 972-9432

11 *Attorneys for Plaintiff*

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14 ----------------------------------------x

15 LINDA ANN BAILLIE, individually, as       CV13- 4681 SVW(PZx)
   Personal Representative of the Estate of
   JAMES DONALD BAILLIE, II, and on          Cv. No.
16 behalf of all heirs and next of kin of JAMES
   DONALD BAILLIE, II, deceased,

17                             Plaintiff,     **COMPLAINT**

18          v.                                Plaintiff Demands Trial by Jury

19 BRITISH AIRWAYS PLC,

20                             Defendant.
   ----------------------------------------x

21

22      Plaintiff, by her attorneys, Kreindler & Kreindler LLP, respectfully alleges:

23          **THE PARTIES AND JURISDICTION**

24      1.    This action seeks damages on behalf of plaintiff, the heirs and next of

25 kin of James Donald Baillie, II, and the Estate of James Donald Baillie, II, for the

26 personal injuries and wrongful death of James Donald Baillie, II, who died on July

27

28

                                    -1-

1   1, 2012 as a result of an accident, under the Montreal Convention, he suffered on

2   British Airways Flight 289 on March 23, 2012.

3

4           2.     Plaintiff Linda Ann Baillie is a citizen of the State of Arizona and the

5   wife of decedent James Donald Baillie, II, and was appointed the duly authorized

6   Personal Representative of the Estate of James Donald Baillie, II, on August 29,

7   2012, pursuant to Letters of Personal Representative issued by the Superior Court

8

9   of Maricopa County, Arizona.

10          3.     Plaintiff's decedent James Donald Baillie, II, was also a citizen of the

11  State of Arizona.

12

13          4.     Defendant British Airways Plc ("British Airways") is a corporation

14  duly organized and existing under the laws of United Kingdom with its principal

15  place of business in the United Kingdom.  Defendant British Airways is a common

16

17  carrier engaged in the business of transporting passengers by air and conducts

18  substantial business in the State of California and within this District at Los

19  Angeles International Airport and at its offices at 5600 West Century Boulevard,

20  #229, Los Angeles, CA 90045.

21

22          5.     Plaintiff's decedent James Donald Baillie, II, was injured while

23  traveling as a fare paying passenger on British Airways Flight 289 on March 23,

24  2012, under a contract of carriage purchased in the United States.

25

26          6.     Jurisdiction exists pursuant to 28 U.S.C. § 1331, by reason of a federal

27  question concerning the Convention for the Unification of Certain Rules for

28

-2-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

1   International Carriage by Air, May 28, 1999 (entered into force on November 4,

2   2003), reprinted in S. Treaty Doc. No. 106-45 (the "Montreal Convention"), in that

3
4   this action arises out of injuries sustained by a passenger on board an air carrier

5   engaged in international transportation by an aircraft for hire; the ticket contract

6
7   between the plaintiff and the air carrier was purchased in the United States in the

8   State of Arizona; the final place of destination, according to said ticket contract,

9   was in the United States in the State of Arizona; and the principal and permanent

10
11   residence of the plaintiff and plaintiff's decedent is in the United States in the State

12   of Arizona, where defendant British Airways operates services for the carriage of

13   passengers by air and maintains facilities related to its business of carriage of

14
15   passengers by air; and pursuant to 28 U.S.C. § 1332 diversity of citizenship in that

16   the plaintiff is a citizen and resident of the United States and defendant British

17   Airways is a citizen of the United Kingdom, and the amount in controversy exceeds

18
19   Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

20        7.   Personal jurisdiction is proper in this District because defendant

21   British Airways is qualified to do business in the State of California, operate its

22
23   aircraft from Los Angeles International Airport in this District, and has been doing

24   continuous and systematic business in the State of California and within this

25   District.

26        8.   Venue in the District satisfies the requirements of 28 U.S.C. § 1391, in

27
28   that, as set forth above, defendant British Airways conducts substantial business in

-3-

1    and is subject to personal jurisdiction in this District.

2    ## FIRST CAUSE OF ACTION FOR ABSOLUTE LIABILITY
3    ## UNDER THE MONTREAL CONVENTION

4    9.    Plaintiff hereby repeats, reiterates and realleges each and every

5    allegation contained in paragraphs 1 through 8 as if set forth herein at length.

