Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Anthony U. Battista
Email: abattista@condonlaw.com
Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299

   - and -

J. Gary Linder
Email: glinder@jshfirm.com
JONES, SKELTON & HOCHULI. P.L.C.
2901 N Central Ave. Suite 800
Phoenix, Arizona 85012
Telephone: (602) 235-7106
Facsimile:  (602) 200-7883

Attorneys for Defendant
British Airways, PLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Ann Baillie, individually, as Personal Representative of the Estate of James Donald Baillie, II, and on behalf of all heirs and next of kin of James Donald Baillie, II, deceased,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Medaire, Inc., Steven Joe Reinhard, D.O., Jessica Monas, M.D., Ratan K. Verma, M.D. and British Airways, PLC,<br><br>　　　　Defendants. | Case No. CV14-00420-PHX-DGC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION** |

Defendant British Airways PLC (hereinafter "British Airways"), by its

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS PENDING
RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

LAOFFICE 58655V.1

attorneys, Condon & Forsyth LLP and Jones, Skelton & Hochuli, P.L.C., hereby submits this Memorandum of Law in support of its motion to dismiss Plaintiff's Complaint or, in the alternative, stay the proceedings pending the resolution of Plaintiff's first-filed action against British Airways in the United States District Court for the Central District of California, Case No. 13 CV 04681.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

- 2 -

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii-iii

INTRODUCTION ........................................................................................................ 1

RELEVANT FACTUAL ALLEGATIONS .................................................................. 1

PROCEDURAL HISTORY .......................................................................................... 2

    I.    CALIFORNIA ACTION ........................................................................ 2

    II.    ARIZONA ACTION ............................................................................... 4

ARGUMENT ................................................................................................................ 4

    I.    THE FIRST FILED RULE GIVES THE COURT DISCRETION TO DISMISS OR STAY DUPLICATIVE FEDERAL ACTION AND DEFER ADJUDICATION TO THE COURT OF THE FIRST FILING .......... 4

    II.    THE CALIFORNIA AND ARIZONA ACTIONS INVOLVE THE SAME ISSUE OF LIABILITY UNDER THE MONTREAL CONVENTION ........................................................................................ 5

    III.    CALIFORNIA ACTION AND THE ARIZONA ACTION INVOLVE SIMILAR PARTIES ................................................................................ 6

    IV.    BRITISH AIRWAYS SHOULD NOT BE PREJUDICED BY PLAINTIFF'S FORUM SHOPPING ................................................... 7

CONCLUSION ............................................................................................................. 8

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6110
Telephone: (310) 557-2030

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air France v. Saks.*,
   470 U.S. 392 394 (1985) ................................................................................... 6

*Alltrade, Inc., v. Uniweld Prods., Inc.*,
   946 F.2d 622, 625-27 (9th Cir. 1991) ................................................................ 5

*Chubb Ins. Co. v. Menlo Worldwide Forwarning*,
   634 F. 3d 1023, 1027 (9th Cir. 2011) ................................................................ 7

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
   611 F.2d 738, 749 (9th Cir. 1979) ................................................................. 4,5

*Hilton v. Apple, Inc.*,
   No. 13 CV 2167 (N.D. Cal. Oct. 1, 2013) ......................................................... 6

*Intersearch Worldwide, Ltd., v. Intersearch Group, Inc.*,
   544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) .................................................... 5,6

*McCaskey v. Continental Airlines, Inc.*,
   159 F. Supp. 2d 562 (S.D. Tex. 2001) ............................................................... 7

*Pacesetter Sys, Inc. v. Medtronic, Inc.*,
   678 F.2d 93, 945-95 (9th Cir. 1982) .............................................................. 4,5

*Payne v. Kennedy Johnson Gallagher LLC*,
   No. 10-cv-297 (D. Ariz. May 21, 2010) ............................................................ 7

*PhotoMedex, Inv. v. St. Paul Fire & Marine Ins. Co.*,
   No. 09-cv-896, 2009 WL 2326750 .................................................................... 7

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235, 243 (1981) ................................................................................... 6

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

ii

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# INTRODUCTION

This is the second action commenced against British Airways by Plaintiff Linda Ann Baillie, as personal representative of the estate of James D. Baillie and on behalf of Mr. Baillie's heirs. Plaintiff commenced her first action against British Airways in the United States District Court for the Central District of California on June 27, 2013. In each action, Plaintiff seeks damages for injuries allegedly sustained by her deceased husband, James D. Baillie II, onboard British Airways flight BA 289 from London, England to Phoenix, Arizona on March 23, 2012. In each action, Plaintiff alleges a cause of action for wrongful death governed by the terms of the Montreal Convention,[1] the international treaty that exclusively governs claims for bodily injuries sustained during international air travel. However, whereas this action has just begun, British Airways has filed a motion for summary judgment in the California action and all discovery relevant to that motion is now closed. Moreover, because the Montreal Convention exclusively governs both actions, resolution of the California action could also resolve this action.

