EXHIBIT "A"

1   Gretchen M. Nelson (112566)
    gnelson@kreindler.com
2   Nicole C. Andersen (281218)
    nandersen@kreindler.com
3   KREINDLER & KREINDLER LLP
    707 Wilshire Blvd., Suite 3600
4   Los Angeles, CA 90017
    Tel.: (213) 622-6469
5   Fax: (213) 622-6019

6   Robert J. Spragg
    rspragg@kreindler.com
7   Francis G. Fleming, Jr.
    ffleming@kreindler.com
8   KREINDLER & KREINDLER LLP
    750 Third Avenue, 32nd Floor
9   New York, NY 10017
    Tel.: (212) 687-8181
10  Fax: (212) 972-9432

11  *Attorneys for Plaintiff*

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14  -------------------------------------------------x
    LINDA ANN BAILLIE, individually, as
15  Personal Representative of the Estate of      Cv. No. 4681 SVW (PZx)
    JAMES DONALD BAILLIE, II, and on
16  behalf of all heirs and next of kin of JAMES
    DONALD BAILLIE, II, deceased,
17
                         Plaintiff,           **COMPLAINT**
18
              v.                              Plaintiff Demands Trial by Jury
19
    BRITISH AIRWAYS PLC,
20
                         Defendant.
    -------------------------------------------------x
21

22       Plaintiff, by her attorneys, Kreindler & Kreindler LLP, respectfully alleges:

23                **THE PARTIES AND JURISDICTION**

24       1.    This action seeks damages on behalf of plaintiff, the heirs and next of

25  kin of James Donald Baillie, II, and the Estate of James Donald Baillie, II, for the

26  personal injuries and wrongful death of James Donald Baillie, II, who died on July

27

28
                                    -1-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

1   1, 2012 as a result of an accident, under the Montreal Convention, he suffered on

2   British Airways Flight 289 on March 23, 2012.

3

4        2.      Plaintiff Linda Ann Baillie is a citizen of the State of Arizona and the

5   wife of decedent James Donald Baillie, II, and was appointed the duly authorized

6   Personal Representative of the Estate of James Donald Baillie, II, on August 29,

7

8   2012, pursuant to Letters of Personal Representative issued by the Superior Court

9   of Maricopa County, Arizona.

10       3.      Plaintiff's decedent James Donald Baillie, II, was also a citizen of the

11

12  State of Arizona.

13       4.      Defendant British Airways Plc ("British Airways") is a corporation

14

15  duly organized and existing under the laws of United Kingdom with its principal

16  place of business in the United Kingdom.  Defendant British Airways is a common

17  carrier engaged in the business of transporting passengers by air and conducts

18

19  substantial business in the State of California and within this District at Los

20  Angeles International Airport and at its offices at 5600 West Century Boulevard,

21  #229, Los Angeles, CA 90045.

22

23       5.      Plaintiff's decedent James Donald Baillie, II, was injured while

24  traveling as a fare paying passenger on British Airways Flight 289 on March 23,

25  2012, under a contract of carriage purchased in the United States.

26

27       6.      Jurisdiction exists pursuant to 28 U.S.C. § 1331, by reason of a federal

28  question concerning the Convention for the Unification of Certain Rules for

-2-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45 (the "Montreal Convention"), in that this action arises out of injuries sustained by a passenger on board an air carrier engaged in international transportation by an aircraft for hire; the ticket contract between the plaintiff and the air carrier was purchased in the United States in the State of Arizona; the final place of destination, according to said ticket contract, was in the United States in the State of Arizona; and the principal and permanent residence of the plaintiff and plaintiff's decedent is in the United States in the State of Arizona, where defendant British Airways operates services for the carriage of passengers by air and maintains facilities related to its business of carriage of passengers by air; and pursuant to 28 U.S.C. § 1332 diversity of citizenship in that the plaintiff is a citizen and resident of the United States and defendant British Airways is a citizen of the United Kingdom, and the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

7.      Personal jurisdiction is proper in this District because defendant British Airways is qualified to do business in the State of California, operate its aircraft from Los Angeles International Airport in this District, and has been doing continuous and systematic business in the State of California and within this District.

8.      Venue in the District satisfies the requirements of 28 U.S.C. § 1391, in that, as set forth above, defendant British Airways conducts substantial business in

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

1  and is subject to personal jurisdiction in this District.

2  ## FIRST CAUSE OF ACTION FOR ABSOLUTE LIABILITY
3  ## UNDER THE MONTREAL CONVENTION

4  9.    Plaintiff hereby repeats, reiterates and realleges each and every

5  allegation contained in paragraphs 1 through 8 as if set forth herein at length.

6
7  10.    At all times herein mentioned, defendant British Airways was and is a

8  common carrier engaged in the business of transporting passengers for hire by air,

9  by and through its servants, agents and employees, and as such it owned, operated,

10
11  maintained and controlled a Boeing model 747-400 aircraft, which was operated as

12  British Airways Flight 289, a scheduled international passenger flight from London,

13  England to Phoenix, Arizona on March 23, 2012 (the "subject flight").

14
15  11.    On March 23, 2012, James Donald Baillie, II, was a fare paying

16  passenger on the subject flight, engaged in international transportation pursuant to

17  airline tickets on defendant British Airways for round-trip travel between Phoenix,

18
19  Arizona and London, England, with additional stops in Toulouse, France and

20  Munich, Germany; the tickets were issued in the United States by and for defendant

21  British Airways, were governed by the Montreal Convention and provided for

22
23  round-trip transportation from and to the United States, with agreed stopping places

24  outside the United States and with the ultimate destination of the United States.

25  12.    At all times mentioned herein, defendant British Airways maintained a

26
27  place of business in the United States through which the ticket for the subject flight

28  was issued, in that defendant British Airways had offices in the United States,

-4-

1   issued the ticket for the subject flight in the United States and accepted payment

2   from James Donald Baillie, II, for the ticket for the subject flight in the United

3

4   States.

5          13.    By the terms of the Montreal Convention, defendant British Airways is

6   presumed liable for personal injuries suffered by James Donald Baillie, II, in

7

8   connection with the subject flight on account of any accident on board the aircraft.

9          14.    On March 23, 2012, James Donald Baillie, II, suffered severe physical

10   injuries as a result of an accident on board the subject flight when he experienced

11

12   chest pain immediately after having boarded the subject aircraft, reported his

13   condition to defendant British Airways' agents, employees and representatives

14

15   before take-off, and was instructed to remain on board the subject aircraft by

16   defendant British Airways' agents, employees and representatives; thereafter, the

17   subject aircraft departed London, England on its 10-hour international transatlantic

18

19   flight to Phoenix, Arizona, during which James Donald Baillie, II's condition

20   worsened significantly and he suffered a serious heart attack; defendant British

21   Airways knew of James Donald Baillie, II's serious medical condition throughout

22

23   the subject flight but it declined to render medical aid to him or divert the subject

24   flight to an airport at which James Donald Baillie, II, could be treated.

25          15.    As a result of defendant British Airway's failure to render prompt,

26   competent medical treatment to James Donald Baillie, II, and its failure to divert the

27

28   subject flight to an airport where he could receive emergency medical attention, his

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

1    medical condition and outcome were seriously and adversely affected.  James

2    Donald Baillie, II, was hospitalized in Phoenix, Arizona from March 23, 2012 until

3    he died on July 1, 2012.

4

5        16.    At all times mentioned herein, the accident suffered by James Donald

6    Baillie, II, on the subject flight was an unexpected and unusual event external to

7    James Donald Baillie, II, and defendant British Airways is liable under the

8    applicable provisions of the Montreal Convention for the damages sustained by

9    James Donald Baillie, II, his wife, plaintiff Linda Ann Baillie, his Estate and his

10   heirs and next of kin as a result of said accident.

11

12       17.    As a result of the foregoing, plaintiff Linda Ann Baillie, on her own

13   behalf, as Personal Representative of the Estate of James Donald Baillie, II, and on

14   behalf of the heirs and next of kin of James Donald Baillie, II, is entitled to recover

15   damages for loss of decedent's earnings, financial support, services, society, love,

16   consortium, companionship, comfort, care, nurture, protection, parental care,

17   advice, guidance, assistance and training, inheritance and/or net estate

18   accumulations of the decedent, survivors' grief and anguish, sorrow, stress, mental

19   suffering and pain and shock, together with the decedent's mental and physical pain

20   and suffering, lost future earnings, medical expenses, loss of enjoyment of life and

21   life's activities, funeral and burial expenses and other damages for which defendant

22   British Airways is presumed liable.

23       18.    By reason of the foregoing, and under the terms of the Montreal

-6-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

1   Convention, plaintiff Linda Ann Baillie, individually, as the Personal

2   Representative of the Estate of James Donald Baillie, II, and on behalf of all heirs

3

4   and next of kin of James Donald Baillie, II, is entitled to recover compensatory

5   damages for their injuries and economic losses.

6       **WHEREFORE**, plaintiff Linda Ann Baillie, individually, as the Personal

7

8   Representative of the Estate of James Donald Baillie, II, and on behalf of all heirs

9   and next of kin of James Donald Baillie, II, demands judgment against defendant

10  British Airways for compensatory and special damages in amounts according to

11

12  proof at trial, together with interest, costs, and the disbursements of this action, and

13  for other such and further relief as the Court deems just and proper.

