Mark C. Dangerfield (Bar No. 010832)
Wm. Charles Thomson (Bar No. 004269)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
E-mails: mark.dangerfield@gknet.com
             wct@gknet.com
Attorneys for Defendants MedAire, Inc., Steven
Joe Reinhart, D.O., and Jessica Monas, M.D.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEDAIRE, INC.; STEVEN JOE REINHART, D.O.; JESSICA MONAS, M.D.; RATAN K. VERMA, M.D., and BRITISH AIRWAYS PLC,<br><br>Defendants. | No. 2:2014cv00420-DGC<br><br>**ANSWER OF DEFENDANTS MEDAIRE, INC., STEVEN JOE REINHART, D.O., AND JESSICA MONAS, M.D.** |

Defendants MedAire, Inc., Steven Joe Reinhart, D.O., and Jessica Monas, M.D. (sometimes collectively, the "MedAire Defendants") admit, deny, and assert as follows:

## GENERAL ALLEGATIONS

## PARTIES

1. The MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, the MedAire Defendants admit that MedAire is a Nevada corporation, that MedAire has an office at 1250 West Washington Street, Suite 442, Tempe, Arizona 85281, and that MedAire conducts substantial business from its office in Arizona.

3. Answering paragraph 3 of the Complaint, Drs. Reinhart and Monas admit that they are residents of Maricopa County, Arizona, and that, at all times relevant to the allegation of the Complaint, they were licensed physicians. Drs. Reinhart and Monas deny that they were employed by MedAire. Whether they were "agents" for MedAire is a legal conclusion that requires no response from Drs. Reinhart and Monas.

4. The MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, the MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except the MedAire Defendants admit that British Airways PLC ("BA") operated flight number BA 289 from London, England to Phoenix, Arizona on March 23, 2012.

6. The MedAire Defendants deny the allegations in paragraph 6 of the Complaint, except they admit that this action arises under the Convention for the Unification of Certain Rules for International Carriage by Air (entered into force in the United States on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45 (the "Montreal Convention").

7. Answering paragraph 7 of the Complaint, MedAire admits that it is engaged in business in this County and State, and Drs. Reinhart and Monas admit that they are residents of this County and State. The remaining allegations in this paragraph are legal conclusions that require no response from the MedAire Defendants.

8. The MedAire Defendants deny the allegations of paragraph 8 of the Complaint, except that they admit that, on March 23, 2012, they provided remote advice, by telephone, in response to questions from the crew of BA Flight 289, flying from London to Phoenix, in connection with medical issues the BA crew said involved a 61-year old male passenger experiencing chest pain and certain other symptoms.

9. The MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

///

10. The MedAire Defendants deny the allegations of paragraph 10 of the Complaint.

11. The MedAire Defendants deny the allegations of paragraph 11 of the Complaint, except they admit that they provided some remote advice, by telephone, to the crew of BA Flight 289 on March 23, 2012, based on information the MedAire Defendants received from the flight crew concerning apparent medical issues with a certain male passenger.

**FIRST CAUSE OF ACTION
FOR DAMAGES AGAINST BRITISH AIRWAYS
BY PLAINTIFF'S DECEDENT JAMES DONALD BAILLIE, II**

12. Answering the allegations in paragraph 12 of the Complaint, the MedAire Defendants re-allege each and every answer contained in paragraphs 1-11 as if fully set forth herein.

13. The MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. The MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Answering the allegations in paragraph 15 of the Complaint, the MedAire Defendants assert that these allegations relate only to BA, and require no response from these answering defendants, except the MedAire Defendants admit that on March 23, 2012, the flight crew of BA Flight 289 did not contact MedAire prior to takeoff.

16. Answering the allegations in paragraph 16 of the Complaint, the MedAire Defendants deny that crew members of BA Flight 289 contacted Defendant Dr. Monas about three and a half hours after takeoff. The MedAire Defendants admit that, on March 23, 2012, crew members of BA Flight 289 first contacted MedAire for advice relating to a male passenger at approximately 1845 GMT, and that shortly thereafter Defendant Dr. Reinhart joined the call. The MedAire Defendants deny that that they acted improperly or gave improper advice during that call, and further deny that their actions or omissions caused Plaintiff's decedent to suffer severe physical injuries. The MedAire Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17. Answering the allegations in paragraph 17 of the Complaint, the MedAire Defendants assert that these allegations relate only to BA, and require no response from these answering defendants.

18. The MedAire Defendants deny the allegations in paragraph 18 of the Complaint.

19. The MedAire Defendants deny the allegations in paragraph 19 of the Complaint.

20. The MedAire Defendants deny the allegations in paragraph 20 of the Complaint.

21. Answering the allegations in paragraph 21 of the Complaint, the MedAire Defendants admit they had a duty to BA to provide advice in keeping with the standards expected of a reasonable practitioner in this community and in these circumstances, based on the information BA provided them, but deny the remaining allegations in the paragraph.

