# EXHIBIT 9

1  Scott D. Cunningham (State Bar No.: 200413)
   Email: scunningham@condonlaw.com
2  Ivy L. Nowinski (State Bar No.: 268564)
   Email: inowinski@condonlaw.com
3  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
4  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
5  Facsimile: (310) 557-1299

6  Attorneys for Defendant
   BRITISH AIRWAYS, PLC

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 LINDA ANN BAILLIE, individually, as  ) Case No. CV13-4681 SVW (RZx)
   Personal Representative of the Estate of )
12 JAMES DONALD BAILLIE, II, and on   ) RESPONSES OF BRITISH
   behalf of all heirs and next of kin of )  AIRWAYS, PLC TO
13 JAMES DONALD BAILLIE, II,           ) PLAINTIFF'S FIRST REQUEST
   deceased,                           ) FOR PRODUCTION OF
14                                     ) DOCUMENTS AND THINGS
              Plaintiff,                )
15                                     )
        vs.                            )
16                                     )
   BRITISH AIRWAYS PLC,                )
17                                     )
              Defendants.              )
18 _____)

19     PROPOUNDING PARTY:    PLAINTIFF LINDA ANN BAILLIE

20     RESPONDING PARTY:     BRITISH AIRWAYS, PLC

21     SET NUMBER:           ONE

22

23     Defendant British Airways, Plc (hereinafter "British Airways"), by and

24 through its attorneys of record, Condon & Forsyth LLP, hereby responds to the

25 first request by plaintiff Linda Ann Baillie for production of documents and things

26 as follows:

27 //

28 //

---

RESPONSES OF BRITISH AIRWAYS TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION
CASE NO.: CV13-4681 SVW (RZx)                                    LAOFFICE 51459V.1

## GENERAL OBJECTIONS

1. British Airways objects to Plaintiff's first set of requests for production of documents and things to the extent that it requests information protected by the attorney-client privilege.

2. British Airways objects to Plaintiff's first set of requests for production of documents and things to the extent that it requests information protected by the attorney work product doctrine.

3. British Airways objects to Plaintiff's first set of requests for production of documents and things to the extent that it imposes obligations upon British Airways beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the Local Rules of the Central District of California.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

The entire contents of any files in the possession of the Defendant which relate to the subject in-flight medical emergency.

**Response to Request for Production No. 1:**

*See* General Objections. Without waiving and subject to the foregoing objections, British Airways will produce all responsive, non-privileged documents currently within its possession, custody or control.

**Request for Production No. 2:**

All documents concerning or relating to the subject in-flight medical emergency made by any person studying documenting or investigating the circumstances surrounding the occurrence.

**Response to Request for Production No. 2:**

*See* General Objections. British Airways also objects to this request for production on the grounds that it is vague and ambiguous as to the meaning of the phrase "studying documenting or investigating." Without waiving and subject to the foregoing objections, British Airways will produce all responsive, non-privileged documents currently within its possession, custody or control.

**Request for Production No. 3:**

All reports prepared concerning the subject in-flight medical emergency.

**Response to Request for Production No. 3:**

*See* General Objections. Without waiving and subject to the foregoing objections, British Airways will produce all responsive, non-privileged documents currently within its possession, custody or control.

**Request for Production No. 4:**

All documents reflecting the names, home and business addresses and telephone numbers of persons claiming to be witnesses to the subject in-flight medical emergency.

**Response to Request for Production No. 4:**

*See* General Objections. British Airways also objects to this request for production on the grounds that it invades the privacy rights of persons who are not parties to and have no connection with this lawsuit. British Airways further objects to this request for production on the grounds that 14 C.F.R. Part 243 prohibits the use or dissemination of passenger manifests and contact information for commercial or marketing purposes and prohibits the release of passenger lists and contact information to anyone other than U.S. State Department, the National Transportation Safety Board and the U.S. Department of Transportation. British Airways also objects to this request for production on the grounds that it calls for

RESPONSES OF BRITISH AIRWAYS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
CASE NO.: CV13-4681 SVW (RZx)
- 3 -
LAOFFICE 51459V.1

1 | documents and information protected by European Union Directive 95/46/EC
2 | ("The Data Protection Directive"). In addition, British Airways objects to this
3 | request to the extent that it is unaware of any "persons claiming to be witnesses."
4 | Subject to and without waiving the foregoing objections, British Airways will
5 | produce contact information for the passenger witness(es) of which counsel for
6 | British Airways is presently aware, subject to the entry of a suitable protective
7 | order.

**Request for Production No. 5:**

All documents containing statements provided by any person or persons which relate in any way to the subject in-flight medical emergency or any damages resulting therefrom.

**Response to Request for Production No. 5:**

*See* General Objections. British Airways also objects to this request for production on the grounds that it invades the privacy rights of persons who are not parties to and have no connection with this lawsuit. Subject to and without waiving the foregoing objections, British Airways will produce all non-privileged documents containing statements provided by any persons which relate to the in-flight medical emergency or any damages resulting therefrom of which counsel for British Airways is presently aware, subject to the entry of a suitable protective order.

