Scott D. Cunningham (admitted *pro hac vice*)
Email: scunningham@condonlaw.com
Anthony U. Battista (admitted *pro hac vice*)
Email: abattista@condonlaw.com
Ivy L. Nowinski (admitted *pro hac vice*)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299

   - and -

J. Gary Linder
Email: glinder@jshfirm.com
JONES, SKELTON & HOCHULI. P.L.C.
2901 N Central Ave. Suite 800
Phoenix, Arizona 85012
Telephone: (602) 235-7106
Facsimile:  (602) 200-7883

Attorneys for Defendant
BRITISH AIRWAYS, PLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>                    Plaintiff,<br><br>           vs.<br><br>MEDAIRE, INC., STEVEN JOE REINHARD, D.O., JESSICA MONAS, M.D., RATAN K. VERMA, M.D. and BRITISH AIRWAYS PLC,<br><br>                    Defendants. | Case No. CV-14-00420-PHX-DGC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION** |

Defendant British Airways PLC (hereinafter "British Airways"), by its attorneys, Condon & Forsyth LLP and Jones, Skelton & Hochuli, P.L.C., hereby

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1                                                                                  LAOFFICE 60946V.1

submits its Reply in support of its Motion to Dismiss Plaintiff's Complaint or, in the alternative, stay the proceedings pending the resolution of Plaintiff's first-filed action against British Airways in the United States District Court for the Central District of California, Case No. 13 CV 04681.

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

- 2 -

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii-iii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.    ALL OF THE CASES CITED BY PLAINTIFF SUPPORT THE APPLICATION OF THE FIRST-TO-FILE RULE TO DISMISS THIS CASE ................................................................................................ 2

        A.    All Cases Cited by Plaintiff Support the Application of the First-to-File Rule to This Case. ..................................................... 2

        B.    The Cases Cited by Plaintiff Stand for the Proposition that the Second Court Should Not Consider the Convenience of the Parties and Witnesses in Determining whether to Apply the First-to-File Rule .................................................................................. 3

        C.    *British Telecommunications* Stands for the Proposition that the Parties Need Not Be Identical for the Application of the First-to-File Rule ........................................................................... 4

    II.    THE CALIFORNIA COURT MUST DECIDE THE JURISDICTIONAL ISSUES RAISED BY PLAINTIFF ..................... 5

        A.    MedAire Is Subject to Personal Jurisdiction in California. ........ 6

        B.    There Is No Jurisdiction over Dr. Ratan K. Verma in Either Arizona or California because He Is A Resident of the United Kingdom and Plaintiff Has Not Served Him ............................. 7

    III.    THE ISSUES IN THE CALIFORNIA ACTION AND THE ARIZONA ACTION ARE SUBSTANTIALLY SIMILAR ................ 8

CONCLUSION .............................................................................................................. 9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991) ............................................................................... 3, 4

*British Telecommunications plc v. McDonnell Douglas Corp.*,
  1993 WL 149860 (N.D. Cal. May 3, 1993) ............................................... 1, 2, 4, 5

*Cedars-Sinai Med. Ctr. v. Shalala*,
  125 F.3d 765 (9th Cir. 1997) ..................................................................................3

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
  342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952) ................................................2

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ................................................................................2, 4

*S.E.C. v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) ................................................................................7

*Ward v. Follett Corp.*,
  158 F.R.D. 645 (N.D. Cal. 1994) ...........................................................................2

**Statutes**

Fed. R. Civ. P. 4 (West 2014) ........................................................................................7

Fed. R. Civ. P. 19 (West 2014) ......................................................................................4

Fed. R. Civ. P. 20 (West 2014) ......................................................................................4

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

ii

## INTRODUCTION

This action should be dismissed or, in the alternative, stayed, pending the resolution of Plaintiff's wrongful death action against British Airways filed in the United States District Court for the Central District of California six months before this action was filed. In the California action, the court has taken under submission British Airways' fully briefed motion for summary judgment. This action is Plaintiff's attempt to avoid summary judgment in the California litigation and to forum shop based upon her dissatisfaction with the stringent litigation schedule imposed by Judge Stephen V. Wilson of the United States District Court for the Central District of California.

Plaintiff's Opposition misrepresents the facts and the law, and centers around the unsupported conclusion that there is no jurisdiction over MedAire, Inc., Dr. Jessica Monas, Dr. Steven Joe Reinhard (hereinafter collectively referred to as "the MedAire defendants") and Dr. Ratan K. Verma in California. It is important to note that Plaintiff has submitted no evidence, admissible or otherwise, to support these conclusory statements.

