```
            UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF ARIZONA

            _____

Linda Ann Baillie,                  )
                                    )
              Plaintiff,            ) CV-14-00420-PHX-DGC
                                    )
    vs.                             ) Phoenix, Arizona
                                    ) April 23, 2014
British Airways, PLC., et al.,      )
                                    )
              Defendants.           )
_____)




       BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE

           REPORTER'S TRANSCRIPT OF PROCEEDINGS

                CASE MANAGEMENT CONFERENCE
```

Official Court Reporter:
Patricia Lyons, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 41
Phoenix, Arizona  85003-2150
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared with Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2

 3    For the Plaintiff:

 4            Kreindler & Kreindler, LLP
              By: FRANCIS G. FLEMING, ESQ.
 5            750 3rd Ave.
              New York, NY  10017
 6

 7    For Defendant British Airways:

 8            Condon & Forsyth, LLP
              By: ANTHONY U. BATTISTA, ESQ.
 9            Times Square Tower
              7 Times Square, 18th Fl.
10            New York, NY  10036

11            Jones Skelton & Hochuli, PLC
              By: JAMES G. LINDER, ESQ.
12            2901 N. Central Ave., Ste 800
              Phoenix, AZ  85012
13
              Condon & Forsyth, LLP
14            By: SCOTT D. CUNNINGHAM, ESQ.
              1801 Avenue of the Stars, Ste. 850
15            Los Angles, CA  90067

16

17    For Defendants Medaire, Reinhart, Monas:

18            Gallagher & Kennedy, PA
              By: MARK C. DANGERFIELD, ESQ.
19            By: WILLIAM C. THOMSON, ESQ.
              2575 E. Camelback Rd., Ste. 1100
20            Phoenix, AZ  85016

21

22

23

24

25
```

|          |    |                                                                      |
|----------|----|----------------------------------------------------------------------|
| 15:58:17 | 1  | **P R O C E E D I N G S**                                            |
|          | 2  |                                                                      |
|          | 3  | THE COURTROOM DEPUTY:  Civil case 2014-420, Linda                    |
|          | 4  | Baillie versus British Airways and others, on for scheduling         |
| 15:58:27 | 5  | conference.                                                          |
|          | 6  | Counsel, please announce.                                            |
|          | 7  | MR. FLEMING:  Good afternoon, Your Honor.  Frank                     |
|          | 8  | Fleming for plaintiffs.                                              |
|          | 9  | MR. BATTISTA:  Good afternoon, Your Honor.  Anthony                  |
| 15:58:36 | 10 | Battista, Scott Cunningham, and Gary Linder for British              |
|          | 11 | Airways.                                                             |
|          | 12 | MR. DANGERFIELD:  And Mark Dangerfield and Chuck                     |
|          | 13 | Thomson for Medaire and the two doctors, Dr. Monas and               |
|          | 14 | Dr. Reinhart.                                                        |
| 15:58:56 | 15 | THE COURT:  All right.  Good afternoon.                              |
|          | 16 | Nice to see you again, Mr. Thomson.                                  |
|          | 17 | MR. THOMSON:  Good afternoon, Judge.                                 |
|          | 18 | THE COURT:  Have a seat, please.                                     |
|          | 19 | Counsel, I have read the motion to stay or dismiss                   |
| 15:59:12 | 20 | the case.  I have a few questions for you.  I wasn't entirely        |
|          | 21 | clear on what's going on in the California action.  In the           |
|          | 22 | case management order you talked -- report you talked about a        |
|          | 23 | 60 day period for discovery.  In the motion you said discovery       |
|          | 24 | was closed.  What's happening in front of Judge Wilson?              |
| 15:59:30 | 25 | MR. BATTISTA:  If I may, Your Honor?                                 |

