1  Mark C. Dangerfield (Bar No. 010832)
   Wm. Charles Thomson (Bar No. 004269)
2  GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   Telephone:   (602) 530-8000
4  Facsimile:    (602) 530-8500
   E-mails: mark.dangerfield@gknet.com
5            wct@gknet.com
   Attorneys for Defendants MedAire, Inc.; Steven
6  Joe Reinhart, D.O.; and Jessica Monas, M.D.

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF ARIZONA

9   LINDA ANN BAILLIE, individually, as        No. 2:14-cv-00420-DJH
    Personal Representative of the Estate of
10  JAMES DONALD BAILLIE, II, and on
    behalf of all heirs and next of kin of
11  JAMES DONALD BAILLIE, II, deceased,
                                               **THE MEDAIRE DEFENDANTS'**
12                Plaintiff,                    **OBJECTION TO THE "GOOD FAITH**
                                               **SETTLEMENT" LANGUAGE IN THE**
13          vs.                                **PROPOSED ORDER DISMISSING**
                                               **DEFENDANTS BRITISH AIRWAYS**
14  MEDAIRE, INC.; STEVEN JOE                  **AND RATAN K. VERMA, M.D.**
    REINHART, D.O.; JESSICA MONAS,
15  M.D.; RATAN K. VERMA, M.D., and
    BRITISH AIRWAYS PLC,
16
                  Defendants.
17

18          Plaintiff Linda Ann Baillie and Defendants Ratan K. Verma, M.D and British

19  Airways ("BA") (the "Settling Parties") have settled this action as among themselves, and

20  have therefore filed with the Court a stipulation to dismiss, along with a proposed order of

21  dismissal.  The dismissal of Dr. Verma and BA will leave MedAire, Inc. and Drs. Steven

22  Reinhart and Jessica Monas (collectively, the "MedAire Defendants") as the sole

23  remaining defendants in this action.  Notably, though, the MedAire Defendants are not a

24  party to the stipulation of dismissal.

25          While the MedAire Defendants do not object to the dismissal of Dr. Verma and

26  BA, they do object to the language in the stipulated dismissal, and the proposed order of

27  dismissal, stating that the plaintiff and the settling defendants have "entered into a good

28  faith settlement" of all their claims.

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

The MedAire Defendants object to this proposed language for several reasons:

First, the Settling Parties have not explained why the Court should include such a statement in the dismissal order, and it is not self-evident. The Settling Parties need to tell the Court and the MedAire Defendants what is at stake. As it stands, the MedAire Defendants see no need for such a statement in the dismissal order.

Second—assuming that there is a material issue as to whether the settlement was done in good faith or not—the Settling Parties have not advised either the Court or the MedAire Defendants what they mean by "good faith settlement" in this context. Are the Settling Parties referring to some federally-articulated standard of good faith settlement or some state-articulated standard of good faith settlement? And just what does that standard say? Without knowing such, the Court cannot consider the matter and the MedAire Defendants cannot provide meaningful input on the matter.

Third, this Court has not been asked to make, and has not made, any finding that the terms of the settlement do in fact constitute a "good faith" settlement, so it is at the very least premature to insert such a statement in the dismissal. The Court has neither held a hearing on the matter nor evaluated affidavits or other evidence on the matter.

Fourth, the settling parties have not even advised the Court—or the MedAire Defendants—as to the terms of the settlement. Without knowing all the terms, the Court has no basis to evaluate the claimed "good faith" nature of the settlement. Nor have the MedAire Defendants had any opportunity to weigh in on the matter.

Finally, the usual reason for seeking a "good faith settlement" determination is to limit or affect the rights of the non-settling defendants—in this case, the MedAire Defendants. But as noted, MedAire has had no input in the settlement, and is not even privy to the terms of the settlement. So assuming the intent of inserting the "good faith settlement" language into the dismissal is to affect rights of the MedAire Defendants in some fashion, it would be a denial of due process for the Court to make a "good faith settlement" determination without the MedAire Defendants having any opportunity to be heard on the matter.

1
2
3
4
5

     For all the above reasons, the Court should not sign the order of dismissal as proffered.  The Court could rectify the MedAire Defendants' objections, however, by striking the words "good faith" from the first "whereas" clause of the proposed order, and by striking the words "which is incorporated in this Order as if fully set forth herein," from the third "whereas" clause of the proposed order.

6

     DATED this 26th day of November, 2014.

7
8

GALLAGHER & KENNEDY, P.A.

9

By: */s/ Mark C. Dangerfield*
     Mark C. Dangerfield

10

     Wm. Charles Thomson

11

     2575 East Camelback Road
     Phoenix, Arizona  85016-9225

12

     *Attorneys for Defendants MedAire, Inc.;*

13

     *Steven Joe Reinhart, D.O.; and Jessica*
     *Monas, M.D.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th day of November, 2014, a copy of the foregoing document was filed electronically via the Court's CM/ECF system and Notice of Electronic Filing served on all parties by operation of the Court's CM/ECF system.

Stephen M. Dichter, Esq. (sdichter@cdslawfirm.com)
Jeffrey O. Hutchins, Esq. (jhutchins@cdslawfirm.com
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, AZ  85004
*Attorneys for Plaintiff*

Francis G. Fleming, Esq. (ffleming@kreindler.com)
Robert J. Spragg, Esq. (rspragg@kreindler.com)
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY  10017
*Attorneys for Plaintiff*

J. Gary Linder, Esq. (glinder@jshfirm.com)
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ  85012
*Attorneys for Defendant British Airways, PLC*

Scott D. Cunningham, Esq. (scunningham@condonlaw.com)
Ivy L. Nowinski, Esq. (inowinski@condonlaw.com)
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA  90067-6010
*Attorneys for Defendant British Airways, PLC*

Anthony U. Battista, Esq. (abattista@ondonlaw.com)
Condon & Forsyth LLP
7 Times Square, Suite 18
New York, NY  10036
*Attorneys for Defendant British Airways, PLC*

By: */s/ Mark C. Dangerfield*
4514092v1/24709-0001