**KREINDLER & KREINDLER LLP**
Francis G. Fleming (State Bar No. 004375)
Robert J. Spragg (*pro hac vice*)
750 Third Avenue, 32nd Fl.
New York, New York 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
Email: ffleming@kreindler.com
Email: rspragg@kreindler.com

**CHRISTIAN DICHTER & SLUGA, P.C.**
Stephen M. Dichter (State Bar No. 004043)
Jeffrey O. Hutchins (State Bar No. 027310)
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710
Email: sdichter@cdslawfirm.com
Email: jhutchins@cdslawfirm.com
Send Court Documents to: courtdocs@cdslawfirm.com

*Attorneys for Plaintiff Linda Ann Baillie*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MEDAIRE, INC., STEVEN JOE REINHART, D.O., JESSICA MONAS, M.D., RATAN K. VERMA, M.D. and BRITISH AIRWAYS PLC,<br><br>Defendants. | Case No.: 2:14-cv-00420-DJH<br><br>**PLAINTIFF'S OPPOSITION TO MEDAIRE'S OBJECTION TO (PROPOSED) ORDER OF DISMISSAL** |

Plaintiff, pursuant to the Court's Order of December 1, 2014 and amended December 4, 2014, hereby responds in three pages to MedAire's [so called] objection as follows:

1. While MedAire, *et al.* raises <u>questions</u> about the proposed good faith language in the settling parties' Stipulation and (Proposed) Order, such as "why?," "what is at stake?," what do the settling parties "mean by 'good faith?'," is it a federal or state standard? "what does the standard say?" and others, the full answers to which requires complex factual multistate choice of law analyses and other matters requiring much more than three pages to fully address, MedAire raises no actual substantive "<u>objection</u>" to which plaintiff can respond. Furthermore, MedAire disingenuously states that neither it nor the Court has "even [been] advised . . . as to the terms of the settlement" implying it does not know anything about the settlement itself. This is pure fiction. MedAire knows as much about this settlement as either or both settling parties.

2. MedAire is fully aware of the following facts regarding the settlement, which it now seeks to implicitly characterize as not in good faith:

    a) The settlement itself was negotiated in a related but separate litigation, previously pending in the Central District of California before the Honorable Steven V. Wilson, U.S.D.J. While settlement of this lawsuit has an obvious effect on the instant matter in Arizona (it is why a Stipulation of Dismissal and (Proposed) Order was submitted), it is essentially a settlement of the California case to which or in which MedAire was never and is not now a party.

    b) Counsel for plaintiff and British Airways are well known widely, and to each other, as experienced, knowledgeable and able lawyers, particularly in the realm of claims related to the so-called "Montreal Convention" which governs claims arising out of international air transportation.

    c) The settlement was the product of a Court Ordered mediation which was lead and conducted in Los Angeles under the auspices of a renown mediator, U.S. District Court Judge Dickran M. Tevrizian (Ret.), who has handled numerous international aviation cases for well in excess of twenty years, both as a sitting district court judge and more recently as a mediator for JAMS, and involving both plaintiff's and British Airways' lawyers.

    d) At the mediation which lead to the settlement, although not required, MedAire was invited because of the related Arizona case, and indeed participated fully in the presentations and exchanges that lead to the settlement. MedAire was represented by Mark Dangerfield, Esquire of Gallagher & Kennedy, P.C. in Arizona as well as an insurance representative from Singapore.

    e) A full day of mediation effort lead to a proposal authored by Judge Tevrizian (what he called a mediator's proposal), in which the Judge having heard all of the

-1-

PLAINTIFF'S OPPOSITION TO MEDAIRE'S OBJECTION TO (PROPOSED) ORDER OF DISMISSAL

arguments, all of the facts and all of the law, recommended that the most sensible way to resolve the dispute was to reach a settlement that embraced the entire dispute, only part of which was focused in the Central District of California litigation. The other part involved this case.

   f) For a collection of considerations, plaintiff reluctantly agreed to the proposal. In time, after consulting with principals and obtaining requisite authority, so did British Airways. However, for reasons never fully articulated, MedAire declined. This lead to a separate settlement between plaintiff and British Airways which essentially implemented the proposal of Judge Tevrizian insofar as plaintiff and British Airways were concerned.

   g) Nonetheless, because of the obvious advantage to all parties of resolving this matter in its entirety, a separate settlement session again attempting to work out a complete settlement was also conducted; this session was held in the New York offices of British Airways' counsel, Condon & Forsyth LLP, at which another lawyer for MedAire participated, Leo F. McGinity, Jr., Esquire of McGinity & McGinity, P.C. During this session, MedAire offered a combined settlement offer for which both sides knew what the other was contributing. Despite the efforts of the settling parties, this separate effort did not produce a full resolution. The claim by plaintiff against MedAire was not resolved and instead expressly reserved.

