J. Gary Linder, Bar #020552
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 235-7106
Fax: (602) 200-7883
glinder@jshfirm.com
minuteentries@jshfirm.com

- and –

Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Anthony U. Battista
Email: abattista@condonlaw.com
Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant British Airways

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| LINDA ANN BAILLIE, Individually, and as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, deceased, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MEDAIR, INC., STEVEN JOE REINHART, D.O., JESSICA MONAS, M.D., RATAN K. VERMA, M.D. and BRITISH AIRWAYS PLC, INC.,<br><br>Defendants. | NO. 2:14-CV-00420-DJH<br><br>RESPONSE OF BRITISH AIRWAYS PLC TO OBJECTIONS FILED BY MEDAIRE, INC., JESSICA JONAS, M.D. AND STEVEN REINHART, M.D. TO STIPULATION AND (PROPOSED) ORDER RE DISMISSAL FILED BY PLAINTIFF AND BRITISH AIRWAYS PLC |

Defendant British Airways PLC (hereinafter "British Airways") and Ratan K. Verma, M.D. (hereinafter "Dr. Verma") submit this Response to the Objections of

3980653.1

MedAire, Inc., Jessica Monas, M.D., and Steven Joe Reinhart, M.D. (hereinafter, collectively "the MedAire defendants") to the Stipulation and (Proposed) Order Re Dismissal filed by British Airways, Dr. Verma, and plaintiff Linda Ann Baillie (hereinafter "plaintiff"), pursuant to the Court's Order dated December 1, 2014 [Doc. No. 38], as follows:

First, the MedAire defendants' Objection should be stricken from the record and disregarded because the MedAire defendants have failed to cite to any Federal Rule of Civil Procedure, Local Rule, or any other pertinent authority that allows such an extraordinary procedure. Rule 41(a)(2) states that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (FED R. CIV. PROC. 41(a)(2) (West 2014)). The Rule does not provide for objections to a plaintiff's request for dismissal by a non-settling party. (*See, id.*). The MedAire defendants participated in discussions involving the Stipulation Re: Dismissal and were invited to participate in the overall settlement. However, the MedAire defendants refused. The MedAire defendants should not now be allowed to use this unconventional procedure to air their grievances and discover the terms of the settlement between plaintiff and British Airways.

Second, it is important to note that the MedAire defendants "do not object to the dismissal of Dr. Verma and BA . . . ." (MedAire Objection, p. 1, ll. 25-26 [Doc No. 37]). The MedAire defendants, without citing to any authority, merely take issue with two words - "good faith." The Medaire defendants object to the "good

faith" language on page 1, line 2 of the (Proposed) Order Re Dismissal filed by British Airways, Dr. Verma, and Linda Ann Baillie. This language was inserted into the Stipulation and (Proposed) Order Re Dismissal at the request of plaintiff. British Airways and Dr. Verma have no objection to the "good faith" language, as the settlement between plaintiff, British Airways, and Dr. Verma was entered into in good faith after a mediation and a subsequent meeting in which the MedAire defendants fully participated.

The MedAire defendants fail to cite to any authority regarding their assumptions as to what the term "good faith" means, or to support their objections to the use of this language. The MedAire defendants merely assert that: "the usual reason for seeking a 'good faith' settlement" determination is to limit or affect the rights of the non-settling defendants—in this case, the Medaire Defendants." (*See* MedAire Objection, p. 2, ll20-22 [Doc. No. 37]). However, this assertion rings hollow as the MedAire defendants know full well that the MedAire defendants and British Airways have entered into a separate agreement that deals with, among other things, the rights of the MedAire Defendants. It is interesting to note that this fact was omitted from the MedAire defendants' Objection.

In light of the foregoing, British Airways and Dr. Verma respectfully request that the Stipulation and Order Re: Dismissal be entered by the Court.

DATED this 4th day of December, 2014.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/J. Gary Linder
   J. Gary Linder
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona  85012
   Attorneys for Defendant British Airways

CONDON & FORSYTH LLP


By/s/Scott D. Cunningham
   Scott D. Cunningham
   Anthony U. Battista
   Ivy L. Nowinski
   1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
   Attorneys for Defendant British Airways

ORIGINAL of the foregoing electronically filed this 4th day of December, 2014.

COPY of the foregoing mailed/e-mailed this 4th day of December, 2014, to:

Stephen M. Dichter
Jeffrey O. Hutchins
Christian Dichter & Sluga, P.C.
2700 North Central Avenue
Suite 1200
Phoenix, AZ 85004
Attorneys for Plaintiffs

Francis G. Fleming
Robert J. Spragg
Kreindler & Kreindler, LLP
750 Third Avenue
New York, New York 10017
Attorneys for Plaintiffs

/s/Amy L. Ebanks

3980653.1

5