1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF ARIZONA

9    LINDA ANN BAILLIE, individually, as        No. 2:14-cv-00420-DJH
     Personal Representative of the Estate of
10   JAMES DONALD BAILLIE, II, and on
     behalf of all heirs and next of kin of
11   JAMES DONALD BAILLIE, II, deceased,        **[PROPOSED] PROTECTIVE ORDER
                                                OF CONFIDENTIAL DOCUMENTS
12                          Plaintiff,          AND INFORMATION**

13          vs.

14   MEDAIRE, INC.; STEVEN JOE
     REINHART, D.O.; and JESSICA MONAS,
15   M.D.,

16                          Defendants.

17

18                            **INTRODUCTION**

19          This is a wrongful death lawsuit filed by plaintiff LINDA ANN BAILLIE,

20   individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II,

21   and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased

22   (hereafter "plaintiff").  The lawsuit is brought under The Convention for the Unification

23   of Certain Rules for International Carriage by Air, 49 U.S.C. 40105, 1999 WL 33292734

24   (2000), commonly known as the Montreal Convention.  Plaintiff's decedent James Donald

25   Baillie, II, was a passenger on board British Airways, PLC (hereafter referred to as

26   "British Airways") flight 289 from London to Phoenix on March 23, 2012.  Plaintiff's

27   decedent allegedly suffered a heart attack onboard the aircraft, and died as the result of

28   said heart attack several months after the subject flight, on July 1, 2012.  Plaintiff alleges

that Defendants MEDAIRE, INC., STEVEN JOE REINHART, D.O., and JESSICA MONAS, M.D. are liable for Mr. Baillie's death under Article 17 of the Montreal Convention, because their actions or omissions allegedly constituted an "accident," as that term is used in Article 17, and because those actions or omissions were allegedly a link in the chain of causation which ultimately resulted in Mr. Baillie's death.

Plaintiff previously sued British Airways in the United States District Court for the Central District of California, Case No. CV13-04681 (the "California Case"), and that court issued a protective order to protect documents produced in that case that the parties contended were proprietary or confidential.  Many, if not all, of the documents produced in that case will also be used in this case.  In addition, the parties may produce additional documents in this case that they believe are proprietary or confidential.

## **PROTECTIVE ORDER**

Based upon the stipulation of the parties, and good cause appearing therefor, **IT IS HEREBY ORDERED** as follows:

1.    All documents previously produced and marked as confidential in the California Case will continue to be subject to the Protective Order issued in that case, except that the documents may now be used in this case, subject to the terms of this Protective Order.

2.    Any party may designate any item, including documents and tangible things, which contains personal information or information deemed to be proprietary as confidential and subject to the terms of this Protective Order.  All documents designated as confidential hereunder shall be marked prior to production by placing the legend **"CONFIDENTIAL"** on each page of the document.  Except as otherwise adjudicated by the Court, all items so marked, and all copies, prints, summaries, or other reproductions of such information, shall be subject to the provision hereof.

3.    Unless otherwise directed by the Court or through prior written agreement of the Parties, and subject to the limitations of Paragraph 2 above, information and documents subject hereto shall not be used or shown, disseminated, copied, or in any way

communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals.  Any copies, excerpts, summaries, analyses, or other disclosures of, or references to, the substance or contents of any information designated as confidential shall be protected to the same extent as the underlying information.  Except as provided for below and in the paragraphs that follow, the Parties shall keep all confidential information and documents strictly confidential from all persons. The information and documents subject hereto may be disclosed only to:

      (a)   The actual named Parties, in the case of individual (non-corporate) Parties in this action;

      (b)   In the case of corporate Parties in this action, officers, directors, insurers, in-house counsel, and current and former employees of such corporations deemed reasonably necessary by counsel for the prosecution, defense, trial or appeal of this action, including employees and former employees of such Parties who testify as pretrial or trial witnesses in connection with this action;

      (c)   Counsel (and their staff) who represent the Parties in this action;

      (d)   Experts or consultants retained by counsel, whether or not they are expected to testify;

      (e)   The Court and court personnel for any purpose the Court finds necessary;

      (f)   Jurors and court personnel at trial of this case; and

      (g)   Stenographic and/or videographic personnel hired to record testimony.

