Mark C. Dangerfield (Bar No. 010832)
Wm. Charles Thomson (Bar No. 004269)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
E-mails: mark.dangerfield@gknet.com
             wct@gknet.com
Attorneys for Defendants MedAire, Inc., Steven
Joe Reinhart, D.O., and Jessica Monas, M.D.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEDAIRE, INC.; STEVEN JOE REINHART, D.O.; JESSICA MONAS, M.D.,<br><br>Defendants. | No. 2:14-cv-00420-DJH<br><br>**RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANTS STEVEN JOE REINHART, D.O. AND JESSICA MONAS, M.D.** |

Pursuant to Fed. R. Civ. P. 12(c), undersigned counsel move for judgment on the pleadings in favor of Drs. Steven Joe Reinhart and Jessica Monas because their actions in providing onboard medical advice to BA Flight 289 are immune from damage claims under the Aviation Medical Assistance Act of 1998, Public Law 105-170 (112 Stat. 49) (the "Medical Assistance Act" or the "Act"). For the Court's convenience, a copy is attached as **Ex. 1**.

Section 5(b) of the Act absolves individuals (but not companies) from any damage claim for providing onboard medical assistance, unless they were guilty of gross negligence or willful misconduct. Since Plaintiff's First Amended Complaint (the "FAC") does not allege gross negligence or willful misconduct, the plain language of the Act requires the dismissal of the defendant doctors. This motion is supported by the following memorandum of points and authorities.

I. **BACKGROUND TO PLAINTIFF'S ACTION.**

MedAire is a company based in Tempe, Arizona that provides remote medical advice and consultation to airline crews while in flight. FAC ¶¶ 3, 9, 13. As alleged in FAC ¶ 4, Doctors Reinhart and Monas were at all times "employed by or acting as agents for defendant MedAire."[1]

This action involves injuries allegedly sustained on March 23, 2012 by Plaintiff's husband, Mr. Baillie, while on board Flight 289, a British Airways flight from London Heathrow to Phoenix Sky Harbor. Plaintiff alleges that, having "rushed to make" Flight 289, Mr. Baillie was experiencing chest pains and shortness of breath when he boarded, and he reported his conditions to the British Airways crew. FAC ¶¶ 11, 16. Plaintiff characterizes the situation as "a progressive in-flight medical emergency." FAC ¶ 13.

According to the FAC, the BA pilot eventually contacted MedAire "from the cockpit of the subject aircraft," and spoke with Dr. Reinhart in Phoenix, who provided certain medical advice relating to the care of the ill passenger. FAC ¶¶ 18-20; 24-25. Hours later, the pilot called MedAire again, and—because Dr. Reinhart had by then "gone off shift," this time spoke with Defendant Dr. Monas, who also gave the crew some medical advice relating to the care of the ill passenger. *Id.* ¶ 26.

According to the FAC, though, Drs. Reinhart and Monas both failed to provide "an informed, adequate and proper medical evaluation, assessment, guidance, consultation, options and treatment instructions to British Airways," "failed to cause the flight to be diverted," and "failed to enable" Mr. Baillie to "obtain necessary life saving emergency medical attention and treatment for his in-flight heart attack," thus allegedly causing Mr. Baillie to "suffer severe aggravated and progressive physical and mental injuries" during the "last six hours of the subject flight" between London and Phoenix. FAC ¶ 16.

After landing in Phoenix, Mr. Baillie "was taken off the subject flight by emergency medical technicians," and taken to St. Luke's Hospital in Phoenix, where it

---

[1] While we disagree with this and other statements made in the FAC, we assume their truthfulness solely for the purpose of this Motion.

was "confirmed that Mr. Baillie had suffered a heart attack. . . ."  FAC ¶ 29.  Mr. Baillie was later transferred to The Mayo Clinic in Scottsdale, where he died on July 1, 2012.  *Id.*

## II. BY ITS PLAIN TERMS, THE AVIATION MEDICAL ASSISTANCE ACT OF 1998 BARS THIS ACTION AGAINST DRS. REINHART AND MONAS.

One of the patent risks of commercial air travel is the inability to obtain needed medical assistance while on board a plane. While skilled physicians may work wonders in a well-equipped hospital or emergency care center, an airliner lacks such facilities.  And given an airliner's cramped quarters and limited medical facilities, doctors or other individuals may be reluctant to provide in-flight advice or other assistance related to a passenger experiencing medical difficulties—for fear of lawsuits such as this.

To partially address such concerns, Congress in 1998 enacted the above-mentioned Medical Assistance Act.  Among other things, the Act required the Federal Aviation Administration to review requirements for emergency medical training for air carrier crews, and for air carrier emergency medical equipment, including a review of whether to require defibrillators on passenger planes.  More importantly for this Motion, Section 5 of the Act, entitled "Limitations on liability," contained two subsections, 5(a) and 5(b), which limited liability in some circumstances.

