1   Francis G. Fleming, 004375
    ffleming@kreindler.com
2   Robert J. Spragg, *pro hac vice*
    rspragg@kreindler.com
3   KREINDLER & KREINDLER LLP
4   750 Third Avenue, 32nd Floor
    New York, NY 10017
5   Tel.: (212) 687-8181
6   Fax: (212) 972-9432

7   Stephen M. Dichter, 004043
8   sdichter@cdslawfirm.com
    CHRISTIAN DICHTER & SLUGA, P.C.
9   2700 North Central Avenue, Suite 1200
    Phoenix, Arizona 85004
10  Tel: (602) 792-1700
11  Fax: (602) 792-1710

12  *Attorneys for Plaintiff Linda Ann Baillie*

13
                 UNITED STATES DISTRICT COURT
14                 FOR THE DISTRICT OF ARIZONA

15
    --------------------------------------------------------x
16  LINDA ANN BAILLIE, individually, as            Case No.: 2:14-CV-00420-SMM
    Personal Representative of the Estate of
17  JAMES DONALD BAILLIE, II, and on
18  behalf of all heirs and next of kin of          **PLAINTIFF'S SUPPLEMENTAL**
    JAMES DONALD BAILLIE, II,                        **MEMORANDUM OF LAW ON**
19  deceased,                                        **FEDERAL SUBJECT MATTER**
                                                     **JURISDICTION UNDER THE**
20                                                   **MONTREAL CONVENTION**
                              Plaintiff,
21            v.

22
23  MEDAIRE, INC., STEVEN JOE
    REINHART, D.O. and JESSICA
24  MONAS, M.D.,

25
                              Defendants.
26  --------------------------------------------------------x

27

28

Plaintiff Linda Ann Baillie, by and through her attorneys, Kreindler & Kreindler LLP and Christian, Dichter and Sluga, P.C., submits this supplemental memorandum of law to address the issue of federal subject matter jurisdiction under the Montreal Convention with respect to her claims against defendants MedAire, Inc. ("MedAire"), Steven Joe Reinhart, D.O. ("Dr. Reinhart") and Jessica Monas, M.D. ("Dr. Monas.")

### I.      Relevant Facts

This wrongful death suit arises out of a heart attack suffered by James Donald Baillie, II ("Mr. Baillie") during a March 23, 2012 international commercial airline flight between London, England and Phoenix that was operated by British Airways Plc ("British Airways") as BA Flight 289.

British Airways had contracted with defendant MedAire to provide ground-based medical emergency advice and assistance to British Airways crewmembers.  MedAire is a company that provides on-demand telemedicine services for in-flight medical emergencies through emergency care physicians on the ground.  British Airways has a written agreement with MedAire under the terms of which MedAire provides British Airways with in-flight options and medical guidance in the event of an ill passenger or crewmember and MedAire's physicians recommend to the British Airways flight crew, among other things, whether the flight should be diverted based on the medical condition of the passenger or crew member.  Dr. Reinhart and Dr. Monas are emergency care physicians who provide these telemedicine services for MedAire.

Plaintiff has alleged that during the course of BA Flight 289 Mr. Baillie suffered a heart attack and that, when contacted by the British Airways crew, MedAire, Dr. Reinhart

-1-

and Dr. Monas failed to provide them with the necessary information about the severity of

Mr. Baillie's medical condition and the emergency medical care he required and as a

result, the crew did not divert the flight, causing the aggravation of Mr. Baillie's medical

condition, subsequent severe injury to the muscle and tissue of his heart, and his eventual

death.

Mr. Baillie's widow, plaintiff Linda Ann Baillie, originally brought suit in state

court against British Airways and an onboard physician as well as MedAire, Dr. Reinhart

and Dr. Monas.  Defendants subsequently removed her complaint to this Court, asserting

federal subject matter jurisdiction because plaintiff's state court suit alleged that her

claims arose under the Convention for the Unification of Certain Rules Relating to

International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003),

reprinted in S. Treaty Doc. No. 106-45 ("Montreal Convention").

