IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Ann Baillie,<br><br>                    Plaintiff,<br><br>v.<br><br>Medaire Incorporated, et al.,<br><br>                    Defendants. | No. CV-14-00420-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to File Under Seal Defendants' Memorandum on Subject Matter Jurisdiction Under the Montreal Convention and Exhibits. (Doc. 70.) The Court will deny the motion for now, due to noncompliance with LRCiv 5.6 and established Ninth Circuit precedent. The Court will, however, allow Defendants time to refile its motion in compliance with established law.

The Court may, for "good cause," enter a protective order for materials produced during discovery. Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). However, specific prejudice or harm is not necessarily sufficient justification for the Court to seal a dispositive motion and/or its attachments. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003) ("The mere fact that the production of records may lead to a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

A party seeking to seal a dispositive motion and/or it attachments "must 'articulate compelling reasons supported by specific factual findings' " that are sufficient to outweigh the "strong presumption in favor of [public] access" to court documents. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (alteration omitted) (quoting Foltz, 331 F.3d at 1135). If the Court determines "the public interest in understanding the judicial process" is outweighed by sufficient risk that "disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets," then the Court's order sealing the material must state the "compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Foltz, 331 F.3d at 1135 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or [are subject to a] protective order." Kamakana, 447 F.3d at 1179; accord Foltz, 331 F.3d at 1136. Notably, a stipulation is not a compelling reason to seal. See San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102-03 (9th Cir. 1999) (noting district court should have conducted compelling reason analysis notwithstanding stipulated protective order to seal document attached to summary judgment motion). Further, documents attached to dispositive motions that can be redacted should not be filed under seal. Foltz, 331 F.3d at 1137.

Local Rule of Civil Procedure 5.6 accommodates the different legal standards for the sealing of non-dispositive and dispositive motions[1] by requiring "[a]ny motion or stipulation to file a document under seal [to] set forth a clear statement of the facts and legal authority justifying the filing of the document under seal." LRCiv 5.6(b). Synthesis

---

[1] The distinction between motions to seal dispositive versus non-dispositive motions arises because the latter "are often unrelated, or only tangentially related, to the underlying cause of action." Kamakana, 447 F.3d at 1179. As a result, the public's interest in those judicial records is diminished and the Rule 26(c) good cause standard is appropriate. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).

of relevant circuit and district precedent confirms that Local Rule 5.6 as applied to dispositive motions requires the party or parties seeking protection to: (1) describe with particularity the documents or portions thereof for which protection is sought; (2) articulate sufficiently compelling justifications for overriding the strong presumption in favor of public access; and (3) provide specific facts that causally connect the particular documents to their compelling justifications. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010); Kamakana, 447 F.3d at 1178-79; Foltz, 331 F.3d at 1130-31; see, e.g., GoDaddy.com LLC v. RPost Communs, Ltd., No. CV-14-00126-PHX-JAT, 2014 WL 2117349 (D. Ariz. May 20, 2014); D'Agnese v. Novartis Pharms. Corp., No. CV-12-0749-PHX-JAT, 2012 WL 3744717, at *1-2 (D. Ariz. Aug. 27, 2012); Smith v. Barrow Neurological Inst. of St. Joseph's Hosp. & Med. Ctr., No. CV-10-01632-PHX-FJM, 2012 U.S. Dist. LEXIS 38017, at *2-3 (D. Ariz. Mar. 21, 2012); Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., No. CV-08-02051-PHX-FJM, 2010 WL 481408, at *2 (D. Ariz. Feb. 8, 2010). This standard must be met each and every time a party seeks to file under seal a document attached to a dispositive motion, Kamakana, 447 F.3d at 1179, even when the necessary review imposes an "onerous burden," Foltz, 331 F.3d at 1131. If parties fail to meet the compelling reason standard, the parties will have an opportunity to "resubmit the document[s] in a manner that conforms to the Court's order and this Rule." LRCiv 5.6(e).

The Court's April 28, 2015, Protective Order encompasses "[a]ll documents previously produced and marked as confidential in the California Case." (Doc. 55.) The Court's Order permitted parties to "designate any item, including documents and tangible things, which contain personal information or information deemed to be proprietary as confidential and subject to the terms of this Protective Order." (Id.) These provisions only apply to documents or items the parties want marked as confidential. The Order differentiates between documents parties merely want marked as confidential and documents parties want placed under seal. In terms of the later, the Protective Order provides, "[t]he parties shall follow LRCIV 5.6 in connection with any application to seal documents." (Id.)

The Court finds that Defendants have not complied with LRCiv 5.6 nor applicable Ninth Circuit precedent as spelled out in Kamakana, Foltz, and the like. Defendants do not provide the Court with any compelling reasons upon which to seal the requested memorandum. Simply because there is a Protective Order in effect in this case, it does not allow the parties to file documents under seal without following clearly delineated standards. In fact, the Protective Order admonishes the parties to follow the requirements outlined in LRCiv 5.6 if they wish to file any document under seal. (Id.)  Accordingly,

**IT IS HEREBY ORDERED denying without prejudice** Defendants' Motion to File Under Seal Defendants' Memorandum on Subject Matter Jurisdiction Under the Montreal Convention and Exhibits. (Doc. 70.)

**IT IS FURTHER ORDERED** that by **Friday, December 11, 2015**, Defendants shall refile their Motion to File Under Seal Defendants' Memorandum on Subject Matter Jurisdiction Under the Montreal Convention and Exhibits (Doc. 70) in a manner consistent with Local Rule 5.6 and applicable Ninth Circuit precedent.

**IT IS FURTHER ORDERED** that by **Friday, December 11, 2015**, Defendants shall also lodge proposed redacted memoranda and attachments thereto for the Court's consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall maintain Defendants' memorandum and attachments thereto as lodged under seal. (Doc. 71.)

Dated this 24th day of November, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge