Mark C. Dangerfield (Bar No. 010832)
Wm. Charles Thomson (Bar No. 004269)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road, suite 1100
Phoenix, Arizona  85016
Telephone:    (602) 530-8000
Facsimile:     (602) 530-8500
E-mails: mark.dangerfield@gknet.com
            wct@gknet.com
Attorneys for Defendants MedAire, Inc., Steven
Joe Reinhart, D.O., and Jessica Monas, M.D.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEDAIRE, INC.; STEVEN JOE REINHART, D.O.; and JESSICA MONAS, M.D.,<br><br>Defendants. | No. 2:14-cv-00420-PHX-SMM<br><br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF BILL OF COSTS** |

On September 14, 2017, the Court entered Judgment against Plaintiff, and in favor of Defendants.   Under 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and Local Rule 54.1, Defendants, as the prevailing parties, are therefore entitled to recover their taxable costs from the Plaintiff.  The Bill of Costs details Defendants' taxable costs in the amount of $30,405.88, and the Clerk is requested to tax those costs against Plaintiff.  The costs include the following:

| | |
|---|---|
| Fees for Service of Subpoenas | 384.20 |
| Fees for court reporters and deposition transcripts | 25,391.25 |
| Witness Fees | 3,575.00 |
| Fees for documents produced by Mayo Clinic Hospital | 1,055.43 |
| **Total** | **$30,405.88** |

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

The amount of these costs is further supported by the related summary spreadsheet and invoices filed herewith, and the following Memorandum.

<strong>MEMORANDUM IN SUPPORT OF TAXABLE COSTS</strong>

Some of the expenses listed on the Bill of Costs can benefit from the following comments.

**A.**     <u>**Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.**</u>

By far the greatest amount of taxable costs in this case stem from deposition expenses.  This case involved fact witnesses who resided in Arizona as well as witnesses who reside in or near London, England.  The parties also retained six expert witnesses who lived in various parts of the United States.  Because of the substantial dollar amounts at stake in this case—the Plaintiff claimed millions of dollars in damages—it was necessary to take the depositions of more than 30 witnesses, eight of whom reside in or near London. The depositions required two different trips to London, England, as well as trips to New York, Pennsylvania, and California.

Under 28 USC § 1920, Fed. R. Civ. P. 54, and Local Rule 54.1, the prevailing party is allowed to recover the "reporter's charge for an original and copy of a stenographic transcript of a deposition," whether or not the deposition was taken solely for discovery purposes.  The prevailing party may also tax the "reasonable expenses of the deposition reporter," including "travel and subsistence." *Id.*

In this case, the depositions taken in London were noticed by former defendant British Airways, and included the three pilots of the flight at issue in the case (Messrs. Stephen Fowler, Alastair Grant, and Matthew Simmons), as well as some of the flight attendants on the flight (Mmes. Ewa Van den Berg, Georgina Bolton, and Nicola Sharrad), and a doctor on the flight who volunteered to give medical aid to the decedent during the flight (Dr. Ratan Verma).  So counsel for Defendants MedAire and Drs. Reinhart and Monas

needed to appear at those depositions to defend their clients' interests.[1]

The Plaintiff in this case elected to take the deposition of the two individual defendants (Drs. Reinhart and Monas), as well as the deposition of five MedAire employees (Matt Whitley, Daniel Oscislawski, Michelle Tyler, Diann Weaverling, and Dr. Paulo Alves) and one independent physician related to MedAire (David Streitweiser). Counsel for Defendants necessarily appeared at each of these depositions and procured a copy of the same. The Plaintiff also elected to depose the Defendants' three expert witnesses, Dr. Matthew Budoff, Dr. Ron Roth, and Captain Michael Fortune (Ret.).

For their part, the Defendants took the deposition of the Plaintiff, Linda Baillie, as well as her adult daughter, Laura Baillie. The younger Ms. Baillie's deposition was taken in part because she was present during pertinent conversations with her father, the decedent James Baillie, while he was in the Mayo Clinic Hospital before he passed away, and those conversations needed to be memorialized under oath. The Defendants also took the depositions of four of the physicians who treated the decedent, Mr. Baillie, before his death (Drs. Michael Covalciuc, Octavio Pajaro, Brian Hess, and Robert Candipan), to memorialize their treatment of the decedent. Finally, the Defendants took the deposition of two of the Plaintiff's expert witnesses, Dr. Candipan and Captain Daniel Mesnard.

While all the depositions were videotaped, Local Rule 54.1(e)(3) states that "[c]osts associated with a video recording are not taxable," so the attached Bill of Costs attempts to list only the non-video costs. In the case of the deposition reporter's invoices for the two trips to London, the invoices combined the meal and travel expenses of both the video and stenographic reporter, and in those instances we listed one-half of that expense as a

---

[1] The depositions taken in London in May 2014 were, technically, initially noticed in a related case that Plaintiff filed in California, but the parties agreed that the depositions could be used in both that case and the subject case. Hence, in the briefing related to Defendants' Motion for Summary Judgment, which the Court granted in its 09/14/17 Order, both sides cited excerpts from the London depositions in support of their respective positions. Also, by agreement of parties, Alastair Grant, one of the pilots on the flight in question, was further deposed in October 2015, by telephone, while he remained in London.

reasonable estimate applicable to the travel and meal expenses of the stenographic reporter.

**B.**     **Fees for Witnesses.**

Local Rule 54.1(e)(4) allows for the recovery of witness fees.  In this case, some of the parties' experts required the opposing party to pay that expert's hourly fees for the time the expert spent in the deposition.  Thus, Plaintiff's expert Larry D. Stokes of Beta Business Consulting billed the Defendants $1,000 for the time he spent appearing at his deposition, and the Defendants paid him that amount.  In addition, Defendants' experts Dr. Roth and Dr. Budoff billed the Plaintiff $1,200 and $1,375, respectively, for the time they spent appearing at their depositions.  However, the Plaintiff failed to pay those amounts and should be required to pay them as taxable costs.

RESPECTFULLY submitted this 28th day of September, 2017.

GALLAGHER & KENNEDY, P.A.

By: /s/ *Mark C. Dangerfield*
     Mark C. Dangerfield
     Wm. Charles Thomson
     2575 East Camelback Road, Suite 1100
     Phoenix, Arizona  85016
     *Attorneys for Defendants MedAire, Inc.;*
     *Steven Joe Reinhart, D.O.; and Jessica*
     *Monas, M.D.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 28th day of September, 2017, a copy of the foregoing document was filed electronically via the Court's CM/ECF system and Notice of Electronic Filing served on all parties by operation of the Court's CM/ECF system.

Stephen M. Dichter, Esq.
Jeffrey O. Hutchins, Esq.
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, AZ  85004
    sdichter@cdslawfirm.com
    jhutchins@cdslawfirm.com
*Attorneys for Plaintiff*

Francis G. Fleming, Esq.
Robert J. Spragg, Esq.
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY  10017
    ffleming@kreindler.com
    rspragg@kreindler.com
*Attorneys for Plaintiff*

By: * /s/ Candice J. Cromer*
6209514/24709-0001

5