Francis G. Fleming, Jr. 004375
ffleming@kreindler.com
Robert J. Spragg, *pro hac vice*
rspragg@kreindler.com
KREINDLER & KREINDLER LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432

Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Tel: (602) 792-1700
Fax: (602) 792-1710
*Attorneys for Plaintiff Linda Ann Baillie*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

---------------------------------------------------x

LINDA ANN BAILLIE, individually, as
Personal Representative of the Estate of
JAMES DONALD BAILLIE, II, and on
behalf of all heirs and next of kin of
JAMES DONALD BAILLIE, II,
deceased,

Plaintiff,

v.

MEDAIRE, INC., STEVEN JOE
REINHART, D.O. and JESSICA MONAS,
M.D.,

Defendants.

---------------------------------------------------x

No.: 2:14-CV-00420-SMM

**PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' BILL OF COSTS**

Defendants MedAire, Inc., Steven Joe Reinhart, D.O. and Jessica Monas, M.D., who work together as part of a successful corporate enterprise, seek to collect $30,405.88 in costs against plaintiff Linda Ann Baillie, the widow of James Donald Baillie, II, after

this Court granted defendants' motion for summary judgment on September 14, 2017 (Docs. 98 and 99).[1]  Plaintiff disputes this figure and submits that only $7,308.20 should be allowable as taxable costs because many of the costs submitted by the defendants either should not be taxed in this matter or are excessive, for example, the costs of additional "bells and whistles," such as rough drafts and rough ASCII files of deposition transcripts, and defendants' counsel's use of the "Realtime" service during depositions.

## OVERVIEW

An award of standard costs in federal court is governed by Federal Rule of Civil Procedure 54(d).  *Champion Produce v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  District Courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K-S-H Plastics v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969).

The type of costs that "may" be awarded to the prevailing party under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Taniguchi v. Kan Pacific Saipan*, 132 S.Ct. 1997, 2006 (2012).  Those costs include:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under 28 U.S.C. § 1923;

    (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828.

28 U.S.C. § 1920.

The District of Arizona has interpreted these categories to include:

---

[1] The Court denied the parties' request for oral argument and did not hold a hearing on defendants' motion (Doc. 96 at 1, n. 1).  There was no trial.

(1) Clerk's Fees and Service Fees;

(2) Fees Incident to Transcripts – Trial Transcripts;

(3) Deposition Costs;

(4) Witness Fees, Mileage and Subsistence;

(5) Exemplification and Copies of Papers;

(6) Maps, Charts, Models, Photographs, Summaries, Computations and Statistical Summaries;

(7) Interpreter Fees;

(8) Docket Fees;

(9) Removed Cases;

(10) Other Items . . . with prior Court approval.

Rule 54.1 of the Local Civil Rules of the District of Arizona ("LRCiv. 54.1).

Here, defendants submit costs in four categories:  (1) "fees for service of subpoenas" in the amount of $384.20; (2) "fees for court reporters and deposition transcripts" in the amount of $25,391.25; (3) "witness fees" in the amount of $3,575.00; and (4) "fees for documents produced by Mayo Clinic Hospital" in the amount of $1,055.43 (Docs. 98 and 99).  However, as explained below, plaintiff submits that these amounts are excessive and the allowable costs should be:

| | |
|---|---|
| Fees for Service of Subpoenas: | $152.60 |
| Fees for Court Reporters and Deposition Transcripts: | $7,075.60 |
| Witness Fees: | $80.00 |
| Fees for Documents Produced by Mayo Clinic Hospital: | $0.00 |
| **TOTAL** | $7,308.20 |

## ARGUMENT

This Court should exercise its "wide discretion" in determining whether to allow costs for deposition-related expenses not directly associated with defendants' motion for summary judgment. *K-S-H Plastics*, 408 F.2d at 60.  Plaintiff submits that the costs associated with 24 out of the 33 depositions taken in this case were not "necessarily

incurred" and therefore should not be recoverable because those deposition transcripts were not cited by defendants in their motion for summary judgment. Likewise, the costs of service of deposition subpoenas on two of three witnesses should not be taxable because defendants also did not cite those deposition transcripts in their summary judgment papers.

