Francis G. Fleming, 004375
ffleming@kreindler.com
Robert J. Spragg, *pro hac vice*
rspragg@kreindler.com
KREINDLER & KREINDLER LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432

Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Tel: (602) 792-1700
Fax: (602) 792-1710
*Attorneys for Plaintiff Linda Ann Baillie*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

-----------------------------------------------------x

LINDA ANN BAILLIE, individually, as Personal Representative of the Estate of JAMES DONALD BAILLIE, II, and on behalf of all heirs and next of kin of JAMES DONALD BAILLIE, II, deceased,

Plaintiff,

v.

MEDAIRE, INC., STEVEN JOE REINHART, D.O. and JESSICA MONAS, M.D.,

Defendants.

-----------------------------------------------------x

No.: 2:14-CV-00420-SMM

**PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER FOR THE LIMITED PURPOSE OF DESIGNATING AN ADDITIONAL EXPERT WITNESS**

Pursuant to Fed. R. Civ. P. 16(b), plaintiff Linda Baillie moves to modify the scheduling order in this case for the limited purpose of designating an additional expert witness to address a point made by Circuit Judge Ikuta in her dissent to the

Ninth Circuit's March 20, 2019 opinion, which reversed and remanded this Court's September 14, 2017 summary judgment ruling.

Plaintiff seeks leave to designate an emergency room physician as an additional expert witness because Circuit Judge Ikuta opined that plaintiff's evidence regarding the evaluation of Mr. Baillie's medical condition, which was provided by a medical doctor specializing in cardiology, was not relevant to the evaluation of Mr. Baillie's medical condition by a medical doctor specializing in emergency medicine, who was providing telephonic medical advice to a pilot on a commercial aircraft. Ninth Cir. Dkt. 40-2 at 2.[1]

Mrs. Baillie strongly disagrees with Circuit Judge Ikuta's evaluation of plaintiff's evidence in this case but nonetheless believes that the requested additional discovery is necessary to satisfy the full letter and spirit of the Ninth Circuit's opinion reversing the Court's summary judgment ruling and remanding this case for further proceedings, and that doing so will aid the jury in coming to a verdict in this case.

Under Fed. R. Civ. P 16(b), this Court has the discretion to reopen discovery on remand and to allow whatever discovery it deems appropriate to facilitate trial on terms that will be most helpful to this Court and most likely to produce factual

---

[1] The Mandate filed in this Court by the Ninth Circuit (Dkt. 112) included the majority opinion as an attachment but did not include Circuit Judge Ikuta's dissent. References to Circuit Judge Ikuta's dissenting opinion therefore cite the Ninth Circuit's docket in this matter under Case No. 17-17022.

findings and legal conclusions that the Ninth Circuit will regard as adequately supported in the record and appropriate to permit appellate review, if necessary.

## I. Factual and Procedural Background

As the Court is aware, this Montreal Convention action arises out of the heart attack suffered by plaintiff's husband on a British Airways flight from London to Phoenix on March 23, 2012.  Defendant MedAire had a contract with British Airways to provide it with in-flight medical emergency advice, which included assessing the severity of medical situations and making medical treatment recommendations, as well as recommendations that a pilot divert the aircraft.

Despite clear evidence that Mr. Baillie was suffering a major cardiac event, neither of MedAire's doctors, defendants Reinhart and Monas, recognized the seriousness of Mr. Baillie's medical condition.  They also failed to recommend a flight diversion or to communicate to the crew the critical nature of Mr. Baillie's likely cardiac emergency.  Because the MedAire doctors did not recommend a diversion or advise the flight crew of the seriousness of Mr. Baillie's medical condition, the British Airways pilot continued the 10.5 hour trans-Atlantic flight, though a diversion would have provided Mr. Baillie with a meaningful chance of survival.  As a result, the flight continued to Phoenix without diverting, Mr. Baillie's heart suffered irreparable damage, and he died three months later.

Discovery in this case is now closed.  The parties completed fact discovery – written discovery, document productions and depositions – in January 2016, prior

to expert discovery. Thereafter, the parties exchanged lists of expert witnesses and expert reports and took expert depositions. Expert discovery concluded in August 2016.

Defendants filed their motion for summary judgment on September 16, 2016 (Dkt. 85) and briefing on the motion was completed by November 21, 2016. Dkt. 95. The Court granted defendants' summary judgment motion on September 14, 2017. Dkt. 96.

Plaintiff appealed the Court's ruling and the Ninth Circuit Court of Appeals reversed the Court's decision in an unpublished opinion dated March 20, 2019. The Ninth Circuit's Mandate was entered on April 11, 2019. Dkt. 112.

