# EXHIBIT 5

Robert C. Candipan, Ph.D., M.D., FSCAI, FACC
HonorHealth Heart Institute
9250 N Third Street, Suite 3010
Phoenix, AZ 85020
(602) 861-1169
(480) 253-7233 cell
candipanmd@yahoo.com

Robert J. Spragg
Francis G. Fleming
Kreindler and Kreindler LLP
750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax (212) 972-9432

Dear Mr. Spragg and Mr. Fleming:

You have asked me to review the records and documents pertaining to this matter and deliver objective opinions relating to my review and provide you a report with an overview of those opinions and the basis of those opinions. I have done so in this letter report.

Expert Qualifications

I am qualified to provide expert opinions on this case as I have over 20 years of experience in cardiology. In my current position I actively practice general and interventional cardiology. On a routine basis I take care of patients with ST segment myocardial infarctions, acute coronary syndrome, congestive heart failure, vascular disease and arrhythmias. In addition, I interact and perform consultations requested by physicians in Emergency Departments.

I am currently an interventional cardiologist in Phoenix, Arizona and have practiced on a continuous basis since 1997. I completed medical school at the University of Miami Miller School of Medicine in 1987. My residency in Internal Medicine was at the University of Southern California School of Medicine/Los Angeles County Hospital. I completed a fellowship in Cardiovascular Disease at Stanford University in 1993 and then spent an additional 2 years as a research fellow in Vascular Biology and Medicine also at Stanford. My final year of training was in Interventional Cardiology at Sequoia Hospital in Redwood City, California from 1995-1996. In my career I have held several academic appointments. I was an Assistant Professor of Medicine at the University of Utah School of Medicine. At the University of Illinois at Chicago I was also an Assistant Professor of Medicine. While at that Institution I was also the Director of the Cardiac Catheterization Laboratory, the Director of the Cardiac Intensive Care Unit and the

6

From the transcript of the communications between MedAire/MedLink and the BA289 crew, it is apparent that the clinical information that was provided to the MedAire/MedLink physicians was more than adequate for the MedAire/MedLink physicians to come to a working diagnosis that would have placed a myocardial infarction high if not on top of a list of potential medical conditions. It was consistently made known that Mr. Baillie was having continuous chest pain and shortness of breath despite the administration of oxygen, had a low blood pressure and an irregular pulse, was pale, diaphoretic and confused. Both Dr. Reinhart and Dr. Monas are trained Emergency Medicine specialists and encounter patients with chest pain as part of their daily routine and would be expected to consider that this constellation of findings could be and is likely to be a myocardial infarction. Recognizing that a myocardial infarction was a likely scenario should have prompted them to make a recommendation for diversion. In fact, a review of MedAire /MedLink training materials shows that they specify recommending diversion for chest pain that is persisting for over 20 minutes despite treatment. The depositions of Drs. Reinhart, Monas and Streitwieser all reflect that their personal threshold for recommending diversion would be chest pain not responding to treatment for 20-30 minutes. In this case, it was made clear to the MedAire/MedLink physicians that Mr. Baillie's chest pain was continuing for many hours despite oxygen. It is also apparent that there was in this case poor communication /documentation made in the "handoff" from Dr. Reinhart to Dr. Monas. When Dr. Monas took her call from BA289 she was unaware of the findings and events (such as crackles and not being able to administer nitroglycerin to Mr. Baillie) that transpired several hours earlier. This was not in line with what would be considered standard and usual practice in handing off clinical responsibility for an active patient from one physician to another.

Any myocardial infarction is serious, poses significant risks and is potentially life threatening. The risks can be limited with effective and early treatment consisting of alleviating the occlusion that is causing the infarction. Any delay in treatment can increase the potential complications. It is known that in a myocardial infarction "time is muscle". Because of this there are guidelines in place developed by the American Heart Association and the American College of Cardiology that mandate reperfusion treatment to open an occlusion as soon as possible, preferably within 90 minutes. Any significant delay results in increased myocardial necrosis and thus increasing mortality. As an example, as seen in the National Cardiovascular Data Registry, which was a study of 43,801 patients with STEMI, a delay in the time to reperfusion was associated with a higher adjusted risk of in-hospital mortality in a continuous, nonlinear fashion (30 minutes 3.0%, 60minutes 3.5%, 90 minutes 4.3%, 120 minutes 5.6%, 150 minutes 7.0%, and 180 minutes 8.4%; P<0.001). Because of the delay in receiving the expected necessary treatment for his myocardial infarction, Mr. Baillie suffered a significant loss of heart muscle which in turn led to acute and chronic heart failure. Mr. Baillie's was left with a cardiac condition that could only be treated with a heart transplant, which ultimately he was too sick to receive.

Conclusion

In summary, multiple lapses by MedAire/MedLink and its associated physicians, Dr.

7

Reinhart and Dr. Monas, were made. First was the failure by Dr. Reinhart and Dr. Monas to recognize the likelihood that Mr. Baillie's chest pain and associated symptoms were indicative of a myocardial infarction and/or acute coronary syndrome. Secondly, the symptoms and observations made by the BA289 crew and Dr. Verma were not well documented on the MedLink intake form which resulted in a poor handoff from Dr. Reinhart to Dr. Monas. Finally, there was failure of MedAire/MedLink physicians to communicate the potential life threatening nature of Mr. Baillie's conditions to the BA289 crew and pilots. All of the lapses led to Mr. Baillie's treatment being unusually and unexpectedly delayed. Had the diagnosis of a myocardial infarction been suspected, the recommendation of diversion of the flight should have been made and Mr. Baillie would have received earlier treatment of his condition and he would have likely sustained significantly less damage to his heart muscle, and the risk of development of heart failure would have been smaller. The MedAire/MedLink physicians failed to adequately and appropriately respond to Mr. Baillie's life threatening condition. Because of this unusual and unexpected response, Mr. Baillie suffered a massive, complicated myocardial infarction extending over many hours that resulted in end stage heart failure. He was hospitalized for over three months, endured multiple costly procedures including placement of a total artificial heart, and suffered multiple morbid events with resultant multi-organ system failure prior to his untimely death. In my opinion, the Medire/MedLink physicians and staff are responsible for this outcome which was unexpected and accidental and represented a failure to follow procedures and protocol.

I base and render my opinions in this report on reasonable medical probability.

I reserve the right to amend this expert testimony should additional information pertinent to this case become available in the future.

I have reviewed the following documents in the preparation of this report.

Depositions and Transcripts

Deposition of BA Captain Stephen Fowler
Deposition of BA First Officer Alastair Grant
Deposition of BA First Officer Matthew Simmonds
Deposition of BA Customer Service Manager Georgina Bolton
Deposition of BA Flight Attendant Ewa Van Den Berg
Deposition of BA Flight Attendant Nicola Sherrod
Deposition and exhibits of Stephen Joe Reinhart, DO
Deposition and exhibits of Jessica Monas MD
Depositon and exhibits of MedAire CSE Matthew Whitley
Deposition and exhibits of MedAire CSE Michele Tyler
Deposition and exhibits of David Streitwieser MD
Deposition and exhibits of Paulo Alves, MD
Deposition of Ratan K. Verma MD
Deposition and exhibits of Brian Hess MD
Deposition and exhibits of Michael Covalciuc MD