6

7    10.    At all times herein mentioned, defendant British Airways was and is a

8    common carrier engaged in the business of transporting passengers for hire by air,

9    by and through its servants, agents and employees, and as such it owned, operated,

10

11   maintained and controlled a Boeing model 747-400 aircraft, which was operated as

12   British Airways Flight 289, a scheduled international passenger flight from London,

13   England to Phoenix, Arizona on March 23, 2012 (the "subject flight").

14

15   11.    On March 23, 2012, James Donald Baillie, II, was a fare paying

16   passenger on the subject flight, engaged in international transportation pursuant to

17   airline tickets on defendant British Airways for round-trip travel between Phoenix,

18   Arizona and London, England, with additional stops in Toulouse, France and

19

20   Munich, Germany; the tickets were issued in the United States by and for defendant

21   British Airways, were governed by the Montreal Convention and provided for

22   round-trip transportation from and to the United States, with agreed stopping places

23

24   outside the United States and with the ultimate destination of the United States.

25   12.    At all times mentioned herein, defendant British Airways maintained a

26   place of business in the United States through which the ticket for the subject flight

27

28   was issued, in that defendant British Airways had offices in the United States,

-4-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

1   issued the ticket for the subject flight in the United States and accepted payment

2   from James Donald Baillie, II, for the ticket for the subject flight in the United

3

4   States.

5       13.   By the terms of the Montreal Convention, defendant British Airways is

6   presumed liable for personal injuries suffered by James Donald Baillie, II, in

7

8   connection with the subject flight on account of any accident on board the aircraft.

9       14.   On March 23, 2012, James Donald Baillie, II, suffered severe physical

10  injuries as a result of an accident on board the subject flight when he experienced

11

12  chest pain immediately after having boarded the subject aircraft, reported his

13  condition to defendant British Airways' agents, employees and representatives

14  before take-off, and was instructed to remain on board the subject aircraft by

15

16  defendant British Airways' agents, employees and representatives; thereafter, the

17  subject aircraft departed London, England on its 10-hour international transatlantic

18  flight to Phoenix, Arizona, during which James Donald Baillie, II's condition

19

20  worsened significantly and he suffered a serious heart attack; defendant British

21  Airways knew of James Donald Baillie, II's serious medical condition throughout

22  the subject flight but it declined to render medical aid to him or divert the subject

23

24  flight to an airport at which James Donald Baillie, II, could be treated.

25      15.   As a result of defendant British Airway's failure to render prompt,

26  competent medical treatment to James Donald Baillie, II, and its failure to divert the

27  subject flight to an airport where he could receive emergency medical attention, his

28

-5-

1   medical condition and outcome were seriously and adversely affected.  James

2   Donald Baillie, II, was hospitalized in Phoenix, Arizona from March 23, 2012 until

3   he died on July 1, 2012.

4

5        16.    At all times mentioned herein, the accident suffered by James Donald

6   Baillie, II, on the subject flight was an unexpected and unusual event external to

7   James Donald Baillie, II, and defendant British Airways is liable under the

8   applicable provisions of the Montreal Convention for the damages sustained by

9   James Donald Baillie, II, his wife, plaintiff Linda Ann Baillie, his Estate and his

10

11  heirs and next of kin as a result of said accident.

12

13       17.    As a result of the foregoing, plaintiff Linda Ann Baillie, on her own

14  behalf, as Personal Representative of the Estate of James Donald Baillie, II, and on

15  behalf of the heirs and next of kin of James Donald Baillie, II, is entitled to recover

16  damages for loss of decedent's earnings, financial support, services, society, love,

17

18  consortium, companionship, comfort, care, nurture, protection, parental care,

19  advice, guidance, assistance and training, inheritance and/or net estate

20  accumulations of the decedent, survivors' grief and anguish, sorrow, stress, mental

21

22  suffering and pain and shock, together with the decedent's mental and physical pain

23  and suffering, lost future earnings, medical expenses, loss of enjoyment of life and

24  life's activities, funeral and burial expenses and other damages for which defendant

25

26  British Airways is presumed liable.

27

28       18.    By reason of the foregoing, and under the terms of the Montreal

-6-

1   Convention, plaintiff Linda Ann Baillie, individually, as the Personal

2   Representative of the Estate of James Donald Baillie, II, and on behalf of all heirs

3
4   and next of kin of James Donald Baillie, II, is entitled to recover compensatory

5   damages for their injuries and economic losses.

6       **WHEREFORE**, plaintiff Linda Ann Baillie, individually, as the Personal

7
8   Representative of the Estate of James Donald Baillie, II, and on behalf of all heirs

9   and next of kin of James Donald Baillie, II, demands judgment against defendant

10  British Airways for compensatory and special damages in amounts according to

11
12  proof at trial, together with interest, costs, and the disbursements of this action, and

13  for other such and further relief as the Court deems just and proper.