Accordingly, because Plaintiff's claims in this action are the same as the ones alleged in the California action against British Airways, this Court should dismiss or, in the alternative, stay this action pending resolution of Plaintiff's first-filed action in California.

**RELEVANT FACTUAL ALLEGATIONS**

On March 23, 2012, British Airways was the operating carrier of Flight BA 289 from London, England to Phoenix, Arizona. (*See* Declaration of Scott D. Cunningham ("Cunningham decl."), Exhibit C [Arizona Complaint], ¶ 5). Mr.

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999, (entered into force on November 4, 2003), S. Treaty Doc. 106-45, 1999 WL 33292734, 2242 U.N.T.S. 350 (2000) codified at 49 U.S.C. § 40105 note 3.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS PENDING
RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

1

LAOFFICE 58655V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Baillie was a passenger on Flight BA 289, having purchased a ticket as part of a round trip itinerary from the United States with a stopping point in London. *See id.* at ¶ 9. After rushing to board the flight, Mr. Baillie boarded the aircraft just before its departure. *See id.* At some later time, Mr. Baillie reported to the British Airways cabin crew that he was experiencing chest pains, feeling overheated and having difficulty breathing. *See id.* at ¶ 9. British Airways consulted multiple doctors regarding Mr. Baillie's complaints, including: Dr. Ratan K. Verma, a passenger onboard Flight 289; and Drs. Steven Joe Reinhart and Jessica Monas, two physicians employed by MedAire, Inc. ("MedAire"), a company that provides medical advice to airlines such as British Airways in the event of an in-flight medical emergency. *See id.* at ¶¶ 10-11, 16. During the flight, British Airways contacted Drs. Reinhart and Monas, via a radio call to MedAire. Plaintiff alleges that Mr. Baillie's symptoms worsened during the flight from London to Phoenix, culminating in Mr. Baillie experiencing a heart attack and severe personal injuries onboard Flight 289 leading to his eventual death. *See id.* at ¶¶ 11, 13.

## PROCEDURAL HISTORY

### I. California Action

On June 27, 2013, Plaintiff filed a complaint against British Airways in the United States District Court for the Central District of California alleging a cause of action governed by the Montreal Convention for bodily injuries allegedly sustained by Mr. Baillie onboard Flight 289. (*See* Cunningham decl., Exhibit A [Complaint filed in U.S. District Court for Central District of California], ¶¶ 6, 11, 13-14.)[2] British Airways answered the Complaint on October 4, 2013 and

---

[2] The Court should take judicial notice of the complaint filed by Plaintiffs in the district court for the Central District of California and the subsequent motions filed in that action. *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) (judicial notice of a motion to dismiss and its supporting memorandum filed in a different case); *Collins v. Wells Fargo Bank*, Dist. Court, D. Arizona 2013 (judicial notice of the pleadings filed in a state court action); *Murchison v.*

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS PENDING
RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC

2

LAOFFICE 58655V.1
3571801.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  disclosed to Plaintiff other parties with information about what happened on Flight
2  289, including: MedAire (also known as Medlink); Dr. Reinhard (incorrectly
3  spelled as Raynald); and Dr. Verma in October of 2013. (*See* Cunningham decl.,
4  ¶¶ 3-4; see also Exhibits B [Answer to Complaint], C [Initial Disclosures of British
5  Airways]). On November 4, 2013, the presiding district court judge, the Hon.
6  Stephen V. Wilson, of the Central District of California held an initial conference
7  and issued a scheduling order, providing a February 4, 2014 deadline for
8  completing discovery and filing motions for summary judgment. (*See*
9  Cunningham decl., ¶ 5; *see also* Electronic Docket for Case No.: CV-13-04681-
10 SVW-RZ (Docket No. 18)).