14                          **JURY DEMAND**

15

16      Plaintiff demands a trial by jury.

17  Dated:      June 2ᵗ, 2013

18                              KREINDLER & KREINDLER LLP

19

20  By: _____
                              Gretchen M. Nelson (112566)
21                          Nicole C. Andersen (281218)
                            707 Wilshire Blvd., Suite 3600
22                          Los Angeles, CA 90017
                            Tel.: (213) 622-6469
23                          Fax: (213) 622-6019
                                - and -
24                          Robert J. Spragg
                            Francis G. Fleming, Jr.
25                          Kreindler & Kreindler LLP
                            750 Third Avenue, 32nd Fl.
26                          New York, NY 10017
                            Tel.: (212) 687-8181
27                          Fax: (212) 972-9432

28                          *Attorneys for Plaintiff*

-7-

COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 4681 SVW (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased, | ) ) ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) ) |
| BRITISH AIRWAYS PLC, | ) ) ) ) ) |
| *Defendant(s)* | ) |

**CV13- 4681**SVW(RZx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BRITISH AIRWAYS PLC
c/o C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gretchen M. Nelson, Esq.
Nicole C. Andersen, Esq.
Kreindler & Kreindler LLP
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   JUN 2 7 2013

**JULIE PRADO**

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

BRITISH AIRWAYS PLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gretchen M. Nelson, Esq., Nicole C. Andersen, Esq., Kreindler & Kreindler LLP, 707 Wilshire Blvd., Suite 3600, Los Angeles, CA 90017, Tel. No. (213) 622-6469; Robert J. Spragg, Esq., Francis G. Fleming, Jr., Esq., Kreindler & Kreindler LLP, 750 Third Avenue, 32nd Floor, New York, NY 10017, Tel. No. (212) 687-8181

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Scott D. Cunningham, Esq., Condon & Forsyth LLP, 1901 Avenue of the Stars, Suite 850, Los Angeles, CA 90067, Tel. No. (310) 557-2030

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1331: Action arising under the Montreal Convention Treaty seeking damages for personal injuries and wrongful death suffered by plaintiff as a result of an accident, under the Montreal Convention, on British Airways Flight 289 on March 23, 2012

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☒ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 160 Stockholders' Suits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maricopa County, Arizona |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | On board British Airways Flight 289, an international flight between London, England and Phoenix, Arizona, on March 23, 2012 |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _(signature)_   DATE:  6-24-2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

EXHIBIT "B"

1  Scott D. Cunningham (State Bar No.: 200413)
   Email: scunningham@condonlaw.com
2  Ivy L. Nowinski (State Bar No.: 268564)
   Email: inowinski@condonlaw.com
3  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
4  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
5  Facsimile:  (310) 557-1299

6  Attorneys for Defendant
   BRITISH AIRWAYS PLC

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  LINDA ANN BAILLIE, individually, as )   Case No. CV13-4681 SVW (RZx)
    Personal Representative of the Estate of )
12  JAMES DONALD BAILLIE, II, and on )       **ANSWER AND AFFIRMATIVE**
    behalf of all heirs and next of kin of )  **DEFENSES OF BRITISH**
13  JAMES DONALD BAILLIE, II, )              **AIRWAYS, PLC TO**
    deceased, )                             **PLAINTIFFS' COMPLAINT**
14                                        )
                    Plaintiff, )
15                                        )
        vs. )
16                                        )
    BRITISH AIRWAYS PLC, )
17                                        )
                    Defendant. )
18  _____ )

19          Defendant BRITISH AIRWAYS PLC (hereinafter "BA"), by and through its

20  attorneys of record, Condon & Forsyth LLP, hereby answers the Complaint of

21  plaintiffs LINDA ANN BAILLIE, individually, as Personal Representative of the

22  Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of

23  kin of JAMES DONALD BAILLIE, II, deceased (hereinafter collectively referred

24  to as "plaintiffs") as follows:

25

26              AS TO THE PARTIES AND JURISDICTION

27      1.      BA denies the allegations in paragraph 1of the Complaint, except that

28  BA admits that this action seeks damages on behalf of plaintiffs LINDA ANN

_____
ANSWER AND AFFIRMATIVE DEFENSES OF BRITISH
AIRWAYS PLC TO PLAINTIFFS' COMPLAINT
CASE NO.: CV13-4681 SVW (RZx)                              LAOFFICE 41494V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   BAILLIE, the heirs and next of kin of JAMES DONALD BAILLIE, II, and the

2   Estate of JAMES DONALD BAILLIE, II.

3       2.    BA lacks knowledge or information sufficient to form a belief as to

4   the truth of the allegations in paragraphs 2 and 3 of the Complaint and, on this

5   basis, denies the allegations.

6       3.    BA denies the allegations in paragraph 4 of the Complaint, except that

7   BA admits that it is a foreign corporation duly organized and existing under the

8   laws of the United Kingdom of Great Britain and Northern Ireland, with its

9   principal place of business located in Harmondsworth, Middlesex, England and

10   that it engages in the business of international carriage of passengers by air and

11   operates flights to and from various states in the United States, including the state

12   of California, pursuant to a foreign air carrier operating permit issued by the

13   United States Department of Transportation.

14       4.    BA lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations in paragraph 5 of the Complaint, except that BA admits

16   that on or about March 23, 2012, James Donald Baillie was a ticketed passenger on

17   BA flight number BA 289 from London to Phoenix, Arizona.

18       5.    The allegations in paragraph 6, 7, and 8 of the Complaint are legal

19   conclusions which do not require a response, and BA makes no response thereto.

20   To the extent the allegations in paragraphs 6, 7, and 8 of the Complaint may be

21   construed to state a claim against BA, BA denies the allegations.

22

23   **AS TO THE FIRST CAUSE OF ACTION FOR ABSOLUTE LIABILITY**

24   **UNDER THE MONTREAL CONVENTION**

25       6.    Answering the allegations in paragraph 9 of the Complaint, BA

26   repeats, reiterates and re-alleges each and every answer contained in paragraphs 1

27   through 6, inclusive, of this answer with the same force and effect as if set forth

28   herein in full.

ANSWER AND AFFIRMATIVE DEFENSES OF BRITISH      - 2 -
AIRWAYS PLC TO PLAINTIFFS' COMPLAINT
CASE NO.: CV13-4681 SVW (RZx)                                  LAOFFICE 41494V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1      7.    BA admits the allegations in paragraph 10 of the Complaint.

2      8.    BA denies the allegations in paragraph 11 of the Complaint, except

3  that BA admits that a James Donald Baillie was a passenger on BA flight 289 from

4  London to Phoenix on or about March 23, 2012, and that James Donald Baillie was

5  issued a ticket for a contract of carriage that provided for round-trip carriage from

6  Phoenix, Arizona, and return, with intermediate stopping places at London,

7  England, Toulouse, France and Munich, Germany, and that the Montreal

8  Convention exclusively governs plaintiffs' claims.

9      9.    BA denies the allegations in paragraphs 12, 13, 14, 15, 16, 17 and 18

10  of the Complaint.

11

12                  **FIRST AFFIRMATIVE DEFENSE**

13      10.    Plaintiffs' claims are exclusively governed by the Montreal

14  Convention, a treaty of the United States (officially titled the "Convention for the

15  Unification of Certain Rules for International Carriage by Air," entered into force

16  on November 4, 2003, reprinted in S. Treaty Doc. No. 106-45, 1999 WL

17  33292734, and hereinafter "Montreal Convention").

18

19               **SECOND AFFIRMATIVE DEFENSE**

20      11.    BA is not liable to plaintiffs because the alleged damages complained

21  of were not caused by an "accident" within the meaning of Article 17 of the

22  Montreal Convention.

23

24                **THIRD AFFIRMATIVE DEFENSE**

25      12.    The damages alleged in the Complaint were caused or contributed to

26  by plaintiffs' decedent's negligence or other wrongful acts or omissions, and BA is

27  entitled to be wholly or partly exonerated from liability in proportion to plaintiffs'

28  decedent's fault, in accordance with Article 20 of the Montreal Convention.

1

**FOURTH AFFIRMATIVE DEFENSE**

2       13.      BA's liability, if any, for plaintiffs' alleged injuries and damages is

3   limited by Article 21 of the Montreal Convention because plaintiffs' alleged

4   injuries and damages were not due to the negligence or other wrongful acts or

5   omissions of BA or its servants or agents and/or were solely due to the negligence

6   or other wrongful acts or omissions of a third party.

7

8

**FIFTH AFFIRMATIVE DEFENSE**

9       14.      BA denies that plaintiffs are entitled to recover any damages from BA

10  arising from the death of plaintiffs' decedent, but to the extent that plaintiffs may

11  be entitled to recover damages, BA's liability for plaintiffs' damages is limited by

12  Article 21 of the Montreal Convention to the sum of 113,100 SDRs.

13

14

**SIXTH AFFIRMATIVE DEFENSE**

15      15.      BA's liability, if any, with respect to plaintiffs' alleged damages is

16  further limited or excluded in accordance with its conditions of carriage, conditions

17  of contract and tariffs.

18

19

**SEVENTH AFFIRMATIVE DEFENSE**

20      16.      Plaintiffs' alleged damages are limited, excluded and/or preempted by

21  federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No.

22  5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 *et seq.*, now re-codified

23  and incorporated into 49 U.S.C. § 40101 *et seq.),* and the provisions of the

24  corresponding regulations promulgated by the Federal Aviation Administration.

25

26

**EIGHTH AFFIRMATIVE DEFENSE**

27      17.      Plaintiffs' alleged damages are limited, excluded and/or preempted by

28  federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 | 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)). *See*

2 | *Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 128 S. Ct.

3 | 989, 169 L. Ed. 3d 933 (2008); *Air Transport Association of America v. Cuomo*,

4 | 520 F.3d 218 (2d Cir. 2008).

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

### NINTH AFFIRMATIVE DEFENSE

18.    The Complaint and each and every cause of action alleged in the Complaint are barred, in whole or in part, because BA's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

### TENTH AFFIRMATIVE DEFENSE

19.    Plaintiffs' Complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

20.    The incident alleged in the Complaint, and the damages plaintiffs alleges they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than BA; however, in the event that a finding is made that negligence exists on the part of BA, which proximately contributed to the damages alleged in the Complaint, BA's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which plaintiffs seek recovery.

//

//

//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## TWELFTH AFFIRMATIVE DEFENSE

21.   The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than BA; however, in the event that a finding is made that liability exists on the part of BA, BA is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

22.   The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by BA.

## FOURTEENTH AFFIRMATIVE DEFENSE

23.   Plaintiffs' alleged damages, if any, should be barred or limited as a result of the failure of plaintiffs and plaintiff's decedent to take reasonable steps to mitigate their damages.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

24.   The incident alleged in the Complaint, and the damages plaintiffs allege they sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities that BA had no control over at any time relevant hereto.

## SIXTEENTH AFFIRMATIVE DEFENSE

25.   Venue is improper in the state of California under the doctrine of *forum non conveniens.*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## SEVENTEENTH AFFIRMATIVE DEFENSE

26.    Plaintiff's Complaint is barred because plaintiffs lack the standing and/or capacity to bring this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

27.    The incident alleged in the Complaint, and the injuries and damages plaintiffs allege they sustained, were not proximately caused by an act or omission on the part of BA.