22. The MedAire Defendants deny the allegations in paragraph 22 of the Complaint.

**SECOND CAUSE OF ACTION
FOR DAMAGES AGAINST
DEFENDANTS VERMA, REINHART. AND MONAS
BY PLAINTIFF LINDA ANN BAILLIE**

23. Answering the allegations in paragraph 23 of the Complaint, the MedAire Defendants re-allege each and every answer contained in paragraphs 1-22 as if fully set forth herein.

24. The MedAire Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. The MedAire Defendants deny the allegations in paragraph 25 of the Complaint.

26. Answering the allegations in paragraph 26 of the Complaint, the MedAire Defendants assert that these allegations relate only to BA, and require no response from

these answering defendants. The MedAire Defendants deny that they have any liability to Plaintiff Linda Ann Baillie.

## ALLEGATIONS COMMON TO ALL COUNTS

27. The MedAire Defendants deny any relevant, material factual allegations in Plaintiff's Complaint not specifically responded to above, if any.

## FIRST AFFIRMATIVE DEFENSE

28. Plaintiff's claims are governed exclusively by the Montreal Convention, a treaty of the United States.

## SECOND AFFIRMATIVE DEFENSE

29. The MedAire Defendants are not liable to Plaintiff because the alleged damages complained of were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## THIRD AFFIRMATIVE DEFENSE

30. The damages alleged in the Complaint were caused or contributed to by the Plaintiff's decedent's negligence, or by other wrongful acts or omissions, and the MedAire Defendants are entitled to be wholly or partly exonerated from liability in proportion to Plaintiff's decedent's fault, in accordance with Article 20 of the Montreal Convention.

## FOURTH AFFIRMATIVE DEFENSE

31. The MedAire Defendants' liability, if any, for Plaintiff's alleged injuries and damages is limited by Article 21 of the Montreal Convention because Plaintiff's alleged injuries and damages were not due to the negligence or other wrongful acts or omissions of the MedAire Defendants or their servants or agents and/or were solely due to the negligence or other wrongful acts or omissions of a third-party.

## FIFTH AFFIRMATIVE DEFENSE

32. The MedAire Defendants deny that Plaintiff is entitled to recover any damages from the MedAire Defendants arising from the death of Plaintiff's decedent, but to the extent that Plaintiff may be entitled to recover damages, the MedAire Defendants'

liability for Plaintiff's damages is limited by Article 21 of the Montreal Convention to the sum of 113,100 SDRs.

### SIXTH AFFIRMATIVE DEFENSE

33. The MedAire Defendants' liability, if any, with respect to Plaintiff's alleged damages is further limited or excluded in accordance with the conditions of carriage, conditions of contract, and tariffs.

### SEVENTH AFFIRMATIVE DEFENSE

34. Plaintiff's alleged damages are limited, excluded, and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. §§ 1301, *et seq.*, now re-codified and incorporated into 49 U.S.C. §§ 40101, *et seq.*), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

### EIGHTH AFFIRMATIVE DEFENSE

35. Plaintiff's alleged damages are limited, excluded, and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended as 49 U.S.C. §§ 40101-44310 (1994)). *See Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 3d 933 (2008); *Air Transport Ass'n of America v. Cuomo*, 520 F.3d 218 (2d Cir. 2008).

### NINTH AFFIRMATIVE DEFENSE

36. The Complaint and each and every cause of action alleged in the Complaint are barred, in whole or in part, because the MedAire Defendants' conduct was in conformity with and was pursuant to statutes, governmental regulations, and industry standards expected of a reasonable practitioner in this community based upon the knowledge existing at the time of such conduct.

### TENTH AFFIRMATIVE DEFENSE

37. Plaintiff's Complaint against the MedAire Defendants is barred on the grounds that it fails to state a claim upon which relief can be granted.

/ / /

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

38. The incident alleged in the Complaint, and the damages Plaintiff alleges that were sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than the MedAire Defendants; however, in the event that a finding is made that negligence exists on the part of the MedAire Defendants, which proximately contributed to the damages alleged in the Complaint, the MedAire Defendants' liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which Plaintiff seeks recovery.

**TWELFTH AFFIRMATIVE DEFENSE**

39. The incident alleged in the Complaint, and the damages Plaintiff alleges were sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than the MedAire Defendants; however, in the event that a finding is made that liability exists on the part of the MedAire Defendants, the MedAire Defendants are entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

40. The incident alleged in the Complaint, and the damages Plaintiff alleges were sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by the MedAire Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

41. Plaintiff's alleged damages, if any, should be barred or limited as a result of the failure of Plaintiff and Plaintiff's decedent to take reasonable steps to mitigate the damages.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

42. The incident alleged in the Complaint, and the damages Plaintiff alleges were sustained as a result of the incident, if occasioned by fault, are attributable to the

conduct of third persons or entities over which the MedAire Defendants had no control at any relevant time.