**Request for Production No. 6:**

All documents reflecting the names and assignments of the flight crew on the subject flight.

**Response to Request for Production No. 6:**

*See* General Objections. Without waiving and subject to the foregoing objections, British Airways will produce all responsive, non-privileged documents

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  currently within its possession, custody or control.

2

3  **Request for Production No. 7:**

4  All documents reflecting the names and assignments of the cabin crew on
5  the subject flight.

6  **Response to Request for Production No. 7:**

7  *See* General Objections. Without waiving and subject to the foregoing
8  objections, British Airways will produce all responsive, non-privileged documents
9  currently within its possession, custody or control.

10

11 **Request for Production No. 8:**

12 All documents evidencing James Donald Baillie, II's air travel on the subject
13 flight, including but not limited to, the airline ticket or tickets, including front and
14 back sides of the ticket, any inserts and boarding passes.

15 **Response to Request for Production No. 8:**

16 *See* General Objections. Without waiving and subject to the foregoing
17 objections, British Airways will produce all responsive, non-privileged documents
18 currently within its possession, custody or control.

19

20 **Request for Production No. 9:**

21 All documents prepared by the flight crew or cabin crew of the subject flight
22 containing accident or incident reports concerning the subject in-flight medical
23 emergency.

24 **Response to Request for Production No. 9:**

25 *See* General Objections. Without waiving and subject to the foregoing
26 objections, British Airways will produce all responsive, non-privileged documents
27 currently within its possession, custody or control.

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**Request for Production No. 10:**

The chapter of the British Airways PLC Passenger Services Manual dealing with in-flight medical emergencies in effect and applicable to the subject flight.

**Response to Request for Production No. 10:**

*See* General Objections. British Airways also objects to this request for production on the grounds that it seeks confidential and proprietary information. Without waiving and subject to the foregoing objection, British Airways will produce all responsive, non-privileged documents currently within its possession, custody and control, subject to the entry of a suitable protective order.

**Request for Production No. 11:**

Any British Airways PLC rules, regulations and/or procedures pertaining to passenger in-flight medical emergencies in effect and applicable to the subject flight.

**Response to Request for Production No. 11:**

*See* General Objections. British Airways objects to this request for production on the grounds that it seeks confidential and proprietary information. Without waiving and subject to the foregoing objection, British Airways will produce all responsive, non-privileged documents currently within its possession, custody and control, subject to the entry of a suitable protective order.

**Request for Production No. 12:**

Weekly activity reports authored by the British Airways PLC supervisor or manager of operations at Sky Harbor International Airport, Phoenix, Arizona, from March 23, 2012 to April 22, 2013.

**Response to Request for Production No. 12:**

*See* General Objections. British Airways also objects to this request for production on the grounds that it is overly broad and unduly burdensome, in that it

1  seeks all "weekly activity reports" authored by British Airways' supervisors or
2  manager of operations at Sky Harbor International Airport in Phoenix, Arizona, for
3  an eleven month period. British Airways further objects to this request for
4  production on the grounds that it seeks documents not relevant to the subject
5  matter of this litigation or reasonably calculated to lead to the discovery of relevant
6  information. The vast majority of the requested documents could not possibly
7  have any relevance to the liability issues in this case, which relate solely to whether
8  the plaintiffs' decedent, James Donald Baillie, II, suffered bodily injuries as the
9  result of an "accident," as that term has been defined by case law interpreting
10 Article 17 of the Montreal Convention. British Airways also objects to this request
11 for production on the grounds that it is vague and ambiguous as to the meaning of
12 "weekly activity reports." Without waiving and subject to the foregoing
13 objections, British Airways states that it will produce all responsive, non-
14 privileged reports generated by its employees at Sky Harbor International Airport,
15 Phoenix, Arizona, pertaining to James Donald Baillie, II currently within its
16 possession, custody, or control.

18 **Request for Production No. 13:**
19    All documents in the possession of the British Airways PLC Department of
20 Corporate Safety that refer to the subject in-flight medical emergency.
21 **Response to Request for Production No. 13:**
22    *See* General Objections. Without waiving and subject to the foregoing
23 objections, British Airways will produce all responsive, non-privileged documents,
24 if any, currently within its possession, custody or control.

26 **Request for Production No. 14:**
27    All documents in the possession of the British Airways PLC Department of
28 Risk Management that refer to the subject in-flight medical emergency.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**Response to Request for Production No. 14:**

*See* General Objections. Without waiving and subject to the foregoing objections, British Airways will produce all responsive, non-privileged documents, if any, currently within its possession, custody or control.

**Request for Production No. 15:**

All documents regarding any final action taken by British Airways PLC regarding the subject in-flight medical emergency.