As to the law, the addition of the MedAire defendants and Dr. Verma as parties to this lawsuit does not thwart the application of the first-to-file rule. Instead, the authority relied upon by Plaintiff clearly requires Plaintiff to move the United States District Court for the Central District of California to join these parties to the first-filed lawsuit. It is for the California court to determine whether it will exercise personal jurisdiction over the additional defendants. *See British Telecommunications plc v. McDonnell Douglas Corp.*, C-93-0677 MHP, 1993 WL 149860 (N.D. Cal. May 3, 1993).

As to the facts, the United States District Court for the Central District of California can exercise personal jurisdiction over the MedAire defendants, as MedAire provides remote medical assistance to air carriers all over the world.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Plaintiff fails to advise this Court that MedAire is registered to do business in
2  California.  In addition, Plaintiff fails to advise this Court that neither the
3  California court nor this Court can exercise jurisdiction over Dr. Ratan K. Verma
4  because he is a resident of the United Kingdom with no known contacts in Arizona
5  or California.  Furthermore, Plaintiff has failed to offer proof of proper service of
6  the summons and complaint on Dr. Verma.  Therefore, this action must be
7  dismissed, or at the very least, stayed, by the application of the first-to-file rule.

## ARGUMENT

## I

### ALL OF THE CASES CITED BY PLAINTIFF SUPPORT THE APPLICATION OF THE FIRST-TO-FILE RULE TO DISMISS THIS CASE

Plaintiff fail to cite any authority contravening the application of the first-to-file rule. The cases cited by Plaintiff in her Opposition uniformly apply the first-to-file rule to similar cases with similar parties, such as the twin lawsuits filed by Plaintiff in California and Arizona.  Furthermore, the case relied on by Plaintiff for the proposition that the parties to the California and Arizona actions must be identical for the first-to-file rule to apply supports British Airways' position.

**A.    All Cases Cited by Plaintiff Support the Application of the First-to-File Rule to This Case.**

Plaintiff cites six cases regarding the application of the first-to-file rule.  In all but two of these cases, the district court <u>dismissed</u> the second-filed action.  *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 186, 72 S. Ct. 219, 222, 96 L. Ed. 200 (1952) (affirming district court decision to dismiss second-filed action); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) (same); *Ward v. Follett Corp.*, 158 F.R.D. 645, 650 (N.D. Cal. 1994) (same); *British Telecommunications plc v. McDonnell Douglas Corp.*, C-93-0677 MHP,

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

- 2 -

LAOFFICE 60946V.1

1993 WL 149860 (N.D. Cal. May 3, 1993) (same). In another case, the Ninth Circuit upheld the application of the first-to-file rule, but reversed the district court's decision to dismiss the second filed suit due to the potential prejudice to the plaintiff caused by statute of limitations issues. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 629 (9th Cir. 1991). The Ninth Circuit ordered that that action be stayed, rather than dismissed. *Id.*

In the remaining case, the Ninth Circuit upheld the district court's refusal to apply the first-to-file rule because the issues raised by the two cases were substantially different. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In *Cedars-Sinai*, the second-filed action in California sought declaratory relief as to whether a 1986 Health Care Financing Administration policy was validly promulgated. *Id.* In the first-filed action in Seattle, the issue to be litigated involved the alleged submission of false claims for payment by hospitals. *Id.* The Ninth Circuit affirmed the district court's decision to not apply the first-to-file rule because the issues raised in the two cases were separate and distinct. *Id. Cedars-Sinai* is distinguishable from the instant case. In the *Baillie* litigation, the parties agree that the California and Arizona actions arise from the same events and are governed by the application of the Montreal Convention. (*See* Opposition, p. 12, ll. 3-9). Because the factual and legal issues are the same in both cases, the first-to-file rule applies.

**B.    *The Cases Cited by Plaintiff Stand for the Proposition that the Second Court Should Not Consider the Convenience of the Parties and Witnesses in Determining whether to Apply the First-to-File Rule.***

Plaintiff asserts that the United States District Court for the District of Arizona would be a more convenient alternative for the parties and the witnesses, making what is essentially a *forum non conveniens* argument. (*See* Opposition, p. 12, l. 22 - p. 13, l. 12). Plaintiff has never addressed this issue to the United States

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

District Court for the Central District of California (which is the venue in which Plaintiff chose to file her lawsuit). Furthermore, the Ninth Circuit has explicitly held that "the *forum non conveniens* argument should be addressed to the court in the first-filed action." *Pacesetter*, *supra*, 678 F.2d at 96; *see also Alltrade, supra*, 946 F.2d at 627 (same). Therefore, it is entirely improper for Plaintiff to make arguments to this Court regarding the convenience of the parties and the witnesses, particularly in light of the fact that Plaintiff chose to file her claims in the United States District Court for the Central District of California.

### C. British Telecommunications Stands for the Proposition that the Parties Need Not Be Identical for the Application of the First-to-File Rule.