```
15:59:32   1              THE COURT:  Yeah.
           2              MR. BATTISTA:  British Airways filed a motion for
           3    summary judgment in February.
           4              THE COURT:  Right.  And I know he said no oral
15:59:41   5    argument.
           6              MR. BATTISTA:  That's correct.  Prior to filing the
           7    motion, we had approximately three months of discovery which
           8    was completed.  After British Airways filed its motion,
           9    plaintiffs asked the Court for an additional -- for additional
15:59:56  10    time to conduct discovery.  The judge issued an order on April
          11    8th acknowledging that the plaintiffs -- and I'll quote from
          12    the order.  It says, "The Court concludes that plaintiff has
          13    failed to show that she diligently pursued previous discovery
          14    opportunities."
16:00:18  15              But under the Court's discretion it granted plaintiff
          16    another 60 days to conduct discovery and then gave the parties
          17    deadlines to supplement their positions on their summary
          18    judgment motions.
          19              THE COURT:  When does the 60 days end?
16:00:36  20              MR. BATTISTA:  It ends June 9th.
          21              THE COURT:  And tell me what the supplemental
          22    briefing schedule is.
          23              MR. BATTISTA:  Plaintiffs are required to submit a
          24    supplemental opposition on June 9th and defendants are
16:00:50  25    required to submit a supplemental reply on June 23rd.  It is
```

16:01:00  1   British Airways' position that the issues that are being
          2   decided on that dispositive motion are the same issues that
          3   would have to be addressed in this court.
          4             THE COURT:  I understand that point.
16:01:14  5             You all in the case management order, when you were
          6   talking about what we ought to do here, suggested that we do
          7   nothing until the earlier of Judge Wilson's ruling or a day in
          8   August.  I didn't know where you got that date in August.
          9   What was your thinking as to the date you picked?
16:01:38 10             MR. FLEMING:  I'll respond to that, if I may, Your
         11   Honor.
         12             It was an effort to cooperate with all parties
         13   because if the judge rules and grants relief of some nature,
         14   let's say within two weeks or 30 days of the last submission,
16:01:57 15   and we had some discovery in the works at that time, depending
         16   on what that order is or that relief granted is, it may make
         17   that discovery as though it never had to have happened.
         18             So what we're trying to do is not do unnecessary
         19   discovery and give the Court a reasonable period -- we're not
16:02:25 20   dictating time to the Court, but to allow for the Court's
         21   processes to get to the motion on the merits and hopefully
         22   give us some additional guidance.  That was the logic behind
         23   it.
         24             THE COURT:  All right.
16:02:40 25             MR. BATTISTA:  Your Honor, if I may?

16:02:41  1          THE COURT: Yes.
2          MR. BATTISTA: From British Airways' position, we
3    entered into that compromise with the viewpoint that we were
4    protecting our position to have the motion to dismiss heard
16:02:56  5    because it's our belief --
6          THE COURT: I understand. I know you're not wanting
7    to put that off.
8          Mr. Fleming --
9          MR. FLEMING: Yes, sir.
16:03:04 10          THE COURT: -- is there any substantive difference
11    between the claim you've asserted against British Airways in
12    the Central District of California and the claim you have
13    asserted here?
14          MR. FLEMING: Possibly. May I explain?
16:03:20 15          THE COURT: Yes.
16          MR. FLEMING: First of all, we believe, the
17    plaintiffs believe, the treaty applies to British Air.
18    Meaning, I'll call it the relaxed standard of liability, we
19    have to prove an accident occurred. Point one.
16:03:32 20          Point two, we believe Medaire is probably an agent
21    within the meaning of the treaty, not general agent meaning,
22    and therefore is entitled to the protection of the treaty.
23    It's basically protection.
24          The two doctors who were on the phone with the
16:03:51 25    airplane and communicating information and advice and so on,

16:03:56  1   may or may not be agents within the concept of the treaty, and
          2   I believe they are independent contractors and there may be an
          3   imputed liability or respondeat superior issue on that.
          4           The fifth defendant, which is the British doctor who
16:04:17  5   was on the airplane and volunteered to help out, I don't
          6   know -- I don't believe he's entitled to any of the treaty
          7   protection and I think, to be objective about it, that's
          8   probably a case of first impression.  But I don't think the
          9   precedent at this point would give him the benefit.  So that's
16:04:44 10   a puzzlement to understate it.  I don't even know what law
         11   applies as a physician travels from United Kingdom to the
         12   United States and helps out and can be criticized for what
         13   happened or what he did.  I don't know what law applies.
         14   Probably a common law standard.
16:05:10 15           But I'm just trying to answer your question about
         16   what law would apply.  So certainly the question of accident
         17   exists throughout this case.  And I think that's British Air's
         18   position, and I don't have strenuous objection to it.
         19           But the other defendants, which is why we're here in
16:05:31 20   Arizona to begin with, and the positions that they take and
         21   raise, I don't know that they know what they want to do yet.
         22   For example, the two doctors who were on the phone who are
         23   independent contractors, they may not want the treaty to
         24   apply.  They might want to say that Arizona med mal protection
16:05:57 25   better suits them than the air carrier protection.