   h) The terms of the settlement agreement that was worked out between plaintiff and British Airways are confidential. However, plaintiff is willing to produce a copy of the Agreement to the Court *in camera* for examination. Any questions the Court may have about it will be answered. Moreover, if MedAire had asked, plaintiff would have provided a copy subject to the existing Protective Order. The parties, nonetheless, attempted to, and have succeeded in achieving their settlement that is in fact in good faith, negotiated by competent counsel, supported by significant consideration that fairly resolves the claim between plaintiff and British Airways. MedAire was invited and encouraged to join, but it declined. This settlement is in fact a good faith settlement, for whatever that may mean.

   i) Moreover, after plaintiff and British Airways settled their dispute, it is known that an additional agreement between British Airways and MedAire pertaining to the Arizona litigation was reached. Plaintiff has requested that British Airways produce this agreement, but in the face of objections by MedAire, this agreement has not been produced as yet. Presumably, it resolves potential claims between British Airways and MedAire in this case.

3. It is troubling that MedAire pretends to not understand what "good faith" means. It means honesty; it means fair dealing without unfair advantage or deception; it means right and lawful. Certainly the settlement between plaintiff and British Airways meets these descriptions.

4. Moreover, the above history evidences beyond rational dispute that the settlement between plaintiff and British Airways is the product of a good faith professional assessment of the exposure and risks to both parties of continuing the litigation. Based on Judge Tevrizian's guidance, both parties have opted to minimize those risks and uncertainties and resolve their differences by settlement. The fact that MedAire has decided that it is in its interest not to participate in the settlement does not affect the character of its bona fides.

5. While the <u>legal</u> <u>effect</u> of all of this has to do with possibly multiple consequences involving potentially contributing, concurrent, several or joint and several tortfeasors, and none of these relationships has been decided, or can be, and the character of the relationship between MedAire and British Airways could be any one or a combination of these, and the legal effect of that characterization could be governed by California law, Arizona law, the Montreal Convention or otherwise, the simple truth is that what "good faith" means <u>legally</u> cannot now be ascertained. But <u>factually</u>, the settlement is in good faith and the Order which implements it should reflect that the case was ended in good faith, come what may down the road.

6. The settling parties have prepared a stipulated Order of Dismissal which reflects this fact. If there are objections which MedAire wishes to raise, based on specific concerns or criticisms, it should make them clear and plaintiff will address whatever MedAire is concerned about. At this point, however, the Stipulation of Dismissal is what it is, that is to say both parties have executed it by their counsel, and the Dismissal Order ought to reflect the provisions of this Stipulation.

Dated: December 4, 2014

        KREINDLER & KREINDLER LLP

        By: /s/ Francis G. Fleming
           Francis G. Fleming
           Robert J. Spragg
        750 Third Avenue
        New York, New York
        Telephone: (212) 687-8181
        Facsimile:  (212) 972-9432

-and-

Stephen M. Dichter
Jeffrey O. Hutchins
Christian Dichter & Sluga, P.C.
2700 North Central Avenue
Suite1200
Phoenix, Arizona
Telephone: (602) 253-5808
Facsimile:  (602) 792-1710

*Attorneys for Plaintiffs*
LINDA ANN BAILLIE, individually and as personal representative of the ESTATE OF JAMES DONALD BAILLE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, Deceased

PLAINTIFF'S OPPOSITION TO MEDAIRE'S OBJECTION TO (PROPOSED) ORDER OF DISMISSAL

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action; my business address is 750 Third Avenue, New York, NY 10017.

I hereby certify that on December 4, 2014, I electronically transmitted the attached document and exhibits to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed in the attached Service List.

On December 4, 2014, I also served the foregoing ***PLAINTIFF'S OPPOSITION TO MEDAIRE'S OBJECTION TO (PROPOSED) ORDER OF DISMISSAL*** on the interested parties as stated on the attached service list as follows:

_____ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at New York, New York in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

__X__ BY ELECTRONIC MAIL:
I served by electronic mail at the email address(es) on the attached Service List:

_____ BY MESSENGER

__X__ (State)  I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

Executed on December 4, 2014 at New York, NY.

__Ivette Viera_____           _____/s/ Ivette Viera_____
(Type or Print Name)                    (Signature)

**SERVICE LIST**
*Baillie v. British Airways PLC*
Case No.: 2:13-cv-04681-SVW- RZx

Scott D. Cunningham, Esq.
Ivy L. Nowinski, Esq.
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067
scunningham@condonlaw.com
inowinski@condonlaw.com
and
Anthony U. Battista, Esq.
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
abattista@condonlaw.com
       and
J. Gary Linder, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012
glinder@jshfirm.com
*Attorneys for Defendants British Airways PLC and Ratan K. Verma, M.D.*

Mark C. Dangerfield
Wm. Charles Thomson
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
mark.dangerfield@gknet.com
wct@gknet.com
*Attorneys for Defendants MedAire, Inc.; Steven Joe Reinhart, D.O.; and Jessica Monas, M.D.*

Dr. Ratan Verma
13 Dogwood Court, Oadby,
Leicester, England, LE2 4EB