4.    Disclosures shall be made to such persons identified in Paragraph 3, and such persons may review such disclosures, only as necessary for purposes of litigating this action.  The persons identified in Paragraph 3 shall not otherwise disseminate the information and documents subject hereto or the substance of such information or documents.

5.    Counsel (and counsel's staff) for the receiving Parties will abide by, and be bound by, the provisions hereof, and will use due care to ensure that the provisions hereof

3

are known and adhered to by clients; all persons under counsel's supervision and/or control; and any person, firm, or corporation who has been retained by counsel to act on the receiving Party's behalf in connection with this litigation.

6.     With respect to deposition testimony and any document marked as an exhibit thereto, the designation of confidentiality may be made on the record at the time of the deposition, and the designated testimony shall be subject to the full protection hereof, unless challenged in accordance with the procedures of Paragraph 15.   In the case of testimony not so designated during the course of a deposition, counsel may so designate confidential testimony, within thirty (30) days of the deposition testimony and/or exhibits which contain confidential material, in which case the designated testimony and/or exhibits shall be subject to the full protections hereof.   Until the 30-day period for notification has elapsed, deposition transcripts in their entirety and all exhibits are to be considered as confidential and proprietary and subject to the provisions hereof.  If, prior to and/or during the course of a deposition, a witness refuses to be bound by the terms hereof, the deposition shall be adjourned until application can be made to the Court regarding the deposition.

7.     Each person given access to documents and information subject hereto, except those persons identified in paragraph 3(c), (e), and (f) above, must acknowledge the provisions hereof and agree, in writing, to be bound by all its terms and conditions.  This requirement must be satisfied by obtaining the signature of the person or persons on a copy of the Agreement to Be Bound by Protective Order, attached as **Exhibit A** hereto. By agreeing to be bound thereby, each person consents to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of documents or information protected hereby.  Each Party shall maintain the original signed written agreements and a verified list of all experts, consultants, or persons to whom the information and documents or copies thereof were revealed.  The list of signatories shall not be revealed to any other person or persons except through court order.

/ / /

4

8.     If a Party intends to submit to the Court a document marked as confidential before trial, that Party or any other Party may request that such document be placed under seal.  If the Parties agree, such request shall be presented to the Court as a stipulated motion.  The parties shall follow LRCIV 5.6 in connection with any application to seal documents.

9.     Neither the provisions hereof nor the designation of any item as confidential shall be construed as an admission that such document, information, or testimony would be admissible in evidence in this litigation or in any other proceeding.  In addition, this Protective Order does not, of itself, require the production of any information or documents; nor does the existence thereof constitute an admission or finding that any material marked as confidential is entitled to protection under applicable law.

10.    Nothing contained herein shall be deemed a waiver of any Party's right to: (a) oppose discovery on grounds other than that the same constitutes or contains confidential information, or (b) object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

11.    If any Party wishes to petition the Court to modify this Protective Order or its application to certain documents or information, the Party shall follow all applicable Federal Rules of Civil Procedure and Local Rules in petitioning the Court for relief.

12.    All Parties, within sixty (60) days of the final conclusion of all aspects of this litigation, or a dismissed Party within thirty (30) days of that Party's dismissal with prejudice prior to the final conclusion of all aspects of this litigation, shall:

      (a)   Provide to the Party's counsel that originally produced confidential information a copy of all Agreements executed pursuant to paragraph 7 above; and

      (b)   Retrieve all such confidential information, including all copies thereof and all documents identifying such confidential information, in that party's possession, custody or control, or in the possession, custody or control of all such persons to whom the confidential information was

5

disseminated pursuant to paragraph 7, and either:  1) return all such confidential information to the Party's counsel that originally produced the confidential information (redacting any work product of the receiving counsel) at the producing counsel's business office or any subsequent address designated by that counsel, or 2) completely destroy all such confidential information; and

(c)   Provide a declaration under the penalty of perjury stating that a good faith effort was made to retrieve all such confidential information received and/or disseminated, and that all such confidential information has been either returned or destroyed as indicated in subparagraphs (a) and (b) above.