Section 5(a), though not pertinent here, includes what one court has termed a "good Samaritan clause," which eliminates the liability of a carrier for obtaining in-flight medical assistance from a "passenger," but only if the passenger was "not an employee or agent of the carrier," and the carrier "in good faith" believed the passenger was "medically qualified."[2]

Section 5(b) of the Act, though, applies directly to the FAC's claims against Drs. Reinhart and Monas.  Section 5(b) bars any recovery of damages from any "individual," based on his or her "actions or omissions" in providing assistance for an in-flight medical emergency, unless that individual is guilty of "gross negligence" or "willful misconduct."

---

[2] *See Stone ex rel. Estate of Stone v. Frontier Airlines, Inc.*, 256 F. Supp. 2d 28, 37 (2002).

3

Section 5(b) states in its entirety:

> An **individual shall not be liable for damages** in any action brought in a Federal or State court **arising out of the acts or omissions** of the individual **in providing or attempting to provide assistance** in the case of an **in-flight medical emergency** unless the individual, while rendering such assistance, is guilty of **gross negligence** or willful misconduct.

Ex. 1, Section 5(b) (emphasis added).

The unambiguous terms of Section 5(b) apply to Drs. Reinhart and Monas. This is indisputably an action in Federal court. Drs. Reinhart and Monas plainly fit the definition of "individuals." The Medical Assistance Act does not define, "individual," so it takes its ordinary meaning: "a single human being, as distinguished from a group." Random House Webster's College Dictionary (2001). Assuming the truth of the FAC's allegations, Drs. Reinhart and Monas were "providing or attempting to provide assistance in the case of an in-flight medical emergency. . . ."[3] Finally, the FAC never alleges gross negligence or willful misconduct.

The FAC thus fails to state a damage claim against Drs. Reinhart and Monas.

Sound policy considerations underscore the Act's effect. First, the Act does not bar Plaintiff's suit against MedAire. Plaintiff remains free to seek whatever damages may be legally cognizable against MedAire, if any. Second, plaintiff has a single damage claim—allegedly based on injuries suffered by Mr. Baillie due to an "accident" on board Flight 289—that is independent of the number of defendants in the case, so the dismissal of the two doctors will not affect the *amount* of any damages the plaintiff might claim. And third, by insulating the doctors from personal liability, it encourages these doctors—and others similarly situated—to continue offering remote medical advice to airlines that can potentially benefit both air carriers and their passengers.

Of course, Plaintiff may try and argue that the plain words of the Medical Assistance Act do not mean what they say, but the Court should ignore any such

---

[3] The FAC refers to Mr. Baillie's condition as a "medical emergency" at least a half dozen times. *See*, *e.g.* FAC ¶¶ 13, 17, 22, 28, 30, and 34.

argument. As stated by the Ninth Circuit, the "preeminent canon of statutory interpretation requires [a court] to presume that [the] legislature says in a statute what it means and means in a statute what it says there."[4] And as that court went on to say: "Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Id.* That description aptly summarizes the inquiry needed as to Section 5(b) of the Medical Assistance Act.

## CONCLUSION

Pursuant to Section 5(b) of the Medical Assistance Act, the Court should grant judgment on the pleadings in favor of Defendant Drs. Reinhart and Monas, and enter final judgment in their favor on Plaintiff's claims against them.

RESPECTFULLY submitted this 2nd day of July, 2015.

GALLAGHER & KENNEDY, P.A.

By: /s/ *Mark C. Dangerfield*
Mark C. Dangerfield
Wm. Charles Thomson
2575 East Camelback Road
Phoenix, Arizona  85016-9225
Attorneys for Defendants MedAire, Inc.;
Steven Joe Reinhart, D.O.; and Jessica
Monas, M.D.

---

[4] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (*quoting McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008) (finding statutory text to be "clear and unambiguous").

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2015, a copy of the foregoing document was filed electronically via the Court's CM/ECF system and Notice of Electronic Filing served on all parties by operation of the Court's CM/ECF system.

Stephen M. Dichter, Esq. (sdichter@cdslawfirm.com)
Jeffrey O. Hutchins, Esq. (jhutchins@cdslawfirm.com
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, AZ  85004
*Attorneys for Plaintiff*

Francis G. Fleming, Esq. (ffleming@kreindler.com)
Robert J. Spragg, Esq. (rspragg@kreindler.com)
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY  10017
*Attorneys for Plaintiff*

By: */s/ Candice J. Cromer*