Plaintiff subsequently settled her claim with British Airways and stipulated to the

dismissal of the action against the airline and the onboard physician, but the suit against

MedAire, Dr. Reinhart and Dr. Monas remains pending.  She has since filed an amended

complaint alleging federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, by

reason of a federal question concerning the Montreal Convention. Dkt. No. 45, ¶ 7.

## II.     Federal Subject Matter Jurisdiction

Plaintiff has invoked federal subject matter jurisdiction on the basis of a federal

question under 28 U.S.C. § 1331, as her claims arise under the Montreal Convention,

which applies to all international carriage of persons by aircraft under Art. 1(1) of that

treaty.

Article 29 of the Montreal Convention provides that "[i]n the carriage of passengers, … any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention." *See also El Al Israel Airlines Ltd. v. Tseng,* 525 U.S. 155 (1999) ("[R]ecovery for a personal injury suffered on board [an] aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all." (internal quotation marks omitted) (alteration in original)).  The Montreal Convention applies not only to the domestic and foreign airlines operating international flights but, by its express terms, to the servants and agents of those airlines:

> If an action is brought against a servant or agent of the carrier arising out of damages to which the Convention relates, such servant or agent, if they prove that they acted within the scope of their employment, shall be entitled to avail themselves of the conditions and limits of liability which the carrier itself is entitled to invoke under this Convention.

Art. 30(1).

Additionally, the Montreal Convention makes it explicit that agents and servants of an airline that act within the scope of their employment are subject to the same conditions and limits of liability that govern the airline.  That provision states that

> In relation to the carriage performed by the actual carrier, any servant or agent of that carrier or of the contracting carrier shall, if they prove that they acted within the scope of their employment, be entitled to avail themselves of the conditions and limits of liability which are applicable under this Convention to the carrier whose servant or agent they are, unless it is proved that they acted in a manner that prevents the limits of liability from being invoked in accordance with this Convention.

Art. 43.

1

2

3

4          One of the changes in the Montreal Convention as compared to its predecessor

5  treaty the Warsaw Convention was the express extension of the treaty's reach to an

   airline's servants and agents.[1]  But even under the Warsaw Convention, courts routinely

   extended coverage under the treaty to an airline's employees and agents, including the air

   carriers' independent contractors.[2] *Reed v. Wiser,* 555 F.2d 1079, 1089–93 (2d Cir.1977)

   ("carrier" for purposes of the Warsaw Convention includes an airline's employees);

   *Croucher v. Worldwide Flight Servs., Inc.,* 111 F.Supp.2d 501, 504-05 (D.N.J.2000) (in

   suit only against independent contractor that provided ground handling services to

   international airline in which defendant removed case to federal court on basis of subject

   matter jurisdiction pursuant to 28 U.S.C. § 1331, the Warsaw Convention applied to claim

   against contractor); *Waxman v. C.I.S. Mexicana De Aviacion,* 13 F.Supp.2d 508, 515

   (S.D.N.Y.1998) (liability limits of Warsaw Convention apply to cleaning services

   subcontractor); *Kabbani v. Int'l Total Servs.,* 805 F.Supp. 1033, 1039 (D.D.C.1992)

   (treaty liability limits apply to independent contractor providing security services sued by

   passenger whose carry-on bag was stolen); *In Re Air Disaster at Lockerbie, Scotland,* 776

   F.Supp. 710 (E.D.N.Y.1991) (Warsaw Convention applies to agents of an air carrier that

   provided security services).

---

[1] The Montreal Convention modernized and replaced the Convention for the Unification of
Certain Rules Relating to International Transportation by Air (Oct. 12, 1929), 49 Stat. 3000
(1934), reprinted in 49 U.S.C. §1502 note (1976) ("Warsaw Convention").

[2]  Case law interpreting provisions of the Warsaw Convention has been applied to cases
interpreting "substantively similar" provisions of the Montreal Convention. *Kruger v. United Air
Lines*, 481 F.Supp.2d 1005, 1008 (N.D. Cal. 2007); *Baah v. Virgin Atlantic Airways*, 473
F.Supp.2d 591, 596-97 (S.D.N.Y 2007).