## A. Fees for Service of Subpoenas

Defendants claim $384.20 for "fees for service of [deposition] subpoenas" on three witnesses, Michael A. Covalciuc, M.D., Brian Hess, M.D. and Robert C. Candipan, M.D., pursuant to 28 U.S.C. 1920(1) and LRCiv. 54.1(e)(1) (Docs. 99 and 99-1 at 1,3,4 and 5).

Plaintiff does not object to the fees for the service of a deposition subpoena on Dr. Candipan in the amount of $152.60 since his deposition was cited by defendants in their motion for summary judgment. However, plaintiff does object to the taxing of costs for the service of subpoenas on Drs. Covalciuc ($134.20) and Hess ($97.40) because their deposition transcripts were not cited by defendants in their summary judgment papers. Therefore, defendants should only recover service fees in the amount of $152.60.

## B. Fees for Court Reporters and Deposition Transcripts

Defendants seek $25,391.25 for "fees for court reporters and deposition transcripts" taken during discovery (Docs. 98 and 99). 28 U.S.C. § 1920(2) provides that a party "may" tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. LRCiv. 54(e)(3), which pertains to deposition costs, states that the court "reporter's charge for an original and copy of a stenographic transcript of a deposition is taxable if it was necessarily obtained for use in the case whether or not the deposition was actually received into evidence or was taken solely for discovery purposes." A party can only recoup the cost of one copy of the transcript if that party is not the one taking the deposition. *Id.* ("The cost of obtaining a copy of a stenographic transcript of a deposition by parties in the case other than the one taking the deposition is also taxable on the same basis.") The "reasonable expenses of the deposition reporter and a notary presiding at the taking of the depositions are taxable, including travel and subsistence." *Id.* "Costs associated with a video recording are not

taxable." *Id.*

Here, defendants calculate their 28 U.S.C. § 1920 (2) costs by aggregating all "allowable" costs for each of the 33 fact and expert witness discovery depositions taken in the case (Doc. 99-1 at 1, 2 and 6 - 25).  Plaintiff objects to the taxing of costs associated with all 33 depositions and submits that the costs associated with 24 of the 33 depositions should not be chargeable to the plaintiff because they were not "necessarily obtained for use in the case" since they were not cited by the defendants in their summary judgment papers. The following nine depositions were cited by defendants in their summary judgment motion and plaintiff does not object to the taxation of allowable costs from the depositions of these witnesses: Ewa Van Den Berg, Ratan Verma, M.D., Robert C. Candipan, Ph.D., M.D. (Vol. I), Alastair Grant (Vol. II), Linda Baillie, Laura Baillie, David R. Streitwieser, M.D., Robert C. Candipan, Ph. D., M.D. (Vol II), and Matthew Budoff, M.D.  *See* Defendant's Statement of Facts Exhibit List (Doc. 86-1 at Nos. 28 - 36).[2]

Should this Court nevertheless determine that it is appropriate to tax as costs the allowable expenses that defendants incurred in all 33 depositions in this case, plaintiff submits that many of the deposition costs claimed by defendants are not authorized or are excessive and not justified.  For example, while the actual transcript costs may be taxed, additional costs for ASCII files, miniscripts, rough drafts, or delivery/shipping charges are for the convenience of counsel and not taxed under 28 U.S.C. §1920(2) or LRCiv. 54.1(e)(3).  And, although exhibits are often an integral part of a deposition transcript, it is not true that a copy of an exhibit already in the possession of a party is necessarily obtained for the purpose of transcript costs.

Plaintiff sets forth below what she submits are the allowable costs from each deposition[3]:

---

[2] For the Court's convenience, a copy of Defendants' Statement of Facts Exhibit List is attached to the Declaration of Francis G. Fleming, Jr. in Support of Plaintiff's Objections to Defendants' Bill of Costs as Exhibit 1.

[3] For the Court's convenience, a chart which summarizes plaintiff's position on the allowable costs associated with all 33 discovery depositions taken in this case entitled

1) Deposition of Steven Joe Reinhart, D.O., (Vol. I) taken by plaintiff on May 16, 2014 (Doc. 99-1 at 1 and 6):

    a) allowable costs – one copy of transcript in the amount of $115.05;

    b) costs that are not allowable – exhibit scanning fee of $8.40.