**A. The Ninth Circuit's March 20, 2019 Opinion**

The Ninth Circuit's reversal of this Court's summary judgment ruling was not unanimous – Circuit Judge Ikuta dissented. The majority, made up of Circuit Judge Friedland and District Judge Block, found that "a reasonable jury could conclude that MedAire acted in an unusual or unexpected manner by failing to recommend that the airline divert the flight so that Mr. Baillie could receive medical attention." Dkt. 112-1 at 2 – 3. The majority noted the conflicting expert testimony in the case:

> Baillie's expert witness, cardiologist Dr. Candipan, testified that he would have expected a physician to recognize Mr. Baillie's symptoms as consistent with a heart attack and to have recommended a diversion accordingly. MedAire's expert contested that medical opinion and also argued that the

  decision whether to divert a flight depends on other factors.  This dispute causes the question whether MedAire's advice was unexpected to be one a jury must resolve in light of all of the evidence and conflicting expert testimony.

*Id.* at 3.

  The majority also found that "a reasonable jury could conclude that MedAire's actions were a link in the causal chain that resulted in Mr. Baillie's death" because "a jury could credit Dr. Candipan's opinion that there was a non-negligible chance that [Mr. Baillie] would have survived. *Id.* at 4.  They also noted that "both Dr. Candipan and MedAire's expert physician agreed that some benefit could have resulted had his artery been reopened between six and eight hours after the onset of his heart attack." *Id.*

  In her dissent, Circuit Judge Ikuta stated she would affirm this Court's ruling "because Baillie presented no evidence that MedAire's failure to recommend a flight diversion was 'unexpected or unusual.'" Ninth Cir. Dkt. 40-2 at 1.  Circuit Judge Ikuta believed that the evidence presented by Mrs. Baillie was lacking: "Baillie offer[ed] evidence regarding the standard of care expected from a cardiologist treating a patient on the scene and fail[ed] to show how this standard is relevant to a remote medical advisor making a recommendation to a pilot based on limited data." *Id.* at 2.

Plaintiff seeks to address Circuit Judge Ikuta's concern by seeking permission from this Court to designate an emergency room physician as an additional expert witness.

**II.     Argument**

The Court should reopen expert discovery, pursuant to Fed. R. Civ. P. 16(b), for the limited purpose of allowing plaintiff to augment her list of experts to add an emergency room physician and serve an expert report from that physician, and allowing defendants to take the deposition of that expert.

**A. Legal Standard**

"A [discovery] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  The "good cause" standard set forth in the Federal Rules "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16).

The Ninth Circuit also instructs district courts to consider the following factors when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to admissible evidence.

*United States ex rel. Schumer v. Hughes Aircraft*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), *vacated on other grounds*, 520 U.S. 939 (1997).

The good cause standard and *Schumer* factors weigh in favor of granting Mrs. Baillie's request.

The key factor, plaintiff's diligence, supports reopening discovery after remand. Plaintiff diligently completed all prior discovery and is only addressing this issue because it was raised by Circuit Judge Ikuta in her dissenting opinion.

Next, trial is not so imminent as to justify denial of plaintiff's request. Plaintiff contemplates a period of 90 days to designate her expert, produce the expert's report, and allow defendants the opportunity to take the expert's deposition.

In addition, although defendants have indicated that they will oppose this request,[2] they will have difficultly showing that they will suffer any significant prejudice if the Court allows plaintiff to designate an additional expert witness. Plaintiff anticipates that defendants will argue that the additional expert discovery will be expensive and time consuming, but they won't be able to argue that granting plaintiff's request will require the refiling of pretrial documents and generate

---

[2] Plaintiff's counsel provided counsel for defendants with a copy of plaintiff's draft motion on Thursday, May 2, 2019 and the parties discussed the motion on the telephone on Friday, May 3, 2019. During that call, defendants' counsel advised plaintiff's counsel that defendants would oppose plaintiff's motion.

additional *in limine* and *Daubert* motions, because pretrial documents have yet to be filed in this case.

Finally, there is no question that granting plaintiff's motion will lead to relevant information. Plaintiff seeks leave to designate a medical doctor who specializes in emergency medicine as an expert in this case, and who will testify regarding the medical significance of Mr. Baillie's symptoms as they were provided by the British Airways crew to the MedAire doctors.

### III. Conclusion

Plaintiff seeks discovery appropriate to obtain the evidence contemplated by the three judges of the Ninth Circuit who heard plaintiff's appeal. This Court should therefore exercise its discretion to ensure that the parties may present at trial all the evidence related to issues that the Ninth Circuit identified as relevant to deciding the case, and modify the scheduling order to permit plaintiff Linda Baillie to designate an additional expert witness.

Dated: May 3, 2019

        Respectfully Submitted,

        KREINDLER & KREINDLER LLP

        By: /s/ Francis G. Fleming
            Francis G. Fleming, 004375
            Robert J. Spragg, *pro hac vice*
            750 Third Avenue, 32nd Floor
            New York, NY 10017
            Tel.: (212) 687-8181
            Fax: (212) 972-9432
                -and-

Stephen M. Dichter, 004043
CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Tel.: (602) 792-1700
Fax: (602) 792-1710

*Attorneys for Plaintiff*
*Linda Ann Baillie*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, I electronically transmitted the foregoing document electronically via the Court's CM/ECF system and Notice of Electronic Filing served on all parties by operation of the Court's CM/ECF system.

                                        */s/ Francis G. Fleming*
                                        FRANCIS G. FLEMING