14                          **JURY DEMAND**

15
16      Plaintiff demands a trial by jury.

17  Dated:      June 27, 2013

18                              KREINDLER & KREINDLER LLP

19
                            By:
20                              Gretchen M. Nelson (112566)
                                Nicole C. Andersen (281218)
21                              707 Wilshire Blvd., Suite 3600
                                Los Angeles, CA 90017
22                              Tel.: (213) 622-6469
                                Fax: (213) 622-6019
23                                  - and -
                                Robert J. Spragg
24                              Francis G. Fleming, Jr.
                                Kreindler & Kreindler LLP
25                              750 Third Avenue, 32nd Fl.
                                New York, NY 10017
26                              Tel.: (212) 687-8181
                                Fax: (212) 972-9432
27
                                *Attorneys for Plaintiff*
28

-7-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

Case 2:13-cv-04681-SVW-RZ   Document 1   Filed 06/27/13   Page 8 of 11   Page ID #:9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

### CV13- 4681 SVW (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>*Plaintiff(s)*<br><br>v.<br><br>BRITISH AIRWAYS PLC,<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV13- 4681SVW(RZx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BRITISH AIRWAYS PLC
c/o C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gretchen M. Nelson, Esq.
Nicole C. Andersen, Esq.
Kreindler & Kreindler LLP
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___JUN 2 7 2013___

**JULIE PRADO**
_____
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

BRITISH AIRWAYS PLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gretchen M. Nelson, Esq., Nicole C. Andersen, Esq., Kreindler & Kreindler LLP, 707 Wilshire Blvd., Suite 3600, Los Angeles, CA 90017, Tel. No. (213) 622-6469;
Robert J. Spragg, Esq., Francis G. Fleming, Jr., Esq., Kreindler & Kreindler LLP, 750 Third Avenue, 32nd Floor, New York, NY 10017, Tel. No. (212) 687-8181

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Scott D. Cunningham, Esq., Condon & Forsyth LLP, 1901 Avenue of the Stars, Suite 850, Los Angeles, CA 90067, Tel. No. (310) 557-2030

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1331: Action arising under the Montreal Convention Treaty seeking damages for personal injuries and wrongful death suffered by plaintiff as a result of an accident, under the Montreal Convention, on British Airways Flight 289 on March 23, 2012

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☒ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to Item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maricopa County, Arizona |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | On board British Airways Flight 289, an international flight between London, England and Phoenix, Arizona, on March 23, 2012 |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _William_    DATE: 6-24-2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

EXHIBIT "E"

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

Inv. #

97582

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
14 FEB -3 AM 9: 47
## IN AND FOR THE COUNTY OF MARICOPA

**LINDA ANN BAILLIE; et al.**

FILED
BY M. MEJIA, DEP.

Plaintiff / Petitioner,

vs.

**MEDAIRE, INC.; et al.**

Defendant / Respondent.

NO.   CV2014-004544

CERTIFICATE OF SERVICE

<u>Geoffrey Roberts</u>, the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from _____ **Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.** _____ on _____ **1/30/14** _____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   **MEDAIRE, INC., c/o CT Corporation Systems**

DATE & TIME:  1/30/14 2:55pm
PLACE &      2390 E. CAMELBACK ROAD  PHOENIX, AZ 85016, which is his/her place of business.
MANNER:      By serving Duc Le, Customer Service Representative, a person authorized to accept such service on their behalf, in person.

Description of the Named: Male, Age: 30's, Ht: 5' 9in., Wt: 197, Eyes: brown, Hair: black, Ethnicity: Asian

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | $26.00 |

Affiant - Registered in
**Maricopa County**

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY
2/19/14
14 FEB 19 AM 10: 49

| Inv. # | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA |
|---|---|
| 97839 | IN AND FOR THE COUNTY OF MARICOPA |

LINDA ANN BAILLIE; et al.

**Plaintiff / Petitioner,**

vs.

MEDAIRE, INC.; et al.

**Defendant / Respondent.**

FILED
BY M. MEJIA, DEP.

NO. **CV2014-004544**

CERTIFICATE OF SERVICE

<u>Linda R. Rizer</u>, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from _____**Stephen M. Dichter c/o Christian, Dichter & Sluga, P.C.**_____ on _____**2/14/14**_____;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:  **STEVEN JOE REINHART, D.O.**

DATE & TIME: 2/15/14 11:30am
PLACE & 330 W. KALER DRIVE  PHOENIX, AZ 85021, which is his/her usual place of abode.
MANNER: In person.