11 British Airways filed its motion for summary judgment on January 31, 2014.
12 (*See* Cunningham decl., ¶ 7; *see also* Electronic Docket for Case No.: CV-13-
13 04681-SVW-RZ (Docket No. 24)). On February 11, 2014, Plaintiff filed an
14 opposition to British Airways' motion along with a Rule 56(d) motion, requesting
15 additional time to conduct discovery relating to "other potentially responsible
16 parties including MedAire, Inc. . . . and two Arizona physicians who were involved
17 in the actions of British Airways." (*See* Cunningham decl., ¶ 8; *see also* Exhibit D
18 [Plaintiff's Rule 56(d) Motion]). British Airways filed its Reply Memorandum of
19 Law in further support of summary judgment on February 18, 2014 and
20 simultaneously opposed Plaintiffs' request for additional discovery because
21 Plaintiff had knowledge of the other responsible parties as early as October 2013
22 but failed to amend the complaint to add additional defendants. (*See* Cunningham
23 decl., ¶ 9; *see also* Exhibit B [Initial Disclosures of British Airways]). On March
24 7, 2014 Judge Wilson entered a minute entry into the Court docket advising the
25 parties that British Airways' Motion for Summary Judgment would be decided

---

27 *Tucson Unified School District*, Dist. Court, D. Arizona 2012 (judicial notice of
28 publicly filed documents).

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS PENDING
RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

3

LAOFFICE 58655V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

based on the papers submitted and that no further argument was needed. (*See* Cunningham decl., ¶ 11).

## II.  Arizona Action

On January 30, 2014, the day before British Airways filed its Motion for Summary Judgment in the California action, Plaintiffs filed a second complaint against British Airways in the Superior Court of the State of Arizona for Maricopa County. (*See* Cunningham decl., ¶ 6; *see also* Exhibit D [Arizona Complaint]). Similar to the California Complaint, Plaintiff's Arizona Complaint also seeks damages from British Airways for the alleged wrongful death of Mr. Baillie as governed by the Montreal Convention, which exclusively governs Plaintiff's rights and the liability of defendants with respect to the circumstances on Flight 289 from London to Phoenix on March 23, 2012. *See id.* at ¶¶ 11, 13.

British Airways answered the Arizona Complaint on February 19, 2014 and removed the action to this Court on February 28, 2013 with the consent of MedAire and Drs. Reinhart and Monas. (*See* Cunningham decl., ¶ 10).

## ARGUMENT

Plaintiff's Arizona Complaint should be dismissed under the first-filed rule because it alleges the same cause of action and arises from the same events as the action pending in Plaintiff's first-choice forum, the United States District Court for the Central District of California.

## I.   The First-Filed Rule Gives the Court Discretion to Dismiss or Stay a Duplicative Federal Action and Defer Adjudication to the Court of the First Filing

A district court has discretion to dismiss or, in the alternative, stay an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 945-95 (9th Cir. 1982); *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

4

LAOFFICE 58655V.1

(9th Cir. 1979).  Where two parallel federal court actions have been commenced, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  *Church of Scientology*, 611 F.2d at 749.  Under the first-filed rule, "a court of second filing will defer to a court of first filing, if the two matters before them exhibit chronology, identity of parties, and similarity of issues."  *Intersearch Worldwide, Ltd., v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) (citing *Alltrade, Inc., v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-27 (9th Cir. 1991)).  The purpose of the first-filed rule is to promote judicial efficiency and foreclose the risk of conflicting determinations.  *See Pacesetter*, 678 F.2d at 95-96.

The Court should apply the first-filed rule to this action and defer adjudication of Plaintiff's claims to the District Court for the Central District of California, where Plaintiff filed first, because Plaintiff's Arizona Complaint alleges the same cause of action governed by the Montreal Convention, involves the same parties, and arises from the same events onboard British Airways Flight BA 289 on March 23, 2012.

## II. The California and Arizona Actions Involve the Same Issue of Liability Under the Montreal Convention

Plaintiff concedes that her claims in both actions are governed by the Montreal Convention.  (*See* Cunningham decl., Exhibit A [Complaint filed in United States District Court for Central District of California], ¶¶ 6, 13, 16-18; *see also* Exhibit D [Arizona Complaint] ¶¶ 6, 18-19.  Pursuant to Article 17 of the Montreal Convention:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Montreal Convention, Art. 17(1). Accordingly, the issue of liability in this action and the California action requires the same analysis: did Mr. Baillie sustain bodily injuries onboard Flight 289; and were those injuries caused by an "accident" as the term is defined by the Convention. *Id.* at Art. 17; *Air France v. Saks*, 470 U.S. 392, 394 (1985). If Plaintiff establishes that the events onboard Flight 289 constitute an "accident" – "an unexpected or unusual event or happening that is external to the passenger" (*Air France v. Saks*, 470 U.S. at 405) – *and* that those events caused Mr. Baillie to sustain personal injuries, then British Airways can be liable under the Montreal Convention. *See* Montreal Convention, Art. 17.