## NINETEENTH AFFIRMATIVE DEFENSE

28.    Plaintiffs' Complaint is barred because plaintiffs' decedent knowingly, voluntarily and freely assumed the risk or hazard of all activities alleged in plaintiff's Complaint, and each alleged cause of action contained therein, which assumption of risk or hazard was the proximate cause of plaintiffs' alleged damages, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

29.    Plaintiffs' claims are barred because plaintiffs' decedent failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such danger existed.

## RULE 44.1 NOTICE

30.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, BA hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

/ /

/ /

1   WHEREFORE, defendant BRITISH AIRWAYS PLC respectfully requests

2   that plaintiffs take nothing by this action against BRITISH AIRWAYS PLC, that

3   the action against BRITISH AIRWAYS PLC be dismissed with prejudice and that

4   the Court grant to BRITISH AIRWAYS PLC costs and other relief as it deems just

5   and proper.

6

7   Dated: October 4, 2013                    CONDON & FORSYTH LLP

8

9                                             By:/s/ Scott D. Cunningham
10                                                SCOTT D. CUNNINGHAM
                                                  IVY L. NOWINSKI
11                                                Attorneys for Defendant
                                                  BRITISH AIRWAYS PLC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ANSWER AND AFFIRMATIVE DEFENSES OF BRITISH
AIRWAYS PLC TO PLAINTIFFS' COMPLAINT          - 8 -
CASE NO.: CV13-4681 SVW (RZx)

LAOFFICE 41494V.1

# Answers to Complaints

2:13-cv-04681-SVW-RZ Linda
Ann Baillie v. British Airways PLC

(RZx),DISCOVERY

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Cunningham, Scott on 10/4/2013 at 9:54 AM PDT and filed
on 10/4/2013

**Case Name:**          Linda Ann Baillie v. British Airways PLC
**Case Number:**        2:13-cv-04681-SVW-RZ
**Filer:**              British Airways PLC
**Document Number:** 8

**Docket Text:**
**ANSWER to Complaint - (Discovery), [1] filed by defendant British Airways PLC.
(Cunningham, Scott)**


**2:13-cv-04681-SVW-RZ Notice has been electronically mailed to:**

Gretchen M Nelson    gnelson@kreindler.com, pdavis@kreindler.com

Nicole Christiane Andersen    nandersen@kreindler.com

Robert J Spragg    rspragg@kreindler.com

Scott D Cunningham    scunningham@condonlaw.com

**2:13-cv-04681-SVW-RZ Notice has been delivered by First Class U. S. Mail or by other means BY
THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\BA-Baillie Answer 10-4-13.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/4/2013] [FileNumber=16355614-0
] [1a7346abc156d22194abdc073d7d59deb336512c407f33a9b9aa34f1934ccd11681
927e7fa26e94d626cd6ed1c3a04d1577c71b3bb04db9b044dc80ff6a4f80c]]

EXHIBIT "C"

1   Scott D. Cunningham (State Bar No.: 200413)
    Email: scunningham@condonlaw.com
2   Ivy L. Nowinski (State Bar No.: 268564)
    Email: inowinski@condonlaw.com
3   CONDON & FORSYTH LLP
    1901 Avenue of the Stars, Suite 850
4   Los Angeles, California 90067-6010
    Telephone: (310) 557-2030
5   Facsimile: (310) 557-1299

6   Attorneys for Defendant
    BRITISH AIRWAYS, PLC

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  LINDA ANN BAILLIE, individually, as )   Case No. CV13-4681 SVW (RZx)
    Personal Representative of the Estate of )
12  JAMES DONALD BAILLIE, II, and on )      **INITIAL DISCLOSURES OF**
    behalf of all heirs and next of kin of )  **BRITISH AIRWAYS, PLC**
13  JAMES DONALD BAILLIE, II, )
    deceased, )
14                                          )
                Plaintiff, )
15                                          )
        vs. )
16                                          )
    BRITISH AIRWAYS PLC, )
17                                          )
                Defendants. )
18  _____ )

19       Defendant British Airways, Plc (hereinafter "British Airways"), by and

20  through its attorneys of record, Condon & Forsyth LLP, hereby provides its Initial

21  Disclosures pursuant to and in the manner required by Rule 26(a)(1)(A) of the

22  Federal Rules of Civil Procedure as follows:

23       **(i)    Individuals Likely to Have Discoverable Information.**

24       At present, British Airways does not have sufficient facts to determine

25  which individuals are likely to have discoverable information that British Airways

26  may use to support its defenses in this matter.  British Airways will provide the

27  information that is required by the Federal Rules of Civil Procedure as the facts are

28  developed and reserves its right to supplement its disclosures pursuant to and in the

1  manner provided under these rules.  Subject to the foregoing, at present, British

2  Airways identifies the following individuals who may have discoverable

3  information British Airways may use to support its defenses in this matter:

4      1.    Linda Ann Baillie.

5      **Subjects of Information:**  Plaintiffs' alleged damages, Mr. James Donald

6  Baillie II's (hereinafter "the decedent") health prior to the incident onboard British

7  Airways flight 289 on March 23, 2012, the decedent's health after the incident

8  onboard British Airways flight 289 on March 23, 2012.

9      2.    Ewa van den Berg, British Airways.

10      (May be contacted through counsel for British Airways)

11      **Subjects of Information:**  Activities and events within the cabin of British

12  Airways flight 289 from London to Phoenix on March 23, 2012; facts and

13  circumstances surrounding the alleged incident on March 23, 2012, on board

14  British Airways flight 289 from London to Phoenix, the decedent's condition and

15  treatment on board BA flight 289 from London to Phoenix on March 23, 2012.

16      3.    Georgina Bolton, British Airways.

17      (May be contacted through counsel for British Airways)

18      **Subjects of Information:**  Activities and events within the cabin of British

19  Airways flight 289 from London to Phoenix on March 23, 2012; facts and

20  circumstances surrounding the alleged incident on March 23, 2012, on board

21  British Airways flight 289 from London to Phoenix, the decedent's condition and

22  treatment on board British Airways flight 289 from London to Phoenix on March

23  23, 2012.

24      4.    Tony Brooker, British Airways.

25      (May be contacted through counsel for British Airways)

26      **Subjects of Information:**  Activities and events within the cabin of British

27  Airways flight 289 from London to Phoenix on March 23, 2012; facts and

28  circumstances surrounding the alleged incident on March 23, 2012, on board

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  British Airways flight 289 from London to Phoenix, the decedent's condition and

2  treatment on board British Airways flight 289 from London to Phoenix on March

3  23, 2012.

4       5.     Nichola Sharrad, British Airways.

5            (May be contacted through counsel for British Airways)

6      **Subjects of Information:**  Activities and events within the cabin of British

7  Airways flight 289 from London to Phoenix on March 23, 2012; facts and

8  circumstances surrounding the alleged incident on March 23, 2012, on board

9  British Airways flight 289 from London to Phoenix, the decedent's condition and

10  treatment on board British Airways flight 289 from London to Phoenix on March

11  23, 2012.

12       6.     First Officer Alastair Grant, British Airways.

13            (May be contacted through counsel for British Airways)

14      **Subjects of Information:**  The flight plan, flight path, flight conditions and

15  flight operations of British Airways flight 289 on March 23, 2012; information

16  provided to flight crew regarding decedent; communications with Medlink and the

17  decision to not divert; training on diversion procedures and response to in-flight

18  medical emergencies; activities and events within the cabin of British Airways

19  flight 289 from London to Phoenix on March 23, 2012; facts and circumstances

20  surrounding the alleged incident on March 23, 2012, on board British Airways

21  flight 289 from London to Phoenix, and the decedent's condition and treatment on

22  board British Airways flight 289 from London to Phoenix on March 23, 2012.

23       7.     First Officer Matthew Simmons, British Airways.

24            (May be contacted through counsel for British Airways)

25      **Subjects of Information:**  The flight plan, flight path, flight conditions and

26  flight operations of British Airways flight 289 on March 23, 2012; information

27  provided to flight crew regarding the decedent; communications with Medlink and

28  the decision to not divert; and training in diversion procedures and response to in-

1  flight medical emergencies.

2         8.    Captain Stephen Fowler, British Airways.

3         (May be contacted through counsel for British Airways)

4     **Subjects of Information:** The flight plan, flight path, flight conditions and

5  flight operations of British Airways flight 289 on March 23, 2012; information

6  provided to flight crew regarding the decedent; communications with Medlink and

7  the decision to not divert; and training in diversion procedures and response to in-

8  flight medical emergencies.

9         9.    Dr. Ratan K. Verma.

10    **Subjects of Information:** Activities and events within the cabin of British

11 Airways flight 289 from London to Phoenix on March 23, 2013; facts and

12 circumstances surrounding the alleged incident on March 23, 2013, on board

13 British Airways flight 289 from London to Phoenix; and the decedent's medical

14 condition and treatment on board British Airways flight 289 from London to

15 Phoenix.

16       10.    Unidentified Doctors on board British Airways flight 289.

17    **Subjects of Information:** Activities and events within the cabin of British

18 Airways flight 289 from London to Phoenix on March 23, 2013; facts and

19 circumstances surrounding the alleged incident on March 23, 2013, on board

20 British Airways flight 289 from London to Phoenix; and the decedent's medical

21 condition and treatment on board British Airways flight 289 from London to

22 Phoenix.

23       11.    Dr. Raynald, MedAire (Medlink), 1250 W. Washington Street, Suite

24 442, Tempe, AZ 85281.

25    **Subjects of Information:** The decedent's medical condition and treatment

26 on board British Airways flight 289 from London to Phoenix, the decision to not

27 divert; and training in diversion procedures and response to in-flight medical

28 emergencies.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    12.    Michael A. Covalciuc, M.D., 13400 E Shea Blvd  Scottsdale, AZ

2  85259, Tel: (480) 391-8000.

3    **Subject of Information:**  The decedent's physical condition, medical

4  condition and medical treatment prior to the alleged incident which is the subject

5  of this lawsuit.

6    13.    Any health care providers who treated the decedent before March 23,

7  2013.  At present, the names of these health care providers are unknown to BA.

8  BA will supplement its responses to these initial disclosures when it has the names

9  of these health care providers.