### SIXTEENTH AFFIRMATIVE DEFENSE

43. The Estate of James Donald Baillie, II, and all heirs and next of kin, are not, on information and belief, proper claimants or parties, and therefore not entitled to recover in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

44. The incident alleged in the Complaint, and the injuries and damages Plaintiff alleges were sustained, were not proximately caused by an act or omission on the part of the MedAire Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint is barred because Plaintiff's decedent knowingly, voluntarily, and freely assumed the risk of hazard of all activities alleged in Plaintiff's Complaint, and each alleged cause of action contained therein, which assumption of risk or hazard was the proximate cause of Plaintiff's alleged damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred because Plaintiff's decedent failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such danger existed.

### TWENTIETH AFFIRMATIVE DEFENSE

47. Plaintiff's claims against the MedAire Defendants are barred because they had no duty of care toward the Plaintiff or the Plaintiff's decedent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

48. Plaintiff has no claims against Defendant Drs. Reinhart and Monas because they had no physician-patient relationship with the Plaintiff or the Plaintiff's decedent, and never saw, spoke with, or examined the decedent.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

49. Plaintiff has no claims against Defendant Drs. Reinhart and Monas because they were never asked to diagnose the Plaintiff's decedent, and they had no ability to, and never did, directly treat the Plaintiff's decedent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

50. Plaintiff has no claims against the MedAire Defendants because, even if the MedAire Defendants had a duty toward Plaintiff's decedent, their ability to diagnose or recommend treatment for the Plaintiff's decedent was limited by the medical equipment and facilities available onboard BA Flight 289.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff has no claims against the MedAire Defendants because, on information and belief, Plaintiff's decedent, while on board BA Flight 289, was at relevant times under the direct observation and care of other doctors who were then on board the plane. Defendant Drs. Reinhart and Monas never spoke with, and were not permitted to speak with, the onboard doctors who were directly observing Plaintiff's decedent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

52. The MedAire Defendants have no liability stemming from the decision not to divert BA Flight 289 to a location other than Phoenix, because only the pilot of BA Flight 289, not the MedAire Defendants, was empowered to make, and did make, the decision whether to divert or to continue to Phoenix, without relying on any advice from the MedAire Defendants. Defendant Dr. Monas advised the pilot of BA Flight 289 that, if the personnel on the plane felt that the Plaintiff's decedent was not looking well, MedAire could take a look at diversion locations. The BA Flight 289 pilot then advised that he was going to get an update from the doctor on board and would then decide whether to divert, but said the flight was then closest to Chicago. MedAire said it would call Chicago and advise personnel there that there was a possibility of a diversion.

53. However, on information and belief, two doctors on board BA Flight 289, both of whom had directly observed and interacted with the Plaintiff's decedent, separately advised the BA crew that continuing to Phoenix would not worsen the condition of Plaintiff's decedent, and Plaintiff's decedent himself specifically requested that the aircraft continue to Phoenix and not be diverted to a closer location. On information and belief, the pilot of BA Flight 289 was advised of this, and, having been so

1  advised, and without further consultation with the MedAire Defendants, made the
2  decision to continue to Phoenix.
3        **WHEREFORE**, Defendants MedAire, Inc., Steven Joe Reinhart, D.O., and Jessica
4  Monas, M.D. respectfully request that Plaintiff take nothing by this action against them,
5  that the action against them be dismissed with prejudice, and that the Court grant them
6  their costs and other relief as its deems just and proper.
7        RESPECTFULLY submitted this 14th day of March, 2014.

                                GALLAGHER & KENNEDY, P.A.

                                By: /s/ *Mark C. Dangerfield*
                                   Mark C. Dangerfield
                                   Wm. Charles Thomson
                                   2575 East Camelback Road
                                   Phoenix, Arizona  85016-9225
                                   Attorneys for Defendants MedAire, Inc.;
                                   Steven Joe Reinhart, D.O.; and Jessica
                                   Monas, M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of March, 2014, a copy of the foregoing document was filed electronically via the Court's CM/ECF system and Notice of Electronic Filing served on all parties by operation of the Court's CM/ECF system.

Stephen M. Dichter, Esq.
Jeffrey O. Hutchins, Esq.
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, AZ  85004
    sdichter@cdslawfirm.com
    jhutchins@cdslawfirm.com
*Attorneys for Plaintiff*

Francis G. Fleming, Esq.
Robert J. Spragg, Esq.
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY  10017
    ffleming@kreindler.com
    rspragg@kreindler.com
*Attorneys for Plaintiff*

J. Gary Linder, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ  85012
    glinder@jshfirm.com
*Attorneys for Defendant British Airways, PLC*

Scott D. Cunningham, Esq.
Ivy L. Nowinski, Esq.
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA  90067-6010
    scunningham@condonlaw.com
    inowinski@condonlaw.com
*Attorneys for Defendant British Airways, PLC*

By: */s/ Mark C. Dangerfield*