**Response to Request for Production No. 15:**

*See* General Objections. British Airways further objects to this request on the grounds that it is vague and ambiguous with respect to the term "final action." British Airways also objects to this request for production on the grounds that it assumes facts not in evidence, *i.e.*, that British Airways took some sort of "final action" regarding this incident after its conclusion. Without waiving and subject to the foregoing objections, British Airways will produce any responsive, non-privileged documents, if any, currently within its possession, custody or control.

**Request for Production No. 16:**

All documents containing any conclusions, findings or determinations regarding the in-flight medical emergency.

**Response to Request for Production No. 16:**

*See* General Objections. British Airways further objects to this request on the grounds that it is vague and ambiguous with respect to the term "conclusions, findings or determinations regarding the in-flight medical emergency." British Airways also objects to this request for production on the grounds that it assumes facts not in evidence, *i.e.*, that British Airways took some made "conclusions, findings or determinations" regarding this incident after it took place. Without waiving and subject to the foregoing objections, British Airways will produce any

responsive, non-privileged documents, if any, currently within its possession, custody or control.

**Request for Production No. 17:**

Transcripts or recordings of any communications between the flight crew of the subject flight and any ground-based medical consulting services provider regarding the subject in-flight medical emergency.

**Response to Request for Production No. 17:**

*See* General Objections. Without waiving and subject to these objections, British Airways currently has no responsive transcripts or recordings within its possession, custody or control.

**Request for Production No. 18:**

Transcripts or recordings of any communications between the cabin crew on the subject flight and any ground-based medical consulting services provider regarding the subject in-flight medical emergency.

**Response to Request for Production No. 18:**

*See* General Objections. Without waiving and subject to these objections, British Airways currently has no responsive transcripts or recordings within its possession, custody or control.

**Request for Production No. 19:**

All documents containing the factors which must be taken into account by British Airways PLC flight crew when considering whether an in-flight diversion is appropriate because of a passenger's in-flight medical emergency.

**Response to Request for Production No. 19:**

*See* General Objections. British Airways also objects to this request on the grounds that it is unlimited as to time, and is, accordingly, overly broad and unduly

1  burdensome. British Airways further objects to this request for production on the
2  grounds that it seeks documents that are confidential and proprietary to British
3  Airways. Without waiving and subject to the foregoing objection, British Airways
4  will produce all responsive, non-privileged documents currently within its
5  possession, custody and control, subject to the entry of a suitable protective order.

**Request for Production No. 20:**

All documents containing the training syllabus and training materials for British Airways PLC flight crews and cabin crews pertaining to the management of in-flight medical emergencies.

**Response to Request for Production No. 20:**

*See* General Objections. British Airways also objects to this request on the grounds that it is unlimited as to time, and is, accordingly, overly broad and unduly burdensome. British Airways also objects to this request for production on the grounds that it seeks documents that are confidential and proprietary to British Airways. Without waiving and subject to the foregoing objections, British Airways will produce all responsive, non-privileged documents currently within its possession, custody and control, subject to the entry of a suitable protective order.

**Request for Production No. 21:**

All documents reflecting the training received by the flight crew and cabin crew of the subject flight in the management of in-flight medical emergencies.

**Response to Request for Production No. 21:**

*See* General Objections. British Airways also objects to this request on the grounds that it is unlimited as to time, and is accordingly overly broad and unduly burdensome. British Airways further objects to this request for production on the grounds that it seeks documents that are confidential and proprietary to British Airways. Without waiving and subject to the foregoing objections, British

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Airways will produce all responsive, non-privileged documents currently within its possession, custody and control, subject to the entry of a suitable protective order.

**Request for Production No. 22:**

All documents listing the medical equipment located on board the aircraft used for the subject flight.

**Response to Request for Production No. 22:**

*See* General Objections. Without waiving and subject to these objections, British Airways will produce all responsive documents, if any, currently within its possession, custody, or control.

Dated: November 15, 2013

CONDON & FORSYTH LLP

By: /s/
SCOTT D. CUNNUNGHAM
IVY L. NOWINSKI
Attorneys for Defendant
BRITISH AIRWAYS PLC.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

RESPONSES OF BRITISH AIRWAYS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
CASE NO.: CV13-4681 SVW (RZx)
- 11 -
LAOFFICE 51459V.1

PROOF OF SERVICE

STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On November 15, 2013, I served the within document:

**RESPONSES OF BRITISH AIRWAYS PLC TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Gretchen M. Nelson, Esq.  
Nicole C. Andersen, Esq.  
Kreindler & Kreindler LLP  
707 Wilshire Boulevard, Suite 3600  
Los Angeles, California 90017  
Facsimile: (213) 622-6019

Robert J. Spragg, Esq.  
Francis G. Fleming, Jr.  
Kreindler & Kreindler LLP  
750 Third Avenue, 32nd Floor  
New York, New York 10017  
Facsimile: (212) 972-9432

**(Federal):** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November _____, 2013, at Los Angeles, California.

_____  
Elisabeth Sillars