Plaintiff also argues that the parties to the Arizona action and the California action are not identical. The cases cited by Plaintiff instruct that this factor is not determinative. Plaintiff incorrectly relies on *British Telecommunications plc v. McDonnell Douglas Corp.*, C-93-0677 MHP, 1993 WL 149860 (N.D. Cal. May 3, 1993) for the proposition that this Court should not apply the first-to-file rule because the United States District Court for the Central District of California does not have jurisdiction over the additional defendants named by Plaintiff in her Arizona action.

A correct reading of *British Telecommunications* shows that the United States District Court for the Northern District of California applied the first-to-file rule, and stayed litigation pending in California until the resolution of a declaratory relief action filed two months earlier by the defendant in the Eastern District of Missouri. *Id.* at *4. The parties to the two actions were not identical (an entity named Telecheck was not a party to the first-filed action) and the plaintiff in that case argued that the first-to-file rule did not apply. The district court noted that "nothing prevents [plaintiff] . . . from attempting to join Telecheck in the Missouri action through the use of Federal Rules of Civil Procedure 19 and 20." *Id.* at *4.

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

- 4 -

LAOFFICE 60946V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

The *British Telecommunications* court further held that "[c]onsidering the nature of this dispute and the superior experience the Eastern District of Missouri has in ruling on issues concerning its own jurisdiction, it would be presumptuous for this court to decline to apply the first-to-file rule when the court whose jurisdiction is being challenged has not had an opportunity to fully consider the issue." *Id.*

In the instant case, Plaintiff states, without any factual or legal support, that there would be no jurisdiction over the MedAire defendants or Dr. Verma in California. Plaintiff's factual statements are incorrect and the cases cited by Plaintiff require the California court to make a determination as to whether personal jurisdiction can be exercised over the MedAire defendants and Dr. Verma in California.

Furthermore, in *British Communications*, the defendant contesting the second-filed action had previously filed an anticipatory declaratory relief action in the United States District Court for the Eastern District of Missouri (and even so, the district court applied the first-to-file rule). In the instant case, Plaintiff chose the United States District Court for the Central District of California as her preferred venue to resolve her claims. Plaintiff has simply sought to bring this second action in Arizona because she is displeased with the pace of the California litigation and the fact that British Airways has filed a motion for obtain summary judgment in that case. Therefore, Plaintiff should be prevented from her blatant attempt to swap a forum which has not turned out to be as favorable as Plaintiff hoped, for a second bite at the same apple in Arizona.

## II

## THE CALIFORNIA COURT MUST DECIDE THE JURISDICTIONAL ISSUES RAISED BY PLAINTIFF

The jurisdictional issues raised by Plaintiff are a red herring, because

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

- 5 -

LAOFFICE 60946V.1

Plaintiff has not attempted to establish jurisdiction over the MedAire defendants or Dr. Verma in California, which is necessary for the court to disregard the first-to-file rule.  Plaintiff has failed to move the United States District Court for the Central District of California for leave to amend her Complaint to add the MedAire defendants and/or Dr. Verma.  The California court has made no determination as to whether it can exercise jurisdiction over these individuals.  Nonetheless, Plaintiff's unsupported claims that a California court would not have jurisdiction over the MedAire defendants and Dr. Verma are entirely unsupported by the facts and the law.

### A. *MedAire Is Subject to Personal Jurisdiction in California.*

Plaintiff alleges that the MedAire defendants are not subject to personal jurisdiction in California, and thus, a second action is necessary.  Plaintiff's allegations are based on incorrect assumptions.

Plaintiff has provided no evidentiary support for her contention that there is no personal jurisdiction over the MedAire defendants in California.  To the contrary, MedAire is a Nevada corporation which does business around the world, including in California.  MedAire has submitted a declaration in support of its joinder to the instant motion demonstrating that it does business in the State of California.  MedAire's website states that it provides services to 124 airlines, and that it "has been assisting the passengers and crew around the world, whether in the air, on land, or at sea" since 1985.  *See* http://www.medaire.com/about/company-information, last visited on March 31, 2014.  Therefore, Plaintiff's claim that there would be no personal jurisdiction over the MedAire defendants in California is factually incorrect.  In any event, it is entirely unsupported by any admissible evidence, and should be disregarded.

The physicians employed by MedAire, Inc., such as Dr. Jessica Monas and Steven Joe Reinhard, also give remote advice to air carriers all over the world,

1   including in California, and Plaintiff's unsupported argument that these individuals

2   would not be subject to personal jurisdiction in California likewise lacks

3   evidentiary support.  In any event, because there is personal jurisdiction over

4   MedAire, Inc. in California, there is no logical reason for Plaintiff to obtain

5   personal jurisdiction over Dr. Reinhard and Dr. Monas or even name them as

6   individual defendants in the California action, because MedAire, Inc. can be liable

7   for their torts on a *respondeat superior* theory of liability.