```
16:06:01   1              So it's not completely congruent in terms of issues.
           2              THE COURT:  Well, I understand what you've said.
           3    What I don't understand is what that means, in your view, as
           4    to the substantive claim against British Airway.  The question
16:06:19   5    I had asked was whether there was any substantive difference
           6    between the claim you've asserted against British Airway in
           7    California and the one you have asserted here.
           8              I understand what you're saying about Medaire, about
           9    the doctors, about the fellow from Great Britain.  Does any of
16:06:37  10    that change the substantive claim you've made against British
          11    Airways in this case?
          12              MR. FLEMING:  Against British Airways, no, sir.
          13              THE COURT:  So it really is the same claim you're
          14    asserting in California.
16:06:49  15              MR. FLEMING:  Well, maybe I didn't answer -- maybe I
          16    didn't hear the question correctly.  Against British Airways I
          17    think it's accident.  That's a lead-pipe cinch.  I don't have
          18    any debate about that in my own mind.
          19              Against Medaire I think it's also true.
16:07:03  20              Against the doctors --
          21              THE COURT:  Let's not talk about the doctors yet.
          22              MR. FLEMING:  I'm sorry.
          23              THE COURT:  Let's just talk about British Airways.
          24              It's really the same claim you're making against them
16:07:15  25    here and in California.
```

16:07:16   1            MR. FLEMING:  I'm sorry, I misunderstood your
           2   question.  That's correct, Your Honor, it's the same claim.
           3            THE COURT:  All right.  Then why shouldn't I dismiss
           4   the claim against British Airways in this case since it's
16:07:27   5   already asserted in California, it's being litigated in
           6   California?  And then we can talk about what happens with
           7   Medaire and the doctors.  But is there any argument you've got
           8   that I should retain jurisdiction over the claim against
           9   British Airways here?
16:07:44  10            MR. FLEMING:  Yes, sir, because I think it's
          11   preferable from the point of view of judicial economy, much
          12   less the parties' economics, to have all of the parties in one
          13   suit.  That's why we named British Air in this case.
          14            The -- in the California case, counsel have made the
16:08:00  15   point that we could have amended the complaint and added
          16   Medaire and the doctors rather than sue them here, but there
          17   are jurisdictional issues that casts a pall on that, casts a
          18   doubt upon viability of that.  The statute of limitations was
          19   running, so I thought we did what the prudent thing would be,
16:08:23  20   was to get everybody in one lawsuit and bring it here in this
          21   court.
          22            THE COURT:  But --
          23            MR. FLEMING:  We're not trying to get away from Judge
          24   Wilson and his ruling.
16:08:31  25            THE COURT:  When you did that, though, you didn't

16:08:32  1  seek to dismiss the California action, right?

2  MR. FLEMING:  We have not dismissed the California

3  action.

4  THE COURT:  So you've got two federal courts engaged

16:08:40  5  in litigating exactly the same claim against British Airways.

6  It seems to me as long as that's true, it makes no sense to

7  keep them in this case, and I'm trying to understand why you

8  think they ought to be in this case.

9  I'd understand judicial economy if there was no

16:08:56  10  California case, but there's a California case you're

11  prosecuting.  So judicial economy isn't an argument for

12  keeping them here.  That's uneconomical to do it twice, it

13  seems to me.

14  What reason is there to keep British Airways in this

16:09:11  15  case?

16  MR. FLEMING:  Well, I think we should all be pursuing

17  judicial economy, all parties should be, and I don't think a

18  dismissal is necessary to do that, nor do I think is a stay

19  necessary to do that.

16:09:25  20  If you look at the report that we submitted to the

21  Court, and indeed your question about why we're waiting until

22  August, why is there a vacuum or space in the middle of the

23  discovery period, the answer is that it's in our interest as

24  plaintiffs, and obviously in the defendant's interest, for us

16:09:45  25  to coordinate discovery and make sure we're not wasting our

16:09:48  1   time, the witnesses' time, and certainly not the Court's time.
2   If Judge Wilson in Central District decides that
3   motion, then we have to decide what to do.  Do we continue
4   with it?  Do we ask him to dismiss it if he hasn't dismissed
16:10:06  5   it on the merits to dismiss it without prejudice so we can
6   proceed in this case?  There's 28 U.S. Code 1404, change of
7   venue as an option; as is 28 U.S. Code 1406, multidistrict
8   litigation.
9   Now, if Your Honor presses me, I can make a decision
16:10:25  10  on that.  I have not to this point because I don't want to
11  send the signal to Judge Wilson that we're trying to undo the
12  work that he has done, brought it to the point where it is
13  now.
14  So my response, and this is, I think, addressed more
16:10:42  15  to the Court's discretion than anything else, is that given
16  the way we have coordinated and worked out a discovery plan
17  that I think makes sense from everybody's point of view, there
18  is no waste of any effort by anybody, including the Court's,
19  respectfully, and when we get through end of June and Judge
16:11:06  20  Wilson has a chance to decide, depending which way he goes, we
21  have to make a decision, but I think it's premature at this
22  point.
23         THE COURT:  Well, what I heard implied, if not
24  expressed, in what you just said, was that when we get to
16:11:25  25  August there's two ways we can go.  If Judge Wilson decides

16:11:34  1  that this was not an accident and therefore British Airways
           2  has no liability under the treaty and therefore enters summary
           3  judgment against you in the claim against British Airways,
           4  that would resolve the California case.  You may decide to
16:11:50   5  appeal it, but at least it would resolve the trial court case.
           6  And I almost certainly would dismiss British Airways from this
           7  case.
           8          MR. FLEMING:  That would certainly be my expectation
           9  as well, Your Honor.
16:12:02  10          THE COURT:  But if he were to deny the motion so the
          11  case goes forward there, then, either, if I understood what
          12  you were suggesting, you would suggest that that case be
          13  transferred here so that it can go forward with all of the
          14  defendants in the litigation for judicial economy purposes --
16:12:20  15          MR. FLEMING:  Yes, sir, that would be my suggestion.
          16          THE COURT:  All right.
          17          MR. BATTISTA:  If I may?
          18          THE COURT:  I'm going to come back to you.
          19          Yes.
16:12:29  20          MR. BATTISTA:  If Judge Wilson dismisses the case
          21  against British Airways in the California action and he finds
          22  there was no accident, that would also be binding against
          23  Medaire, who is our service provider.
          24          THE COURT:  Perhaps.  I understand that argument.  I
16:12:47  25  know there will be that argument made.  We don't have to

16:12:49  1    decide that today, though.
          2            I'll tell you my view of the overall issue with
          3    respect to Medaire.  I don't think that I can conclude that I
          4    should dismiss the claim against them because the plaintiffs
16:12:59  5    weren't diligent in bringing them into the case.  I understand
          6    there's an argument that they knew a month or two earlier.
          7    But they named them in this case at least within two or three
          8    months, at the latest, of learning the identities of the
          9    doctors.  You go back to October, I think.  Four months.
16:13:19 10            I'm not going to dismiss the case against Medaire
         11    because they didn't bring it quickly enough here or because
         12    they couldn't get it into Judge Wilson's case under his three
         13    month discovery schedule.  I just don't think that's the right
         14    outcome.
16:13:35 15            The real question, to me, is how do we avoid
         16    duplication of effort.
         17            If I'm not going to dismiss the claim against Medaire
         18    under the first-to-file rule, then what's wrong with the
         19    notion that we wait -- that the 60 days of discovery include
16:13:51 20    everybody in a coordinated effort, but we wait then for Judge
         21    Wilson's decision, and depending how he decides that issue, we
         22    then decide how to go forward in this case.  Either bringing
         23    British Air over here if he decides against you on the motion
         24    for summary judgment, or dismissing British Air and hearing
16:14:11 25    the argument as to whether or not we should dismiss Aire on