13.  Up and until the commencement of trial, but not thereafter, the provisions hereof relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information that is publicly available, and with respect to documents submitted in connection with dispositive motions.  The Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions hereof up to and until trial is commenced, but not thereafter.  If any party desires protection for documents or information submitted in connection with dispositive motions, or at trial, that party shall make a separate application to the judicial officer who will preside over such proceedings.

14.  Nothing contained herein shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nor shall any provision hereof be deemed to preclude any Party from challenging the validity of the confidentiality of any materials or information so designated.

15.  If a Party elects to challenge the designation of confidentiality ("Challenging Party") of any document, information, or testimony, the Challenging Party shall notify the

6

Party who designated the challenged document ("Designating Party") as confidential of its challenge, in writing. Once the challenge is raised, the Parties shall promptly confer and make reasonable and good faith efforts to resolve the disagreement without intervention by the Court. If they are unable to resolve their differences in good faith within 10 days of receipt of the challenge, the Challenging Party shall request a ruling from the Court with respect to the confidential treatment of the information at issue within 30 days of completion of the meet and confer efforts. The Designating Party shall have the burden to prove that the challenged document, information, or testimony is entitled to protection under applicable law. Until such time as the Parties' contentions regarding the confidentiality of documents, information, or testimony are fully and finally adjudicated, all documents, testimony, or other materials designated by a party as confidential shall retain their confidential status. Nothing in this Protective Order shall be deemed to alter, modify, or reduce the burden on any Party asserting a privilege to make out all elements of the privilege claimed.

16. It is recognized by the Parties hereto that documents or testimony may be designated inadvertently or erroneously as confidential, or that such a designation inadvertently or erroneously may be omitted with respect to documents or information that are entitled to such protection. Any Party hereto may correct its designation or lack thereof within a reasonable time and shall, at its own expense, furnish to all counsel copies of the documents for which there is a change in designation.

17. It is recognized by the Parties that documents or testimony stamped as confidential may be inadvertently disclosed to third parties by a Receiving Party. Any Receiving Party may correct this inadvertent disclosure without sanction by immediately bringing it to the attention of the Producing Party by letter to the Producing Party's counsel in which the third party is identified by name and address. The Receiving Party shall further provide an affidavit of counsel confirming that to the best of his or her knowledge the documents and any copies thereof were recovered from the third party.

/ / /

18.   All documents or information produced by the Parties prior to the entry of this Protective Order by the Court shall be subject to the provisions hereof to the same extent as if such Protective Order had been entered by the Court as of the date such documents or information were produced.  Producing Parties shall have 30 days from the date of entry of this Order to designate already-produced materials as confidential.   However, documents or information obtained through means other than discovery in this action shall not be subject hereto.

19.   In the event that any person identified in paragraph 3 above who has been provided access to confidential information produced in this action ("Person Served"): (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a Party to this litigation, seeking information that has been produced in this action by another Party and which is subject hereto, the Person Served shall give prompt written notice of such event to counsel-of-record for the Party that produced the information. Upon receipt of written notice, the Party which produced the information shall advise the Person Served of that Party's position with respect to the protected information. Thereafter, the Party which produced the information shall assume responsibility for prosecuting any objection to the discovery requests, subpoena, or demand, and the Person Served shall cooperate to the extent necessary to preserve the confidentiality of the information.  Should the person seeking access to information take action to enforce such discovery requests, subpoena, demand, or other legal process, the Person Served shall set forth in his response the existence hereof.  Nothing herein shall be construed as requiring the Receiving Party to challenge or appeal any order requiring production of the information.

20.   The provisions hereof shall not prejudice the Parties' rights or arguments regarding whether documents or information used at trial do or do not remain confidential. Such issues will be taken up as a separate matter upon motion of any Party.

DATED this _____ day of _____, 2015.

_____

The Honorable Diane J. Humetewa
United States District Judge

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I will be receiving documents that have been designated confidential and subject to the terms of the Protective Order entered in the above-captioned case.  I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order.  I understand that any use by me of documents or information designated confidential under the Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Protective Order, will subject me to the sanctions of the Court.  I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this _____ day of _____, _____.


_____
*Signature*


_____
*Printed Name* [print legibly]


_____
*Witness*


_____
*Printed Name of Witness* [print legibly]

10