That is, virtually all courts to address the issue have recognized that independent contractors are generally covered by the Montreal or Warsaw Convention when the independent contractor's service is performed in furtherance of the contract of carriage. And where, as in the instant case, the service is at all "flight related" it is deemed "in furtherance of the contract of carriage." *See Waxman,* 13 F.Supp.2d at 515.  An independent contractor's services that include "providing medical advice, aiding the crew in deciding whether to divert, suggesting appropriate airports for a diversion when needed, and arranging necessary medical care at the arrival gate, are given in furtherance of the contract of carriage." *McCaskey v. Cont'l Airlines, Inc.*, 159 F. Supp. 2d 562, 580 (S.D. Tex. 2001) (finding the Warsaw Convention applied to claims against MedAire arising from passenger's death from a stroke suffered or exacerbated during flight).

Additionally, "to exempt companies providing a service like MedAire from the Convention's reach would discourage the airlines from engaging such medical services.  It would not be consistent with public policy to return to a situation wherein airlines must rely upon the fortuity of having experienced medical personnel aboard a given aircraft to diagnose and aid an ill passenger." *McCaskey* 159 F. Supp. 2d at 580.

In this case, as in *McCaskey*, the services that MedAire, Dr. Reinhart and Dr. Monas provided to British Airways were in furtherance of the contract of carriage and, accordingly, fall within the scope of the Montreal Convention and thereby give this Court subject matter jurisdiction over the lawsuit.[3]

---

[3] Whether considered under the Montreal Convention or Arizona state law, MedAire was an agent of British Airways.  "An agent who is not a servant is … an independent contractor when he

### III.    Conclusion

For the reasons set forth herein and in her prior filings, plaintiff respectfully requests that this Court deny defendants' motion to dismiss her claims under Fed.R.Civ.P. 12(c).

Dated:  November 20, 2015                              Respectfully submitted,

                                                      KREINDLER & KREINDLER LLP

                                                      By:   /s/ Robert J. Spragg, Esq.

                                                      Robert J. Spragg, *pro hac vice*
                                                      Francis G. Fleming, 004375
                                                      750 Third Avenue, 32nd Floor
                                                      New York, NY 10017
                                                      Telephone: (212) 687-8181
                                                      Facsimile:   (212) 972-9432

                                                      -and-

                                                      Stephen M. Dichter, 004043
                                                      CHRISTIAN DICHTER & SLUGA, P.C.
                                                      2700 North Central Avenue, Suite 1200
                                                      Phoenix, AZ 85004
                                                      Telephone: (602) 253-5808
                                                      Facsimile:   (602) 792-1710
                                                      *Attorneys for Plaintiff Linda Ann Baillie*

---

contracts to act on account of the principal." *Wiggs v. City of Phoenix*, 198 Ariz. 367, 370 (2000) (citing Restatement (Second) of Agency § 2 cmt. b (1958).)

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of New York, State of New York.  I am over the age of 18 and not a party to the within action; my business address is 750 Third Avenue, New York, NY 10017.

I hereby certify that on November 20, 2015, I electronically transmitted the attached document and exhibits to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed in the attached Service List.

On November 20, 2015, I also served the foregoing ***PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW ON FEDERAL SUBJECT MATTER JURISDICTION UNDER THE MONTREAL CONVENTION*** on the interested parties as stated on the attached service list as follows:


  X   BY MAIL:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at New York, New York in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____   BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____   BY ELECTRONIC MAIL:

I served by electronic mail at the email address(es) on the attached Service List:

_____   BY MESSENGER

  X   (State)  I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

Executed on November 20, 2015 at New York, NY.

Lisa Ranieri _____                    _____ */s/ Lisa Ranieri* _____

(Type or Print Name)                                              (Signature)

-1-

PROOF OF SERVICE

## SERVICE LIST

### *Baillie v. MedAire, Inc. et al.*

Case No.: 2:14-cv-00420-SMM

Mark C. Dangerfield, Esq.
Wm. Charles Thomson, Esq.
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
mark.dangerfield@gknet.com
wct@gknet.com

*Attorneys for Defendants MedAire, Inc.; Steven Joe Reinhart, D.O.; and Jessica Monas, M.D.*

-2-

PROOF OF SERVICE