2) Depositions of Nicola Sharrad, Ewa Van Den Berg, Captain Stephen Fowler, First Officer Alastair Grant (Vol. I), Georgina Bolton and Matthew Simmonds taken by plaintiff on May 27 – 30, 2014 (Doc. 99-1 at 1 and 7):

    a) allowable costs – Sharrad transcript in the amount of $780.50, Van Den Berg transcript in the amount of $1,354.50, Fowler transcript in the amount of $763.00, Grant transcript in the amount of $231.00, Bolton transcript in the amount of $976.50, Simmonds transcript in the amount of $525.00 and ½ of appearance charge for reporter (not videographer) in the amount of $979.17;

    b) costs that are not allowable – defendants' Realtime service use charges of $390.25 (Sharrad), $677.25 (Van Den Berg) and $488.25 (Bolton), videographer's ½ share of the appearance charge ($979.16), rough copy charges of $327.00 (Fowler), $99.00 (Grant) and $144.00 (Simmonds), and exhibit scanning fee of $236.25.

3) Deposition of Steven Joe Reinhart, D.O., (Vol. II) taken on July 7, 2014 (Doc. 99-1 at 1 and 8):

    a) allowable costs – one copy of transcript in the amount of $386.45;

    b) costs that are not allowable – rough draft fee of $163.75, exhibit scanning fee of $38.40, binding and processing fee of $14.50 and delivery/copy fee of $14.50.

4) Deposition of Jessica Monas, M.D., (Vol. I) taken by plaintiff on July 22, 2014 (Doc. 99-1 at 1 and 9):

    a) allowable costs – one copy of transcript in the amount of $398.25;

---

"Plaintiff's Position on Allowable Court Reporter and Deposition Costs" is attached to the Declaration of Francis G. Fleming, Jr. in Support of Plaintiff's Objections to Defendants' Bill of Costs as Exhibit 2.

b) costs that are not allowable – rough draft fee of $168.75.

5) Deposition of Ratan Verma, M.D. taken by plaintiff on December 5, 2014 (Doc. 99-1 at 1, 10 and 11):

   a) allowable costs – ½ appearance fee ($87.50), one copy of transcript in the amount of $700.00, ½ court reporter bus expense ($24.52), ½ court reporter taxi expenses ($26.65), ½ court reporter meal expense ($32.92);

   b) costs that are not allowable – ½ appearance fee ($87.50), defendants' Realtime service use fee of $350.00, exhibit scanning fee of $3.85, all video charges ($1,817.20), videographer expenses ($91.69), ½ court reporter bus expense ($24.52), ½ court reporter taxi expenses ($26.65), ½ court reporter meal expense ($32.92).

6) Depositions of Michael A. Covalciuc, M.D. and Robert C. Candipan, Ph.D., M.D. (Vol. I) taken by defendants on September 17 and 22, 2015, Matthew Whitley taken by plaintiff on September 23, 2015, and Brian H. Hess, M.D., taken by defendants on September 25, 2015 (Doc. 99-1 at 1 and 12):

   a) allowable costs - all costs are allowable except for the binding and delivery fee of $20.00.

7) Deposition of Alistair Grant (Vol. II) taken by defendants on October 22, 2015 (Doc. 99-1 at 1, 13 and 14):

   a) allowable costs – ½ appearance fee ($87.50), original and one copy of transcript ($1,350.00), ½ court reporter London-Gatwick charge ($34.65), ½ only court reporter return London-Gatwick charge ($9.66);

   b) costs that are not allowable – ½ appearance fee ($87.50), exhibit scanning fee ($18.20), all video charges ($1,538.20), room charges ($199.97), conference call charges ($39.60, $39.60, $38.80 and $40.00), videographer London-Gatwick charge ($17.20), ½ court reporter London-Gatwick charge ($34.65), ½ only court reporter return London-Gatwick charge ($9.66).

8) Deposition of Octavio E. Pajaro, M.D. taken by defendants on November 2, 2015 (Doc. 99-1 at 1 and 15):

a) allowable costs - all costs are allowable except for the binding and delivery fee of $10.00.

9) Deposition of Daniel Peter Oscislawski, M.D. taken by plaintiff on December 1, 2015 (Doc. 99-1 at 1 and 16):

a) allowable costs - all costs are allowable.

10) Depositions of Michelle Renee Tyler, Jessica Monas, M.D. (Vol. II), Matthew Whitley (Vol. II) and Diann Weaverling taken by plaintiff on December 15, 16 and 17, 2015 (Doc. 99-1 at 1 and 17):

a) allowable costs - all costs are allowable.