Description of the Named: Male, Age: 40's, Ht: 5' 7in., Wt: 150, Eyes: sunglasses, Hair: brown, Ethnicity: Cauc.

| <u>Statement of Costs</u> | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $81.00 |
| Total | $131.00 |

SKIP TRACE, MVD COSTS

Affiant - Registered in

**Maricopa County**

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
RECEIVED CCC #5
DOCUMENT DEPOSITORY

14 FEB 19 AM 10: 49

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Inv. # | |
| 97840 | |

**LINDA ANN BAILLIE; et al.**

Plaintiff / Petitioner,

vs.

**MEDAIRE, INC.; et al.**

Defendant / Respondent.

FILED
BY M. MEJIA. DEP.

NO. **CV2014-004544**

CERTIFICATE OF SERVICE

<u>Linda R. Rizer</u>                                , the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072; to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, CERTIFICATE CONCERNING EXPERT TESTIMONY**

from _____**Stephen M. Dichter c/o Christian, Dichter  & Sluga, P.C.**_____ on _____**2/14/14**_____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **JESSICA MONAS, M.D.**

**DATE & TIME:**  2/15/14 8:32pm
**PLACE &**       11209 N. ST. ANDREWS WAY  SCOTTSDALE, AZ 85254, which is his/her usual place of abode.
**MANNER:**       In person.

Description of the Named: Female, Age: 30's, Ht: 5' 7in., Wt: 120, Eyes: green, Hair: brown, Ethnicity: Cauc.

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $45.60 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | $81.00 |
| **Total** | **$152.60** |

SKIP TRACE, MVD COSTS

**Affiant - Registered in**

**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

EXHIBIT "F"

1  J. Gary Linder, Bar #020552
   JONES, SKELTON & HOCHULI, P.L.C.
2  2901 North Central Avenue, Suite 800
   Phoenix, Arizona 85012
3  Telephone: (602) 235-7106
   Fax: (602) 200-7883
4  glinder@jshfirm.com
   minuteentries@jshfirm.com
5
   Attorneys for Defendant British Airways
6

7              SUPERIOR COURT OF THE STATE OF ARIZONA

8                      COUNTY OF MARICOPA

9  LINDA ANN BAILLIE, Individually, and as          NO. CV2014-004544
   Personal Representative of the Estate of
10 JAMES DONALD BAILLIE, II, deceased,              **NOTICE OF REMOVAL TO
   and on behalf of all heirs and next of kin of    UNITED STATES DISTRICT
11 JAMES DONALD BAILLIE, II, deceased,              COURT OF ARIZONA**

12                                    Plaintiffs,    (Assigned to the Honorable Douglas
                                                     Rayes)
13              v.

14 MEDAIR, INC., STEVEN JOE REINHART,
   D.O., JESSICA MONAS, M.D., RATAN K.
15 VERMA, M.D. and BRITISH AIRWAYS
   PLC, INC.,
16
                                    Defendants.
17

18         TO:    Clerk of Court
19                Superior Court of Arizona- Maricopa County

20         Please take notice that Defendant, British Airways, PLC, has this date filed

21 a Notice of Removal to the United States District Court, for the District of Arizona.  A

22 copy of said Notice is attached hereto as Exhibit "A" (without the exhibits).

23

24

25

26

27

28

3558337.1

1    DATED this 3rd day of March, 2014.

2                                    JONES, SKELTON & HOCHULI, P.L.C.

3

4                                    By /s/J. Gary Linder
                                        J. Gary Linder
5                                       2901 North Central Avenue, Suite 800
                                        Phoenix, Arizona  85012
6                                       Attorneys for Defendant British Airways

7

8    ORIGINAL of the foregoing filed
     this 3rd day of March, 2014.

9
     COPY of the foregoing mailed
10   this 3rd day of March, 2014, to:

11   Stephen M. Dichter
     Jeffrey O. Hutchins
12   Christian Dichter & Sluga, P.C.
     2700 North Central Avenue
13   Suite 1200
     Phoenix, AZ 85004
14   Attorneys for Plaintiffs

15   Francis G. Fleming
     Robert J. Spragg
16   Kreindler & Kreindler, LLP
     750 Third Avenue
17   New York, New York 10017
     Attorneys for Plaintiffs

18   /s/Amy Ebanks

19

20

21

22

23

24

25

26

27

28

     3558337.1                          2