In the California action, British Airways moved for summary judgment on this very issue and Judge Wilson currently is considering whether, as a matter of law, Plaintiff may recover damages under the Montreal Convention. (*See* Cunningham decl. at ¶¶ 7-11). Accordingly, because it cannot be disputed that the California action was filed first on June 27, 2013, the Court should defer to Judge Wilson's adjudication of Plaintiffs' claims against British Airways, which "has advanced well ahead of this case." *Hilton v. Apple, Inc.*, No. 13 CV 2167 (N.D. Cal. Oct. 1, 2013) ("If this Court refuses to apply the first-to-file rule and proceeds with the instant action, it would then have to pass on the merits of identical claims raised in this action. This would result in this Court duplicating the work already done by Judge Feess . . .").

**III.   The California Action and the Arizona Action Involve Similar Parties**

The parties involved in the first and second-filed actions need not be identical for the first-filed rule to apply. Rather, if both actions involve similar parties and there is substantial overlap between the two pending cases, dismissal or a stay is warranted under the rule. *Pacesetter*, 678 F.2d at 96; *Intersearch Worldwide*, 544 F. Supp. 2d 949, 958 (N.D. Cal. 2008). The similarity of the parties is satisfied here because Plaintiff and British Airways are the primary

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS PENDING
RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

6

LAOFFICE 58655V.1

parties in both the California and Arizona actions (*see Pacesetter*, 678 F.2d at 96 (requiring only that the "major contestants" be parties to both actions)), and each case requires the court to consider the conduct of British Airways, MedAire and the three individual doctors to determine liability. *See McCaskey v. Continental Airlines, Inc.*, 159 F. Supp. 2d 562 (S.D. Tex. 2001) (citing cases for the proposition that the liability limitations of the Warsaw Convention extend to independent contractors of the airline, including MedAire).

The absence of MedAire and the individual doctors from the California action does not negate application of the first-filed rule. This is because Plaintiff's claims against these defendants also are governed by the Montreal Convention and thus carry the same Article 17 requirements as the claim against British Airways. *See* Montreal Convention, Art. 20; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 (1981); *Chubb Ins. Co. v. Menlo Worldwide Forwarning*, 634 F. 3d 1023, 1027 (9th Cir. 2011).

### IV. British Airways Should not be Prejudiced by Plaintiff's Forum Shopping

British Airways should not be required to defend a second action because Plaintiff failed to conduct discovery relating to MedAire and the individual doctors in the California action prior to the close of discovery relative to British Airways' motion for summary judgment in that case. Plaintiff was aware of these potential additional parties prior to Judge Wilson setting the briefing schedule for British Airways' motion and, yet, at no point during the relevant discovery period did Plaintiff amend the complaint to name additional parties. The commencement of a second lawsuit on the eve of the deadline for filing dispositive motions is a type of "procedural gamesmanship" that the first-filed rule aims to discourage. *Payne v. Kennedy Johnson Gallagher LLC*, No. 10-cv-297 (D. Ariz. May 21, 2010) (quoting *PhotoMedex, Inv. v. St. Paul Fire & Marine Ins. Co.*, No. 09-cv-896,

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

7

LAOFFICE 58655V.1

2009 WL 2326750, at *7 (E.D. Pa. July 28, 2009)).

Plaintiff could have filed her first complaint in Arizona or amended her complaint in California to add additional parties, but she did neither of these things. Plaintiff should not now be permitted to have a second bite at the apple based on her own decision to forum shop. *See id.*; *Intersearch Worldwide* at 961-62.

Accordingly, because Plaintiff's first filed complaint was in California, and this action involves similar parties and similar issues as those pending before Judge Wilson in California, the Court should dismiss this action without prejudice or, in the alternative, stay the proceedings and defer adjudication of Plaintiff's claims to the district court for the Central district of California.

Dated: March 11, 2014

JONES, SKELTON & HOCHULI. P.L.C.

By:/s/J. Gary Linder
   J. GARY LINDER

CONDON & FORSYTH LLP

By:/s/ Scott D. Cunningham
   SCOTT D. CUNNINGHAM
   IVY L. NOWINSKI

-and-

ANTHONY U. BATTISTA
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
BRITISH AIRWAYS. PLC.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

8

LAOFFICE 58655V.1

ORIGINAL of the foregoing filed
This 11th day of March, 2014.

COPY of the foregoing mailed this
11th day of March, 2014, to:

Francis G. Fleming
Robert J. Spragg
Kreindler & Kreindler, LLP
750 Third Avenue
New York, New York 10017

-and-

Stephen M. Dichter
Christian Dichter & Sluga, P.C.
2700 North Central Avenue
Suite 1200
Phoenix, Arizona 85004
Attorneys for Plaintiffs

Mark C. Dangerfield
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
Attorneys for Defendants MedAire, Inc.,
Steven Joe Reinhart, D.O. and Jessica Monas, M.D.

/s/Amy Ebanks

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3571801.1

9

LAOFFICE 58655V.1