10    **Subject of Information:**  The decedent's physical condition, medical

11  condition and medical treatment prior to the alleged incident which is the subject

12  of this lawsuit.

13    14.    Laszlo T. Vaszar, M.D., Mayo Clinic Hospital, 13400 E Shea Blvd.,

14  Scottsdale, AZ 85259, Tel: (480) 301-8000.

15    **Subjects of Information:**  The decedent's physical condition, medical

16  condition and medical treatment after the alleged incident which is the subject of

17  this lawsuit.

18    15.    Francisco A. Arabia, M.D., Mayo Clinic Hospital, 5777 E Mayo

19  Blvd., Phoenix, AZ 85054, Tel: (480) 515-6296.

20    **Subjects of Information:**  The decedent's physical condition, medical

21  condition and medical treatment after the alleged incident which is the subject of

22  this lawsuit.

23    16.    Stephen F. Noll, M.D., Mayo Clinic Hospital, 13400 E Shea Blvd,

24  Scottsdale, AZ 85259, Tel: (480) 301-8000.

25    **Subjects of Information:**  The decedent's physical condition, medical

26  condition and medical treatment after the alleged incident which is the subject of

27  this lawsuit.

28    17.    Patrick A. DeValeria, M.D., Mayo Clinic Hospital, 5777 E Mayo

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   Blvd., Phoenix, AZ 85054, Tel: (480) 515-6296.

2      **Subjects of Information:** The decedent's physical condition, medical

3   condition and medical treatment after the alleged incident which is the subject of

4   this lawsuit.

5      18.   Jonathon C Adams, M.D., Mayo Clinic Hospital, 13400 E Shea Blvd,

6   Scottsdale, AZ 85259, Tel: (480) 301-8000.

7      **Subjects of Information:** The decedent's physical condition, medical

8   condition and medical treatment after the alleged incident which is the subject of

9   this lawsuit.

10      19.   Robert P. Bright, M.D., Mayo Clinic Hospital, 13400 E Shea Blvd,

11   Scottsdale, AZ 85259, Tel: (480) 301-8000.

12      **Subjects of Information:** The decedent's physical condition, medical

13   condition and medical treatment after the alleged incident which is the subject of

14   this lawsuit.

15      20.   Robert S. Candipan, M.D., St. Luke's Hospital, 1800 E. Van Buren

16   St., Phoenix, AZ 85006, Tel: (602) 251-8100

17      **Subjects of Information:** The decedent's physical condition, medical

18   condition and medical treatment after the alleged incident which is the subject of

19   this lawsuit.

20      21.   Brian Hess, M.D., 214 W Roosevelt St Unit 201C, Phoenix, AZ

21   85003.

22      **Subjects of Information:** The decedent's physical condition, medical

23   condition and medical treatment after the alleged incident which is the subject of

24   this lawsuit.

25      **(ii)   Documents.**

26      At present, British Airways does not have sufficient facts to determine

27   which documents British Airways currently has in its possession, custody or

28   control that it may use to support its defenses in this matter.  British Airways is

continuing its investigation to ascertain the facts and identify documents that it currently has in its possession, custody or control that it may use to support its defenses in this matter.  British Airways reserves its right to supplement its disclosure pursuant to and in the manner required by the Federal Rules of Civil Procedure.  Subject to the foregoing, British Airways identifies the following documents:

1. Passenger ticket for the decedent;

2. Passenger Name Record(s) for the decedent;

3. Passenger details for the decedent;

4. British Airways Customer Service Manual Chapter A12 – Injury, Illness or Death of Passengers;

5. British Airways Customer Service Manual Chapter A23 – Medical Passengers;

6. BA Incident Details and Occupational Safety Report; and

7. BA Part A(2) Joint Procedures Manual Flight and Cabin Crew;

8. The decedent's medical records from as yet unidentified health care providers generated prior to this incident;

9. The decedent's medical records from St. Luke's Hospital;

10. The decedent's medical records from Mayo Clinic Hospital; and

11. Documents and electronically stored information generated by Medlink with respect to the incident.

**(iii)   A Computation of Each Category of Damages Claimed.**

British Airways is not claiming any damages, other than its recoverable costs, in this action at this time.  However, British Airways hereby requests that plaintiffs provide, pursuant to and in the manner required by Rule 26(a)(1)(A)(iii), a computation of each category of damages claimed by plaintiffs and to make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    computation is based, including materials bearing on the nature and extent of the

2    injuries and damages claimed by plaintiffs.

3       **(iv)    Insurance Agreement.**

4       British Airways has sufficient liability insurance to satisfy any judgment

5    which may be entered against it in this action. *See Wegner v. Cliff Viessman, Inc.*,

6    153 F.R.D. 154, 160-61 (N.D. Iowa 1994).

7

8    Dated: October 29, 2013                    CONDON & FORSYTH LLP

9

10                                              By

11                                                 SCOTT D. CUNNUNGHAM
                                                   IVY L. NOWINSKI
12                                                 Attorneys for Defendant
                                                   BRITISH AIRWAYS. PLC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

3      I am a resident of the State of California, over the age of eighteen years, and

4   not a party to the within action.  My business address is 1901 Avenue of the Stars,

5   Suite 850, Los Angeles, California 90067-6010.  On October 29, 2013, I served the

6   within document:

7

**INITIAL DISCLOSURES OF BRITISH AIRWAYS PLC**

8

9   ☐   **(By Facsimile):** I caused the above-referenced document(s) to be
        transmitted by facsimile machine to the person(s) at the address(es) set
10      forth below

11  ☒   **(By Mail):** As Follows:  I am "readily familiar" with the firm's practice
        of collection and processing correspondence for mailing.  Under that
12      practice it would be deposited with the U.S. Postal Service on that same
        day with postage thereon fully prepaid at Los Angeles, California in the
13      ordinary course of business.  I am aware that on motion of the party
        served, service is presumed invalid if postal cancellation date or postage
14      meter date is more than one day after the date of deposit for mailing in
        affidavit.

15

16  ☐   **(By Personal Service):** I caused the above-referenced document(s) to be
        personally delivered by hand to the person(s) at the address(es) set forth
        below.

17

18  ☐   **(By Overnight Courier):** I caused the above-referenced document(s) to
        be delivered by an overnight courier service to the person(s) at the
        address(es) set forth below.

19

20  Gretchen M. Nelson, Esq.                    Robert J. Spragg, Esq.
    Nicole C. Andersen, Esq.                    Francis G. Fleming, Jr.
21  Kreindler & Kreindler LLP                   Kreindler & Kreindler LLP
    707 Wilshire Boulevard, Suite 3600          750 Third Avenue, 32nd Floor
22  Los Angeles, California 90017               New York, New York 10017
    Facsimile: (213) 622-6019                   Facsimile: (212) 972-9432

23

24      **(Federal):**  I declare I am employed in the office of a member of the bar of

25  this court at whose direction the service was made.

26      Executed on October  29 , 2013, at Los Angeles, California.

27

                                          _Elisabeth Sillars_
28                                          Elisabeth Sillars

EXHIBIT "D"

**COPY**

1  **KREINDLER & KREINDLER LLP**
   Francis G. Fleming (State Bar No. 004375)
2  Robert J. Spragg (*pro hac vice* pending)
3  750 Third Avenue
   New York, New York 10017
4  Telephone: (212) 687-8181
   Facsimile: (212) 972-9432
5  Email: ffleming@kreindler.com
6  Email: rspragg@kreindler.com

7  **CHRISTIAN DICHTER & SLUGA, P.C.**
8  Stephen M. Dichter (State Bar No. 004043)
   Jeffrey O. Hutchins, (State Bar No. 027310)
9  2700 North Central Avenue, Suite 1200
   Phoenix, Arizona 85004
10 Telephone: (602) 792-1700
11 Facsimile: (602) 792-1710
   Email: sdichter@cdslawfirm.com
12 Email: jhutchins@cdslawfirm.com
13 Send Court Documents to:  courtdocs@cdslawfirm.com

14 *Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next*
15 *of kin of JAMES DONALD BAILLIE, II, deceased*

JAN 3 0 2014

MICHAEL K. JEANES, CLERK
S. MEJIA
DEPUTY CLERK

COURT SEAL

16      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

17         **IN AND FOR THE COUNTY OF MARICOPA**

18 LINDA ANN BAILLIE, Individually, and as ) Case No.:  CV2014-004544
19 Personal Representative of the Estate of )
   JAMES DONALD BAILLIE, II, deceased, )
20 and on behalf of all heirs and next of kin ) **COMPLAINT FOR WRONGFUL**
   of JAMES DONALD BAILLIE, II, ) **DEATH AND PERSONAL**
21 deceased, ) **INJURIES, NEGLIGENCE,**
   ) **FAILURE TO INFORM, LOSS OF**
22 ) **CONSORTIUM**
              Plaintiff, )
23 )
        v. )
24 ) **JURY TRIAL DEMANDED**
   MEDAIRE, INC., )
25 STEVEN JOE REINHART, D.O., JESSICA )
   MONAS, M.D., )
26 RATAN K. VERMA, M.D. and )
   BRITISH AIRWAYS PLC, )
27 )
              Defendants )
28

1       Plaintiff LINDA ANN BAILLIE, Individually, and as Personal Representative of

2   the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and

3   next of kin of JAMES DONALD BAILLIE, II, deceased, including James Donald

4   Baillie, III, Jacob Edward Baillie, Jonathan David Baillie and Laura Marie Baillie, by

5   their attorneys, Kreindler & Kreindler LLP, and Christian, Dichter & Sluga, P.C.

6   ("Plaintiff"), as and for her and their complaint allege:

7   **GENERAL ALLEGATIONS**

8

9   **PARTIES**

10      1.    Plaintiff LINDA BAILLIE is a citizen and resident of the United States and

11  resides the County of Maricopa and State of Arizona, and prior to his death Plaintiff's

12

13  decedent JAMES DONALD BAILLIE, II, deceased, was a citizen and resident of

14  Maricopa County, Arizona.

15      2.    Defendant MEDAIRE, INC., also doing business as "Medlink"

16  ("MedAire"), is upon information and belief a Nevada corporation, with its principal

17

18  place of business in Tempe, Arizona; MedAire maintains or maintained its offices in

19  Maricopa County at 1250 W. Washington Street, #442, Tempe, Arizona 85281, and was

20  doing substantial business in Maricopa County on or about March 23, 2012, sufficient for

21  this Court to exercise jurisdiction over MedAire and its co-defendant employees in

22

23  respect to this matter.