   **B.     There Is No Jurisdiction over Dr. Ratan K. Verma in Either Arizona or California because He Is A Resident of the United Kingdom and Plaintiff Has Not Served Him.**

11      Plaintiff argues, without any evidentiary support, that this second action is

12  necessary to litigate her claims against Dr. Verma because Plaintiff would be

13  unable to obtain jurisdiction over Dr. Verma in California.   This may be true - but

14  in fact, there is not likely to be jurisdiction over Dr. Verma, who is a citizen of the

15  United Kingdom, in either California or Arizona.

16      "A court may exercise personal jurisdiction over a defendant consistent with

17  due process only if he or she has 'certain minimum contacts' with the relevant

18  forum 'such that the maintenance of the suit does not offend traditional notions of

19  fair play and substantial justice.'" *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir.

20  2007) (*internal citations omitted*).  Plaintiff has provided no evidence that Dr.

21  Verma has any contacts with the State of Arizona that would allow this Court to

22  exercise personal jurisdiction over him.

23      Furthermore, service of process is the means by which a court asserts its

24  jurisdiction over the person. *Id.*  A federal court is without personal jurisdiction

25  over a defendant unless the defendant has been served in accordance with Rule 4

26  of the Federal Rules of Civil Procedure. *Id.*  Based upon the records and files of

27  this Court, it does not appear that Plaintiff has properly served Dr. Verma in

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

- 7 -

LAOFFICE 60946V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  accordance with the requirements of the Hague Convention or the Federal Rules of
2  Civil Procedure.  Therefore, this Court cannot exercise personal jurisdiction over
3  Dr. Verma, and Plaintiff's arguments that there would be no jurisdiction over Dr.
4  Verma in California are not relevant.

## III
## THE ISSUES IN THE CALIFORNIA ACTION AND THE ARIZONA ACTION ARE SUBSTANTIALLY SIMILAR

The only issues which are relevant or implicated in both this action and the California action are whether British Airways or its agents are liable under the Montreal Convention for the death of the decedent.  Notwithstanding this, Plaintiff identifies two issues which are allegedly different vis-a-vis the California and the Arizona litigation.  Plaintiff claims that the indemnity agreement between MedAire and British Airways is an issue that is "not capable of adjudication in the California action."  Plaintiff also claims that the issue of whether the MedAire defendants were acting as agents of British Airways is distinct from the California action.

The manufactured indemnity issue does not save Plaintiff here because: (1) it is an issue between co-defendants of no consequence to Plaintiff, with no relevance whatsoever to the merits of Plaintiff's claims against British Airways and MedAire; and (2) any disagreement over the scope of an indemnity agreement between British Airways and MedAire can be resolved by the California court. Any indemnity agreement between MedAire and British Airways is not relevant to Plaintiff's claims that either MedAire or British Airways are liable for the wrongful death of Plaintiff's decedent.  This agreement is relevant only to who pays Plaintiff's damages in the event of a judgment or settlement, be it MedAire or British Airways.  Plaintiff has not argued that this contract has any connection whatsoever with Arizona, and it is unclear why Plaintiff argues that the indemnity

issues relevant to the contract are "not capable of adjudication in the California action."

Furthermore, the issue of whether the MedAire defendants were acting as the agents of British Airways for the purposes of determining liability under the Montreal Convention can also be determined by the California court. Plaintiff need merely seek leave of the California court to amend her Complaint to add the MedAire defendants. Plaintiff has strangely not sought to do so, despite having known about the existence of these defendants for six months. Therefore, all of the issues which Plaintiff claims distinguish this action from the California action are red herrings - the only issues in this wrongful death case are liability and damages for the death of the decedent. These issues are currently under review and should be decided by the United States District Court for the Central District of California, which is the venue where Plaintiff chose to bring her claims in the first instance.

## CONCLUSION

British Airways respectfully requests that the Court dismiss this action.

Dated: April 4, 2014

JONES, SKELTON & HOCHULI. P.L.C.

By:/s/J. Gary Linder
   J. GARY LINDER

CONDON & FORSYTH LLP

By:/s/ Scott D. Cunningham
   SCOTT D. CUNNINGHAM
   ANTHONY U. BATTISTA
   IVY L. NOWINSKI

Attorneys for Defendant
BRITISH AIRWAYS. PLC.

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS PENDING RESOLUTION OF
FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

- 9 -

LAOFFICE 60946V.1

- 10 -

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF FIRST-FILED ACTION
CASE NO.: CV-14-00420-PHX-DGC
3607512.1

LAOFFICE 60946V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030