```
16:14:13   1    the -- Medaire on the basis of his ruling.  Is there any
           2    reason not to go down that road?
           3             MR. BATTISTA:  We would agree with that proposal,
           4    Your Honor.
16:14:25   5             THE COURT:  I kind of jumped the gun on the ruling on
           6    Medaire without giving Medaire lawyers a chance to speak.
           7             MR. DANGERFIELD:  We're in accordance with that
           8    reasoning, Your Honor.
           9             THE COURT:  Pull the mic up.
16:14:38  10             MR. DANGERFIELD:  We only joined that part of the
          11    motion seeking to stay the case because it didn't seem logical
          12    that we would be dismissed, but we do think it makes sense to
          13    take this discovery that's been ordered in the California
          14    case, let all parties participate, and then once Judge Wilson
16:14:59  15    has ruled, then go forward from there deciding what to do.
          16             THE COURT:  Well, it seems to me what we ought to do
          17    today, then, is a few things that we can just reflect in the
          18    minute order rather than a case management order.  One would
          19    be to agree that all parties in this case will participate in
16:15:21  20    the 60 days of discovery that are going to occur in
          21    California, so we don't have to redo that discovery in the
          22    event the case goes forward.
          23             A second would be that the parties will notify me
          24    within one week of Judge Wilson's decision and propose a
16:15:50  25    status conference date within two or three weeks after that.
```