11) Depositions of Laura Baillie and Linda Ann Baillie taken by defendants on January 4, 2016, and the depositions of Paula M. Alves, M.D., Steven Joe Reinhart, M.D. (Vol. III) and David R. Streitwieser, M.D taken by plaintiffs on January 5, 6 and 7, 2016 (Doc. 99-1 at 2 and 18):

a) allowable costs - all costs are allowable except for the exhibits notebook charge of $10.00 and the binding and delivery fee of $15.00.

12) Depositions of Larry Stokes, Ph.D. and Robert C. Candipan, Ph.D., M.D. (Vol. II) taken by defendants on July 26 and 27, 2016, and the deposition of Paulo M. Alves, M.D. (Vol II) taken by plaintiffs on July 26, 27 and 29, 2016 (Doc. 99-1 at 2 and 19):

a) allowable costs – transcript charges of $444.00, $496.00 and $342.00, reporting services charges of $110.00 and $140.00;

b) costs that are not allowable – rough ASCII file charges of $148.75 and $137.50, binding and delivery fee of $15.00.

13) Deposition of Capt. Daniel J. Mesnard taken by defendants on August 3, 2016 (Doc. 99-1 at 2, 21 and 22):

a) allowable costs – transcript charge of $999.00, attendance fee of $100.00;

b) costs that are not allowable – videotape fee of $81.00, rough transcript fee of $270.00, exhibit copying fee of $28.60, color exhibit copying fee of $8.75, CD fee of $25.00, condensed transcript fee of $15.00, processing and

handling fee of $30.00, and delivery fee of $20.00.

14) Deposition of Ronald N. Roth, M.D. taken by plaintiff on August 4, 2016

    (Doc. 99-1 at 2 and 23):

    a)  allowable costs - all costs are allowable.

15) Deposition of Capt. Michael G. Fortune taken by plaintiff on August 12, 2016

    (Doc. 99-1 at 2 and 24):

    a)  allowable costs – transcript charge of $380.55;

    b)  costs that are not allowable – shipping and handling charge of $22.00.

16) Deposition of Matthew J. Budoff, M.D. taken by plaintiff on August 16, 2016

    (Doc. 99-1 at 2 and 25):

    a)  allowable costs – transcript charge of $324.50;

    b)  costs that are not allowable – shipping and handling charge of $22.00.

Plaintiff therefore submits that the allowable costs from the 9 depositions cited by defendants in their summary judgment motions total $7,075.60 and this is the fair amount that should be taxed as costs.[4]  Alternatively, plaintiff submits that if the Court is going to consider the costs associated with all 33 discovery depositions taken in the case, the allowable costs, excluding those categories of costs listed above, would total $19,778.76.

## C. Witness Fees

Defendants claim they are entitled to $3,575.00 in attendance fees for three expert witnesses, plaintiff's expert economist Larry D. Stokes, Ph.D., and defendants' expert physicians Matthew Budoff, M.D. and Ronald N. Roth, M.D., pursuant to 28 U.S.C. § 1920(3) and LRCiv. 54.1(e)(4) (Docs. 98 at 2, 99 at 4, 99-1 at 26 – 29).  Defendants also claim that they should be reimbursed for a fourth expert witness fee, but mistakenly include that claim in their list of deposition costs (Doc. 99-1 at 2).  The claimed fees for

[4] Total allowable costs for each of the 9 depositions cited by defendants in their summary judgment motion total $7,075.60.  That figure is determined as follows: Van Den Berg ($1,354.50 +$163.20 = $1,517.70); Verma ($787.50 + $24.52 + $26.65 + $32.92 = $871.59); Candipan Vol. I ($712.00 + $210.00 = $922.00); Grant Vol. II ($1,437.50 + $34.65 + $9.66 = $1,481.81); Linda Baillie ($420.00 + $100.00 = $520.00); Laura Baillie ($156.00 + $40.00 = $196.00); Streitwieser ($606.00); Candipan Vol. II ($4496.00 + $140.00 = $636.00); and Budoff ($324.50).

the fourth witness, plaintiff's pilot expert Capt. Daniel Mesnard, are $1,580.00 (Doc. 99-1 at 20), so the actual amount claimed by defendants for expert witness attendance fees appears to be $5,155.00.