24      3.    Defendant STEVEN JOE REINHART, D.O. ("Reinhart") and JESSICA

25  MONAS, M.D. ("Monas") are, upon information and belief, citizens and residents of

26  Maricopa County, and at all times mentioned herein were licensed physicians employed

27  by or acting as agents for defendant MedAire.

28

2

4.      Defendant RATAN K. VERMA, M.D. ("Verma") is a citizen and resident of the United Kingdom and upon information and belief on March 23, 2012 was a physician traveling as a passenger on an international flight operated by British Airways as BA Flight 289, which involved transportation for hire from London Heathrow Airport in the United Kingdom to the Sky Harbor Airport in the City of Phoenix, Arizona.

5.      Defendant BRITISH AIRWAYS PLC ("British Airways") is an international corporation with its principal place of business in the United Kingdom and is engaged in the business of providing international transportation for hire and on March 23, 2012 operated BA Flight 289 from London to Phoenix.

6.      The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and, this action arises under the provisions of Convention for the Unification of Certain Rules Relating to International Carriage by Air (entered into force in the United States on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45 (hereinafter the "Montreal Convention").

7.      Venue in this County satisfies the requirements of ARS § 12-401 *et seq.* in that defendants MedAire, Reinhart, Monas and British Air are subject to personal jurisdiction in this County and State and are engaged in business and reside in this County and State, and defendant Verna, a non-resident of Arizona, committed tortious acts outside this State which lead to the death of plaintiff's decedent in this State.

8.      At all times herein mentioned, defendants MedAire, Reinhart and Monas were and are engaged in the business of providing advice and consultation to airlines, including defendant British Airways, which are engaged in transporting passengers for

3

hire by air, and hold themselves out as being able to appropriately assist airlines dealing with passengers who become ill at the beginning and/or during international flights, including defining and implementing the proper care and treatment of emergency medical conditions as may be presented during a lengthy transoceanic flight and each defendant did provide advice to the crew of a certain Boeing 747-400 aircraft (the "subject aircraft"), which was operated by British Airways as Flight 289 on March 23, 2012 between London, England to Phoenix, Arizona (the "subject flight").

9.    On or about March 23, 2012, plaintiff's decedent James Donald Baillie, II, was a fare-paying passenger on board the subject flight and subject aircraft on a round trip itinerary with a destination in the United States; upon boarding the aircraft at approximately 1644 GMT (4:44 P.M. local London time) and during the subject flight, he reported to the British Air cabin crew of BA Flight 289 that he had to rush to board the flight and encountered "severe" "constant" "central chest pain," that he "felt hot," was having "difficulty breathing," had an "irregular pulse" (recorded one time at 100 per minute), a low blood pressure of 100/80, was "feverish," "anxious" and "weak" and exhibited a "pale" complexion, and during the subject flight these conditions persisted and worsened over the 10 to 11 hour flight.

10.    As parties who held themselves out as being able to provide medical emergency services and advice respecting the proper care and treatment of sick passengers including passengers afflicted with "constant," "severe" "central chest pain," a feeling of being "hot," "difficulty breathing," "irregular pulse," low blood pressure, "fever," anxiety and weakness, which conditions persisted and worsened over the 10 to

4

11 hour flight, defendants MedAire, Reinhart, Monas and Verma had a duty to understand and apply the well known principles and medical knowledge respecting the dangerous emergency condition associated with a progressive and degenerating injury to the heart and its various components, arteries, chambers and valves, initiated with and indicated by the clinical condition presented by Plaintiff's decedent on March 23, 2012, and the need for immediate medical intervention as soon as possible after the onset of symptomatology to arrest the progression of damages and injury to other components and organs.

11.    The defendant MedAire, through its servants, agents and employees, including Reinhart and Monas contracted to and did provide and defendant Verma did provide advice to the crew of BA Flight 289 on March 23, 2012 when it was transporting plaintiff's decedent who experienced a progressive medical emergency on BA Flight 289 from London, England, returning to Phoenix, Arizona onboard the approximately10 to 11 hour flight, during which Mr. Baillie became grievously ill on account of the failure to receive prompt appropriate medical intervention and appropriate treatment.

### FIRST CAUSE OF ACTION
### FOR DAMAGES AGAINST BRITISH AIRWAYS
### BY PLAINTIFF'S DECEDENT JAMES DONALD BAILLIE, II

12.    Plaintiff Linda Ann Baillie asserts each and every allegation of paragraphs 1 through 11 above, with the same force and effect as if each was more fully set forth herein at length.

13.    On March 23, 2012, Plaintiff's decedent experienced a progressive emergency medical condition commonly called a heart attack and reported his condition

1   to British Airways' cabin crew members before takeoff whom he expected to be able to

2   cope with his emergency medical condition.

3   14.     According to British Airways' cabin crew procedures, when a passenger

4   reports a medical condition to a crew member before departure the crew is supposed to

5   make contact *via* telephone with defendant MedAire to ascertain whether the stricken

6

7   passenger is or is not capable of making the long distance transoceanic trip by air.

8   15.     On March 23, 2012 prior to takeoff, the British Airways' cabin crew of BA

9   Flight 289 failed to interact with MedAire or any qualified medical personnel to ascertain

10  whether Plaintiff's decedent was or was not capable of making the trip by air prior to

11

12  takeoff; instead, the crew instructed Mr. Baillie to take his seat so the aircraft could take

13  off.

14

15  16.     On March 23, 2012, cabin crew members of British Airways Flight 289

16  contacted defendants MedAire, Reinhart and Monas and Verma about three and a half

17  hours after takeoff to obtain advice regarding its ill then grievously ill passenger James

18  Baillie, who had been experiencing and exhibiting pain and other symptoms as a result of

19

20  having exerted himself to get onboard the subject aircraft before takeoff for over three

21  hours, having immediately reported his difficulties and condition to the crew of British

22  Airways and its agents, employees and representatives before takeoff; however, upon

23

24  information and belief, defendants, and each of them, failed to either provide for adequate

25  and proper treatment to James D. Baillie, II, or to divert the flight enabling Plaintiff's

26  decedent to obtain necessary medical attention and intervention, causing Plaintiff's

27  decedent to suffer severe physical injuries over a prolonged period of time onboard the 10

28

6

to 11 hour subject flight between London, England and Phoenix, Arizona.

17.   Defendant British Airways as the operator of the subject flight accidently and negligently failed to adequately and properly treat James D. Baillie, II, or make adequate provisions for his emergency condition, and thereby caused him to sustain life threatening and ultimately fatal injuries on board the subject flight due to the failure to provide appropriate medical care.

18.   Upon information and belief, defendants MedAire, Reinhart, Monas and Verma negligently failed to provide adequate and appropriate advice and treatment to plaintiff's decedent, causing him to sustain severely aggravated and ultimately fatal injuries to his body and plaintiff's decedent experienced an accident within the meaning of the Convention.

19.   At all times mentioned herein and on March 23, 2012, plaintiff's decedent James Donald Baillie, II experienced injuries on the subject flight which were due to an unexpected and unusual event external to plaintiff's decedent James Donald Baillie, II and defendants and each of them, including defendants MedAire, Reinhart, Monas, Verma and British Airways are liable for the damages sustained by plaintiff's decedent James Donald Baillie, II and his next of kin as a result of said accident.

20.   As a result of said accident, the plaintiff's decedent James Donald Baillie, II suffered serious and permanent physical and emotional injuries and other damages, including past and future physical and mental pain and suffering, physical limitations and loss of enjoyment of life and life's activities, past and future medical care expenses of approximately $1.9 Million, past and future loss of income and damage to his business

7

activities, and other compensable injuries and died; and, plaintiff Linda Ann Baillie is entitled to recover just and reasonable compensation from the defendants for said injuries and losses.

21.     Defendants British Airways, MedAire, Reinhart, Monas and Verma are liable to plaintiff Linda Ann Baillie for all of her proven damages without limitation, because: (a) plaintiff's decedent experienced an accident on board the subject flight; (b) the defendants, and each of them, including defendants MedAire, Reinhart, Monas and Verma had a duty to provide careful, knowledgeable, prudent and informed advice to British Airways concerning Mr. Baillie's emergency medical condition and the need for timely and appropriate medical attention and intervention; (c) defendant British Airways failed to recognize the nature and extent of Plaintiff's decedent's emergency condition; (d) defendants and each of them failed to provide adequate and appropriate treatment and provide appropriate care and advice to Plaintiff's decedent as warranted by the circumstances presented; and, (e) defendants committed other wrongful acts or omissions through their servants or agents.

22.     As a result of the foregoing, defendants MedAire, Reinhart, Monas, Verma and British Airways are liable to plaintiff Linda Ann Baillie for all of her compensatory damages proven without limitation, in an amount to be determined by the jury.

### SECOND CAUSE OF ACTION FOR DAMAGES AGAINST DEFENDANTS VERMA, REINHART AND MONAS BY PLAINTIFF LINDA ANN BAILLIE

23.     Plaintiff Linda Ann Baillie asserts each and every allegation of paragraphs 1 through 22 above, with the same force and effect as if each was more fully set forth

8

1   herein at length.

2       24.   On March 23, 2012, plaintiff Linda Ann Baillie was the legal spouse of

3   plaintiff's decedent James Donald Baillie, II and plaintiff Linda Ann Baillie was and is

4   entitled to her husband's services, society, consortium, support, maintenance and care

5   and the enjoyment of her marital relationship with plaintiff's decedent James Donald

6   Baillie, II.

7

8       25.   As a proximate result of said accident and injuries to plaintiff's decedent

9   James Donald Baillie, II, plaintiff Linda Ann Baillie suffered past and future

10  compensatory damages, through her loss of her husband's services, society, consortium,

11  support, maintenance and care; his provision of care, assistance and medical expenses for

12  her husband; and, her loss of enjoyment of her marital relationship with plaintiff's

13  decedent James Donald Baillie, II.

14

15      26.   As a result of the foregoing, defendant British Airways is liable to pay

16  plaintiff Linda Ann Baillie all of her compensatory damages without limitation, in an

17  amount to be determined by the jury.