```
16:15:55   1              And the third would be that three days before that

           2     status conference, the parties will file a joint memorandum on

           3     what Judge Wilson ruled and what you all think it means for

           4     the case.

16:16:08   5              And then we'll get back together and figure out what

           6     to do in light of Judge Wilson's ruling.  Along the lines of

           7     what we talked about today.  Clearly we're not going to

           8     litigate the case against British Airways in two courts, but

           9     we can decide what we need to do in light of how Judge Wilson

16:16:24  10     has ruled at that point.  That will allow you-all to take

          11     advantage of the 60-day discovery period but we won't do

          12     anything else in this case until we know how he's ruled, and

          13     I'll then make a decision about where we go along the lines we

          14     talked about today.

16:16:42  15              Does that make sense to people?

          16              MR. FLEMING:  Does from plaintiffs, and I thank the

          17     Court.

          18              MR. BATTISTA:  Likewise British Airways, and we thank

          19     the Court.

16:16:53  20              MR. DANGERFIELD:  Also Medaire.

          21              THE COURT:  Okay.  We'll just reflect this in the

          22     minute entry.  I think what I'm going to do in light of this

          23     approach is I'm going to deny without prejudice the motion to

          24     dismiss or stay.  I suppose it's possible that those issues

16:17:17  25     could come up again depending how Judge Wilson rules.  I don't
```

16:17:22  1  want to keep it on the docket because I think we've got a path
          2  to go forward on.  But in that joint report you file after
          3  Judge Wilson rules, if one side or the other thinks that the
          4  first-filed doctrine is implicated again, mention it in that
16:17:37  5  report and we'll decide how to deal with it at the status
          6  conference.  If somebody thinks the case should be
          7  transferred, mention that in the joint report.  If somebody
          8  thinks Judge Wilson's decision knocks out all the defendants
          9  in this case, mention that.  When we get together, we'll
16:17:50 10  figure out how to tee up and decide those issues efficiently,
         11  in light of how Judge Wilson rules.
         12          Did you have something --
         13          MR. FLEMING:  Thank you, Your Honor.  I agree.
         14          THE COURT:  Okay.
16:18:02 15          MR. BATTISTA:  Thank you.
         16          MR. DANGERFIELD:  Thank you.
         17          THE COURT:  Thanks.
         18          (End of transcript.)
         19                      * * * * *
         20
         21
         22
         23
         24
         25

# **C E R T I F I C A T E**

I, PATRICIA LYONS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control, and to the best of my ability.

DATED at Phoenix, Arizona, this 22nd day of May, 2014.

s/ Patricia Lyons, RMR, CRR
Official Court Reporter