LRCiv. 54.1(3)(4) allows the taxation of costs for witness attendance fees, but the recoverable witness fee is limited to the rate "fixed by statute (see 28 U.S.C. § 1821)." LRCiv. 54.1 (e)(4) further provides that "fees for expert witnesses are not taxable in a greater amount than that statutorily allowable for ordinary witnesses." According to 28 U.S.C. § 1821(b) "[a] witness shall be paid an attendance fee of $40.00 per day for each day's attendance."

However, no expert witness attendance fees should be taxed for either of defendants' expert witnesses (Drs. Roth and Budoff). Defendants did not pay the attendance fees for their own experts. Rather, they claim that plaintiff's counsel did not pay the deposition attendance fees for Drs. Roth and Budoff and should be required to do so by the Court through the Bill of Costs. Plaintiff submits that defendants improperly seek to include those deposition attendance fees in their Bill of Costs and their attempt to do so should be rejected by the Court.[5]

Therefore, for purposes of this Bill of Costs, defendants are only entitled to recover the statutory attendance fees for Dr. Stokes and Capt. Mesnard in the total amount of $80.00.

### D. Fees for Documents Produced by Mayo Clinic Hospital

Defendants seek $1,055.43 (12,411 copies at $0.08 per page, plus tax) in copying costs for "copies of James Baillie's Mayo Clinic medical records produced by Mayo Clinic" pursuant to 28 U.S.C. § 1920(4), which allows costs for "making copies of any materials where the copies are necessarily obtained for use in the case" (Docs. 99 at 1, 99-1 at 2 and 30). LRCiv. 54.1 (e)(5) allows only "[t]he reasonable cost of copies of papers necessarily obtained from third-party records custodians … as well as the reasonable cost of documentary exhibits admitted into evidence at hearing or trial."

---

[5] Plaintiff's counsel is unable to locate an invoice from either Dr. Roth or Dr. Budoff pertaining to their deposition attendance fees. Plaintiff's counsel will pay the attendance fees for these two experts upon being presented with their invoices.

1
2
3
4
5
6
7
8
9
10
11

Defendants' copy charges for Mr. Baillie's Mayo Clinic medical records should not be allowed as taxable costs because these medical records were not obtained by defendants from the records custodian at Mayo Clinic. Rather, plaintiff's counsel produced these medical records to defendants' counsel in electronic (DVD) format via overnight delivery on July 8, 2014. *See* letter from Robert J. Spragg to Mark C. Dangerfield dated July 8, 2014 at Nos. 26, 28 and 29, attached to the Declaration of Francis G. Fleming, Jr. in Support of Plaintiff's Objections to Defendants' Bill of Costs as Exhibit 3.

Since plaintiff's counsel provided defendants with these documents, and defendants did not obtain them from a third-party records custodian, the copying charges related to them should not be taxable to the plaintiff. Defendants claim for copying costs should be denied.

12

**CONCLUSION**

13
14
15
16
17
18

In sum, the following costs are properly taxable:

| | |
|---|---|
| Fees for service of subpoenas: | $152.60 |
| Fees for Court Reporters and Deposition Transcripts: | $7,075.60 |
| Witness Fees: | $80.00 |
| Fees for Documents Produced by Mayo Clinic Hospital: | $0.00 |
| **TOTAL** | $7,308.20 |

19
20
21

Therefore, plaintiff respectfully requests that defendants' Bill of Costs be reduced by a total of $23,097.68 to $7,308.20.

22
23

Dated:  October 12, 2017

24
25
26
27
28

KREINDLER & KREINDLER LLP

By: /s/ Francis G. Fleming, Jr.
    Francis G. Fleming, 004375
    Robert J. Spragg, *pro hac vice*
    750 Third Avenue, 32nd Floor
    New York, NY 10017
    Tel.: (212) 687-8181

Fax: (212) 972-9432
-and-
CHRISTIAN DICHTER & SLUGA, P.C.
Steven M. Dichter, 004042
2700 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Tel.: (602) 792-1700
Fax: (602) 792-1710

*Attorneys for Plaintiff Linda Ann Baillie*

1

**CERTIFICATE OF SERVICE**

2     I hereby certify that on October 12, 2017, I electronically transmitted the foregoing

3  document via the Court's CM/ECF system and Notice of Electronic Filing served on all

4  parties by operation of the Court's CM/ECF system.

5

6

7                                    */s/ Francis G. Fleming, Jr.*
                                     FRANCIS G. FLEMING, JR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28