18

19      **WHEREFORE,** LINDA ANN BAILLIE, Individually, and as Personal

20  Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf

21  of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased, including James

22  Donald Baillie, III, Jacob Edward Baillie, Jonathan David Baillie and Laura Marie

23  Baillie, demands judgment against defendants and each of them on their first and second

24  causes of action, and demands compensatory damages in an amount to be determined by

25

26

27

28

1    the jury, plus fees, interest and costs, and for such other further relief as this Court deems

2    just, proper and equitable.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY DEMAND**

2

Plaintiffs hereby demand a trial by jury.

3

4

RESPECTFULLY SUBMITTED this 30th day of January, 2014.

5

KREINDLER & KREINDLER LLP

6

By

7

Francis G. Fleming

8

9

CHRISTIAN DICHTER & SLUGA, P.C.

10

By

11

Stephen M. Dichter
Jeffrey O. Hutchins

12

13

*Attorneys for Plaintiffs*

14

**ORIGINAL** of the foregoing
filed this 30 day January, 2014,

15

with:

16

Clerk of the Court

17

Maricopa County Superior Court
201 W. Jefferson

18

Phoenix, Arizona  85003

19

20

21

22

23

24

25

26

27

28

11

EXHIBIT "E"

1  Gretchen M. Nelson (112566)
   gnelson@kreindler.com
2  Nicole C. Andersen (281218)
   nandersen@kreindler.com
3  KREINDLER & KREINDLER LLP
   707 Wilshire Blvd., Suite 3600
4  Los Angeles, CA 90017
   Tel.: (213) 622-6469
5  Fax: (213) 622-6019

6  Francis G. Fleming, *pro hac vice*
   ffleming@kreindler.com
7  Robert J. Spragg, *pro hac vice*
   rspragg@kreindler.com
8  KREINDLER & KREINDLER LLP
   750 Third Avenue, 32nd Floor
9  New York, NY 10017
   Tel.: (212) 687-8181
10 Fax: (212) 972-9432

   *Attorneys for Plaintiff Linda Ann Baillie*
11

12              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
13                   WESTERN DIVISION

14 ----------------------------------------------x   Case No. 2:13-cv-04681-SVW- RZx
15 LINDA ANN BAILLIE, individually, as          **PLAINTIFF'S REQUEST**
   Personal Representative of the Estate of      **PURSUANT TO FED.R. CIV.P.**
16 JAMES DONALD BAILLIE, II, and on              **RULE 56(f) FOR ADDITIONAL**
   behalf of all heirs and next of kin of        **TIME FOR DISCOVERY TO**
17 JAMES DONALD BAILLIE, II,                      **FILE PLAINTIFF'S OPPOSI-**
   deceased,                                      **TION TO DEFENDANT'S**
18                                                **MOTION FOR SUMMARY**
                                                  **JDUGMENT AND FOR A**
19                               Plaintiff,       **CONTINUANCE OF THE**
                                                  **HEARING DATE**
20          v.
                                                  **[Filed in Conjunction with**
21 BRITISH AIRWAYS PLC,                           **Plaintiff's Opposition to**
                                                  **Defendant's Motion for Summary**
22                               Defendant.       **Judgment]**
   ----------------------------------------------x
23                                                Date: March 10, 2014
24                                                Time: 1:30 p.m.
                                                  Courtroom: 6
25                                                Judge: Hon. Stephen V. Wilson
26
27
28

PLAINTIFF'S F.R.CIV.P. RULE 56(f) REQUEST FOR CONTINUANCE FILE OPPOSITION TO SUMM. JUDGMENT AND HEARING

1    Plaintiff respectfully submits this request pursuant to Fed.R.Civ.P. Rule

2   56(f), for an Order modifying the scheduling Order dated November 5, 2013,

3   wherein the Court set the date by which defendant British Airways PLC ("British

4   Airways") was to file its motion for summary judgment and setting the hearing on

5   the motion for March 10, 2014. In accordance with the Court's Order, defendant's

6   motion was due to be filed on February 4, 2014. Plaintiff's opposition was thus set

7   to be filed on February 11, 2014, and British Airways' reply was due to be filed on

8   February 18, 2014.

9    Plaintiff respectfully requests that the Court extend the time by which

10   Plaintiff is to file her opposition and the defendant is to file its reply and to continue

11   the hearing sixty days in order to allow sufficient time to obtain discovery

12   necessary to oppose the motion. Plaintiff is filing concurrently herewith an

13   opposition to the motion for summary judgment. However, as described in the

14   accompanying Declaration of Francis G. Fleming, plaintiff has recently been

15   informed of the identity of other potentially responsible parties including MedAire,

16   Inc. a company located in Tempe, Arizona and two Arizona physicians who were

17   involved in the actions of British Airways when James Donald Baillie suffered a

18   heart attack on board a British Airways flight that ultimately led to his death.

19    Plaintiff has recently filed an action against MedAire, Inc. and the individual

20   physicians as well as British Airways PLC (which apparently is required to be

21   indemnified by MedAire, Inc.) in the Superior Court of the State of Arizona in and

22   for the County of Maricopa, styled *Linda Ann Baillie, et al. v. MedAire, Inc., et al.*,

23   Case No. CV2014-004544. (A copy of the foregoing complaint is attached as

24   Exhibit A to the Fleming Declaration.) As attested to by Mr. Fleming, MedAire,

25   Inc. and the individual physician defendants likely have information that is integral

26   to the issues raised in British Airways pending motion for summary judgment.

27

28                                          -2-

1    Plaintiff has to date not been able to obtain discovery from those defendants.

2    Further, plaintiff has a pending discovery dispute with British Airways as to the

3    certain documents that defendant has to date refused to produce.

4        Plaintiff is endeavoring to obtain discovery relevant to the so-called

5    "undisputed facts" submitted in support of defendant's pending motion for

6    summary judgment but has been unable to obtain discovery for the reasons stated in

7    the Fleming Declaration.

8        For all of the foregoing reasons and the reasons set forth in the Fleming

9    Declaration, plaintiff respectfully submits that in accordance with Fed.R.Civ.P.

10   Rule 56(f) a continuance of the pending motion is necessary in order that plaintiff

11   may have sufficient time to obtain additional discovery necessary to present a full

12   and complete opposition to defendant's motion

13

14   Dated: February 11, 2014            Respectfully submitted,

15                                       KREINDLER & KREINDLER LLP

16

17                                       By:   /s/ Francis G. Fleming
                                         Francis G. Fleming, *pro hac vice*
18                                       Robert J. Spragg, *pro hac vice*
                                         750 Third Avenue, 32nd Floor
19                                       New York, NY 10017
                                         Tel.: (212) 687-8181
20                                       Fax: (212) 972-9432

21                                            -and-

22                                       Gretchen M. Nelson(112566)
                                         Nicole C. Andersen (281218)
23                                       KREINDLER & KREINDLER LLP
                                         707 Wilshire Blvd., Suite 3600
24                                       Los Angeles, CA 90017
                                         Tel.: (213) 622-6469
25                                       Fax: (213) 622-6019

26                                       *Attorneys for Plaintiff*
                                         *Linda Ann Baillie*
27

28                                            -3-

1

2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document along with the Declaration of Francis G. Fleming with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on February 11, 2014.

I certify that the following participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system on the parties listed below:

Scott D. Cunningham, Esq.
Ivy L. Nowinski, Esq.
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067
scunningham@condonlaw.com
inowinski@condonlaw.com

and

Anthony U. Battista, Esq.
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
abattista@condonlaw.com

/s/ Gretchen M. Nelson
Gretchen M. Nelson

1   Gretchen M. Nelson (112566)
    gnelson@kreindler.com
2   Nicole C. Andersen (281218)
    nandersen@kreindler.com
3   KREINDLER & KREINDLER LLP
    707 Wilshire Blvd., Suite 3600
4   Los Angeles, CA 90017
    Tel.: (213) 622-6469
5   Fax: (213) 622-6019

6   Francis G. Fleming, *pro hac vice*
    ffleming@kreindler.com
7   Robert J. Spragg, *pro hac vice*
    rspragg@kreindler.com
8   KREINDLER & KREINDLER LLP
    750 Third Avenue, 32nd Floor
9   New York, NY 10017
    Tel.: (212) 687-8181
10  Fax: (212) 972-9432

11  *Attorneys for Plaintiff Linda Ann Baillie*

12              UNITED STATES DISTRICT COURT
13            CENTRAL DISTRICT OF CALIFORNIA
14                   WESTERN DIVISION

15  -------------------------------------------------x
    LINDA ANN BAILLIE, individually, as          Case No. 2:13-cv-04681-SVW-RZx
16  Personal Representative of the Estate of
    JAMES DONALD BAILLIE, II, and on         **DECLARATION OF FRANCIS**
17  behalf of all heirs and next of kin of       **G. FLEMING PURSUANT TO**
    JAMES DONALD BAILLIE, II,                 **RULE 56(f) IN SUPPORT OF**
18  deceased,                                                **PLAINTIFF'S REQUEST FOR**
                                                                  **ADDITIONAL TIME FOR**
19                                    Plaintiff,         **DISCOVERY TO FILE**
                                                                  **PLAINTIFF'S OPPOSITION TO**
20             v.                                              **DEFENDANT'S MOTION FOR**
                                                                  **SUMMARY JUDGMENT**
    BRITISH AIRWAYS PLC,
21                                                            Date: March 10, 2014
                                        Defendant.    Time: 1:30 p.m.
22  -------------------------------------------------x  Courtroom: 6
                                                                  Judge: Hon. Stephen V. Wilson
23

24

25

26

27

28
    ----------------------------------------------------------------------------------------------------------------

1    I, Francis G. Fleming, do hereby declare as follows:

2    1.    I am an attorney at law licensed to practice before the Courts of the
3    State of New York and I have been admitted *pro hac vice* by this Court for
4    purposes of this action.  I am one of the attorneys for plaintiff in this action.  I have
5    personal knowledge of the facts set forth in this declaration and if called to testify I
6    could and would testify competently.  This declaration is submitted in support of
7    plaintiff's request for additional time within which to file plaintiff's opposition to
8    the summary judgment motion that has been filed by the defendant British Airways
9    PLC ("British Airways") in this matter.

10    2.    This case arises out of an "accident" in the form of failing to provide
11    medical care to a gravely ill passenger for over 10 hours on the March 23, 2012
12    British Airways (BA) Flight 289 from London to Phoenix.  *See Air France v. Saks*,
13    470 U.S. 392 (1985).

14    3.    At the status conference held in this case on November 4, 2013,
15    defendant British Airways informed the Court that it intended to file a potentially
16    dispositive motion for summary judgment challenging the legal basis of plaintiff's
17    claim that plaintiff's decedent sustained an injury on account of an "accident"
18    pursuant to the so-called Montreal Convention, which the parties agree applies in
19    this case.  The Court set an expedited timeframe for filing and briefing the motion
20    for summary judgment as follows:  Motion due February 4, 2014, Opposition due
21    February 11, 2014, Reply due February 18, 2014.  The Court set the matter for
22    hearing on March 10, 2014.

23    4.    Subsequent to the status conference, as part of its initial disclosure and
24    in response to plaintiff's first set of document discovery requests, on or about
25    November 18 , 2013, British Airways first disclosed that a company called
26    MedAire, Inc. ("MedAire") with offices in Tempe, Arizona, participated with
27

2

1  British Airways in the operation of the flight with respect to Mr. Baillie's medical

2  emergency and that British Airways has an indemnity agreement with MedAire.

3  Although British Airways had previously referred obliquely to "MedLink" it had

4  never provided plaintiff with sufficient information for plaintiff to know of or

5  understand the nature of the relationship between MedAire and British Airways

6  with respect to the issues in this case.

7      5.      Based on a review of the discovery materials provided, plaintiff filed

8  suit against MedAire and three identified medical doctors involved in the flight who

9  provided medical input regarding Baillie's need for medical services for the Captain

10  of the flight to consider in respect to the operation of the flight. The lawsuit was

11  filed in the Superior Court for the State of Arizona, County of Maricopa. A true

12  and correct copy of the complaint filed in the foregoing action is attached hereto as

13  Exhibit A. In addition, plaintiff named British Airways in the lawsuit. Service of

14  the complaint has been made on MedAire and British Airways and plaintiff is in the

15  process of serving the physicians.

16      6.      There were also three other physicians on board the flight who were

17  passengers on that flight. British Airways has refused to identify them and plaintiff

18  has been hampered in her ability to locate these physicians to obtain information

19  from them.

20      7.      Until MedAire and the Arizona doctors appear, plaintiff has not be

21  able to conduct depositions of MedAire, its personnel or British Airways witnesses

22  pursuant to and on account of Rule 32(a), which requires that MedAire be present

23  and/or be represented or have notice of the depositions.

24      8.      An extension of time for plaintiff to conduct these depositions is

25  appropriate and plaintiff requests that the Court modify its existing schedule in

26

27

3

---

Declaration of Francis G. Fleming Pursuant to Rule 56(f) and in Support of Plaintiff's Request for Additional
Time for Discovery to File Plaintiff's Opposition to Summary Judgment Motion

1    order to allow MedAire and these parties to obtain counsel, appear in the Arizona

2    litigation and be represented at these depositions.

3        9.    Additionally, a discovery dispute regarding witness statements claimed

4    to be privileged (notwithstanding the disclosure of significant portions of those

5    statements in Declarations submitted in support of the motion) exists between

6    plaintiff and British Airways, and the parties are preparing the Joint Stipulation

7    with respect to a motion to compel as required by this Court's Local Rules. A

8    motion to compel production of these statements is necessary so that plaintiff may

9    obtain facts that are relevant to the issues presented by British Airways' motion.

10       10.   Further, during the period February 4 and February 11, 2014, the

11   limited scheduled time between filing of British Airways' motion and the

12   submission of plaintiff's opposition, counsel for plaintiff and their staff have

13   experienced numerous storm and weather emergencies in New York City which has

14   impacted the time available to prepare an opposition to British Airways' motion.

15       11.   It is further contemplated that when MedAire is served and all the

16   defendants in the Arizona action have appeared, plaintiff will likely seek an

17   agreement with counsel for British Airways to proceed on the newly filed claim

18   pending in Arizona because of the presence of MedAire and the two doctors who

19   are residents of Arizona. Due to the likely inability to bring an action in California

20   against the Arizona resident physicians and a third physician (who apparently

21   resides in the United Kingdom), plaintiff may further seek a change of venue under

22   28 U.S.C. §1404 for the convenience of the parties and witnesses and in the

23   interest of justice to the Arizona.

24       12.   Pursuant to Local Rule 7-3, I have requested the consent of counsel for

25   British Airways and been informed that British Airways will not agree to any

26

27

                                          4

Declaration of Francis G. Fleming Pursuant to Rule 56(f) and in Support of Plaintiff's Request for Additional
Time for Discovery to File Plaintiff's Opposition to Summary Judgment Motion

1  modification of the existing schedule. This motion is made following the

2  conference of counsel pursuant to L.R. 7-3 which took place on February 4, 2014.

3  I declare under penalty of perjury under the laws of the United States that the

4  foregoing is true and correct.

5  Executed this 11th day of February, 2014, at New York, New York.

6

7                              /s// Francis G. Fleming

8                              Francis G. Fleming

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

5

Declaration of Francis G. Fleming Pursuant to Rule 56(f) and in Support of Plaintiff's Request for Additional
Time for Discovery to File Plaintiff's Opposition to Summary Judgment Motion

Baillie, *et al*. v. British Airways PLC
Case No. 2:13-cv-04681 SVW (RZx)
Decl. of Francis G. Fleming Pursuant to Rule 56(f) in Support of
Plaintiff's Request for Additional Time for Discovery to File Plaintiff's
Opposition to Defendant's Motion for Summary Judgment

# EXHIBIT A

COPY

JAN 3 0 2014

MICHAEL K. JEANES, CLERK
S. MEJIA
DEPUTY CLERK

1    **KREINDLER & KREINDLER LLP**
     Francis G. Fleming (State Bar No. 004375)
2    Robert J. Spragg (*pro hac vice* pending)
     750 Third Avenue
3    New York, New York 10017
     Telephone:  (212) 687-8181
4    Facsimile:  (212) 972-9432
     Email: ffleming@kreindler.com
5    Email: rspragg@kreindler.com
6
7    **CHRISTIAN DICHTER & SLUGA, P.C.**
     Stephen M. Dichter (State Bar No. 004043)
8    Jeffrey O. Hutchins, (State Bar No. 027310)
9    2700 North Central Avenue, Suite 1200
     Phoenix, Arizona 85004
10   Telephone:  (602) 792-1700
11   Facsimile:  (602) 792-1710
     Email: sdichter@cdslawfirm.com
12   Email: jhutchins@cdslawfirm.com
     Send Court Documents to:  courtdocs@cdslawfirm.com
13
14   *Attorneys for Plaintiff, Linda Ann Baillie, Individually, and as Personal Representative of*
     *the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next*
15   *of kin of JAMES DONALD BAILLIE, II, deceased*

16          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

17             **IN AND FOR THE COUNTY OF MARICOPA**

18   LINDA ANN BAILLIE, Individually, and as    )   Case No.:   **CV2014-004544**
19   Personal Representative of the Estate of    )
     JAMES DONALD BAILLIE, II, deceased,         )
20   and on behalf of all heirs and next of kin  )   **COMPLAINT FOR WRONGFUL**
21   of JAMES DONALD BAILLIE, II,                )   **DEATH AND PERSONAL**
     deceased,                                   )   **INJURIES, NEGLIGENCE,**
                                                 )   **FAILURE TO INFORM, LOSS OF**
22                                               )   **CONSORTIUM**
23          Plaintiff,                           )
            v.                                   )
24   MEDAIRE, INC.,                              )   **JURY TRIAL DEMANDED**
25   STEVEN JOE REINHART, D.O., JESSICA          )
     MONAS, M.D.,                                )
26   RATAN K. VERMA, M.D. and                    )
     BRITISH AIRWAYS PLC,                        )
27                                               )
            Defendants                           )
28

1    Plaintiff LINDA ANN BAILLIE, Individually, and as Personal Representative of

2    the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and

3    next of kin of JAMES DONALD BAILLIE, II, deceased, including James Donald

4    Baillie, III, Jacob Edward Baillie, Jonathan David Baillie and Laura Marie Baillie, by

5    their attorneys, Kreindler & Kreindler LLP, and Christian, Dichter & Sluga, P.C.

6    ("Plaintiff"), as and for her and their complaint allege:

7                                    GENERAL ALLEGATIONS

8                                          PARTIES

9

10       1.    Plaintiff LINDA BAILLIE is a citizen and resident of the United States and

11   resides the County of Maricopa and State of Arizona, and prior to his death Plaintiff's

12   decedent JAMES DONALD BAILLIE, II, deceased, was a citizen and resident of

13

14   Maricopa County, Arizona.

15       2.    Defendant MEDAIRE, INC., also doing business as "Medlink"

16   ("MedAire"), is upon information and belief a Nevada corporation, with its principal

17   place of business in Tempe, Arizona; MedAire maintains or maintained its offices in

18

19   Maricopa County at 1250 W. Washington Street, #442, Tempe, Arizona 85281, and was

20   doing substantial business in Maricopa County on or about March 23, 2012, sufficient for

21   this Court to exercise jurisdiction over MedAire and its co-defendant employees in

22

23   respect to this matter.

24       3.    Defendant STEVEN JOE REINHART, D.O. ("Reinhart") and JESSICA

25   MONAS, M.D. ("Monas") are, upon information and belief, citizens and residents of

26   Maricopa County, and at all times mentioned herein were licensed physicians employed

27

28   by or acting as agents for defendant MedAire.

                                            2

4.   Defendant RATAN K. VERMA, M.D. ("Verma") is a citizen and resident of the United Kingdom and upon information and belief on March 23, 2012 was a physician traveling as a passenger on an international flight operated by British Airways as BA Flight 289, which involved transportation for hire from London Heathrow Airport in the United Kingdom to the Sky Harbor Airport in the City of Phoenix, Arizona.

5.   Defendant BRITISH AIRWAYS PLC ("British Airways") is an international corporation with its principal place of business in the United Kingdom and is engaged in the business of providing international transportation for hire and on March 23, 2012 operated BA Flight 289 from London to Phoenix.

6.   The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and, this action arises under the provisions of Convention for the Unification of Certain Rules Relating to International Carriage by Air (entered into force in the United States on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45 (hereinafter the "Montreal Convention").

7.   Venue in this County satisfies the requirements of ARS § 12-401 *et seq.* in that defendants MedAire, Reinhart, Monas and British Air are subject to personal jurisdiction in this County and State and are engaged in business and reside in this County and State, and defendant Verna, a non-resident of Arizona, committed tortious acts outside this State which lead to the death of plaintiff's decedent in this State.

8.   At all times herein mentioned, defendants MedAire, Reinhart and Monas were and are engaged in the business of providing advice and consultation to airlines, including defendant British Airways, which are engaged in transporting passengers for

3

hire by air, and hold themselves out as being able to appropriately assist airlines dealing with passengers who become ill at the beginning and/or during international flights, including defining and implementing the proper care and treatment of emergency medical conditions as may be presented during a lengthy transoceanic flight and each defendant did provide advice to the crew of a certain Boeing 747-400 aircraft (the "subject aircraft"), which was operated by British Airways as Flight 289 on March 23, 2012 between London, England to Phoenix, Arizona (the "subject flight").

9.      On or about March 23, 2012, plaintiff's decedent James Donald Baillie, II, was a fare-paying passenger on board the subject flight and subject aircraft on a round trip itinerary with a destination in the United States; upon boarding the aircraft at approximately 1644 GMT (4:44 P.M. local London time) and during the subject flight, he reported to the British Air cabin crew of BA Flight 289 that he had to rush to board the flight and encountered "severe" "constant" "central chest pain," that he "felt hot," was having "difficulty breathing," had an "irregular pulse" (recorded one time at 100 per minute), a low blood pressure of 100/80, was "feverish," "anxious" and "weak" and exhibited a "pale" complexion, and during the subject flight these conditions persisted and worsened over the 10 to 11 hour flight.

10.     As parties who held themselves out as being able to provide medical emergency services and advice respecting the proper care and treatment of sick passengers including passengers afflicted with "constant," "severe" "central chest pain," a feeling of being "hot," "difficulty breathing," "irregular pulse," low blood pressure, "fever," anxiety and weakness, which conditions persisted and worsened over the 10 to

1   11 hour flight, defendants MedAire, Reinhart, Monas and Verma had a duty to

2   understand and apply the well known principles and medical knowledge respecting the

3   dangerous emergency condition associated with a progressive and degenerating injury to

4   the heart and its various components, arteries, chambers and valves, initiated with and

5

6   indicated by the clinical condition presented by Plaintiff's decedent on March 23, 2012,

7   and the need for immediate medical intervention as soon as possible after the onset of

8   symptomatology to arrest the progression of damages and injury to other components and

9

10  organs.

11       11.    The defendant MedAire, through its servants, agents and employees,

12  including Reinhart and Monas contracted to and did provide and defendant Verma did

13  provide advice to the crew of BA Flight 289 on March 23, 2012 when it was transporting

14

15  plaintiff's decedent who experienced a progressive medical emergency on BA Flight 289

16  from London, England, returning to Phoenix, Arizona onboard the approximately10 to 11

17  hour flight, during which Mr. Baillie became grievously ill on account of the failure to

18

19  receive prompt appropriate medical intervention and appropriate treatment.

20                        **FIRST CAUSE OF ACTION**
                **FOR DAMAGES AGAINST BRITISH AIRWAYS**
21          **BY PLAINTIFF'S DECEDENT JAMES DONALD BAILLIE, II**

22       12.    Plaintiff Linda Ann Baillie asserts each and every allegation of paragraphs

23  1 through 11 above, with the same force and effect as if each was more fully set forth

24

25  herein at length.

26       13.    On March 23, 2012, Plaintiff's decedent experienced a progressive

27  emergency medical condition commonly called a heart attack and reported his condition

28

5

1  to British Airways' cabin crew members before takeoff whom he expected to be able to

2  cope with his emergency medical condition.

3       14.    According to British Airways' cabin crew procedures, when a passenger

4  reports a medical condition to a crew member before departure the crew is supposed to

5

6  make contact *via* telephone with defendant MedAire to ascertain whether the stricken

7  passenger is or is not capable of making the long distance transoceanic trip by air.

8       15.    On March 23, 2012 prior to takeoff, the British Airways' cabin crew of BA

9

10  Flight 289 failed to interact with MedAire or any qualified medical personnel to ascertain

11  whether Plaintiff's decedent was or was not capable of making the trip by air prior to

12  takeoff; instead, the crew instructed Mr. Baillie to take his seat so the aircraft could take

13  off.

14

15       16.    On March 23, 2012, cabin crew members of British Airways Flight 289

16  contacted defendants MedAire, Reinhart and Monas and Verma about three and a half

17  hours after takeoff to obtain advice regarding its ill then grievously ill passenger James

18  Baillie, who had been experiencing and exhibiting pain and other symptoms as a result of

19
    having exerted himself to get onboard the subject aircraft before takeoff for over three
20
    hours, having immediately reported his difficulties and condition to the crew of British
21

22  Airways and its agents, employees and representatives before takeoff; however, upon

23  information and belief, defendants, and each of them, failed to either provide for adequate

24  and proper treatment to James D. Baillie, II, or to divert the flight enabling Plaintiff's

25
    decedent to obtain necessary medical attention and intervention, causing Plaintiff's
26

27  decedent to suffer severe physical injuries over a prolonged period of time onboard the 10

28

1    to 11 hour subject flight between London, England and Phoenix, Arizona.

2         17.   Defendant British Airways as the operator of the subject flight accidently

3    and negligently failed to adequately and properly treat James D. Baillie, II, or make

4    adequate provisions for his emergency condition, and thereby caused him to sustain life

5

6    threatening and ultimately fatal injuries on board the subject flight due to the failure to

7    provide appropriate medical care.

8         18.   Upon information and belief, defendants MedAire, Reinhart, Monas and

9

10   Verma negligently failed to provide adequate and appropriate advice and treatment to

11   plaintiff's decedent, causing him to sustain severely aggravated and ultimately fatal

12   injuries to his body and plaintiff's decedent experienced an accident within the meaning

13   of the Convention.

14

15        19.   At all times mentioned herein and on March 23, 2012, plaintiff's decedent

16   James Donald Baillie, II experienced injuries on the subject flight which were due to an

17   unexpected and unusual event external to plaintiff's decedent James Donald Baillie, II

18   and defendants and each of them, including defendants MedAire, Reinhart, Monas,

19

20   Verma and British Airways are liable for the damages sustained by plaintiff's decedent

21   James Donald Baillie, II and his next of kin as a result of said accident.

22        20.   As a result of said accident, the plaintiff's decedent James Donald Baillie,

23   II suffered serious and permanent physical and emotional injuries and other damages,

24

25   including past and future physical and mental pain and suffering, physical limitations and

26   loss of enjoyment of life and life's activities, past and future medical care expenses of

27   approximately $1.9 Million, past and future loss of income and damage to his business

28

7

1   activities, and other compensable injuries and died; and, plaintiff Linda Ann Baillie is

2   entitled to recover just and reasonable compensation from the defendants for said injuries

3   and losses.

4

5       21.   Defendants British Airways, MedAire, Reinhart, Monas and Verma are

6   liable to plaintiff Linda Ann Baillie for all of her proven damages without limitation,

7   because: (a) plaintiff's decedent experienced an accident on board the subject flight; (b)

8   the defendants, and each of them, including defendants MedAire, Reinhart, Monas and

9   Verma had a duty to provide careful, knowledgeable, prudent and informed advice to

10  British Airways concerning Mr. Baillie's emergency medical condition and the need for

11  timely and appropriate medical attention and intervention; (c) defendant British Airways

12  failed to recognize the nature and extent of Plaintiff's decedent's emergency condition;

13  (d) defendants and each of them failed to provide adequate and appropriate treatment and

14  provide appropriate care and advice to Plaintiff's decedent as warranted by the

15  circumstances presented; and, (e) defendants committed other wrongful acts or omissions

16  through their servants or agents.

17

18      22.   As a result of the foregoing, defendants MedAire, Reinhart, Monas, Verma

19  and British Airways are liable to plaintiff Linda Ann Baillie for all of her compensatory

20  damages proven without limitation, in an amount to be determined by the jury.

21

22                    **SECOND CAUSE OF ACTION FOR DAMAGES**
23                 **AGAINST DEFENDANTS VERMA, REINHART AND MONAS**
                          **BY PLAINTIFF LINDA ANN BAILLIE**
24

25      23.   Plaintiff Linda Ann Baillie asserts each and every allegation of paragraphs

26  1 through 22 above, with the same force and effect as if each was more fully set forth

27

28

herein at length.

24.    On March 23, 2012, plaintiff Linda Ann Baillie was the legal spouse of plaintiff's decedent James Donald Baillie, II and plaintiff Linda Ann Baillie was and is entitled to her husband's services, society, consortium, support, maintenance and care and the enjoyment of her marital relationship with plaintiff's decedent James Donald Baillie, II.

25.    As a proximate result of said accident and injuries to plaintiff's decedent James Donald Baillie, II, plaintiff Linda Ann Baillie suffered past and future compensatory damages, through her loss of her husband's services, society, consortium, support, maintenance and care; his provision of care, assistance and medical expenses for her husband; and, her loss of enjoyment of her marital relationship with plaintiff's decedent James Donald Baillie, II.

26.    As a result of the foregoing, defendant British Airways is liable to pay plaintiff Linda Ann Baillie all of her compensatory damages without limitation, in an amount to be determined by the jury.

WHEREFORE, LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased, including James Donald Baillie, III, Jacob Edward Baillie, Jonathan David Baillie and Laura Marie Baillie, demands judgment against defendants and each of them on their first and second causes of action, and demands compensatory damages in an amount to be determined by

9

1  the jury, plus fees, interest and costs, and for such other further relief as this Court deems

2  just, proper and equitable.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

RESPECTFULLY SUBMITTED this _30th_ day of January, 2014.

KREINDLER & KREINDLER LLP

By _____
    Francis G. Fleming

CHRISTIAN DICHTER & SLUGA, P.C.

By _____
    Stephen M. Dichter
    Jeffrey O. Hutchins

*Attorneys for Plaintiffs*

**ORIGINAL** of the foregoing
filed this _30_ day January, 2014,
with:

Clerk of the Court
Maricopa County Superior Court
201 W. Jefferson
Phoenix, Arizona 85003

11