Francis G. Fleming, 004375
ffleming@kreindler.com
Robert J. Spragg, *pro hac vice*
rspragg@kreindler.com
KREINDLER & KREINDLER LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432

Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Tel: (602) 792-1700
Fax: (602) 792-1710
*Attorneys for Plaintiff Linda Ann Baillie*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

-----------------------------------------------x

Linda Ann Baillie, individually, as Personal
Representative of the Estate of James Donald
Baillie, II, and on behalf of all heirs and
next of kin of James Donald Baillie, II,
deceased,

                                Plaintiff,

        v.

MedAire, Inc.; Steven Joe Reinhart, D.O.;
and Jessica Monas, M.D.,

                            Defendants.

-----------------------------------------------x

No.: 2:14-CV-00420-SMM

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER FOR THE LIMITED PURPOSE OF DESIGNATING AN ADDITIONAL EXPERT WITNESS**

**I.   The Opinions of Plaintiff's Medical Expert Are More than Enough to Establish Montreal Convention Liability**

The opinions of plaintiff's medical expert, Robert C. Candipan, M.D., Ph.D., are more than sufficient to prove the liability of the MedAire defendants under the Montreal Convention.  The Ninth Circuit's March 20, 2019 opinion confirmed it:

1
2
3
4
5
6

"Baillie has presented sufficient evidence, taken in the light most favorable to her as the nonmovant, to establish a genuine issue as to" whether the actions of the MedAire defendants "(1) constituted "an unexpected and unusual event or happening that is external to the passenger" (2) that "comprised 'some link in the chain' of events that led to Mr. Baillie's death." Dkt. 112-1 at 2, *quoting Air France v. Saks*, 470 U.S. 392, 405 – 06 (1985).

7
8
9
10
11
12

The Ninth Circuit further determined that the question of "whether MedAire's advice was unexpected" was "one a jury must resolve in light of all of the evidence and conflicting expert testimony." Dkt. 112-1 at 3.  It also determined that based on Dr. Candipan's testimony, "there is thus a genuine question of material fact as to whether MedAire's actions were at least some link in the causal chain leading to Mr. Baillie's injuries and death." *Id.* at 4 – 5.

13

14

## II.    Dr. Candipan is Well Qualified to Serve as an Expert in this Case

15
16
17
18
19
20
21
22
23

Mrs. Baillie is not seeking to add an additional expert witness at this stage because she "regrets" her decision to have Dr. Candipan as her medical expert, as defendants claim. Dkt. 120 at 1.  Dr. Candipan is extremely well qualified to serve as plaintiff's expert witness in this case. *See* Curriculum Vitae of Robert C. Candipan, Ph.D., M.D., attached as Exh. 1.  He has been practicing general and interventional cardiology for over 20 years and has performed approximately 10,000 cardiac catheterization procedures. Expert Report of Robert C. Candipan, Ph.D., M.D. attached as Exh. 2, at 1 - 2.  He also regularly interacts with and performs consultations requested by Emergency Department physicians. *Id.* at 1.

24
25
26
27

Dr. Candipan is also a fact witness in this matter.  He was the on-call interventional cardiologist at St. Luke's Medical Center in Phoenix on March 23, 2012 and treated Mr. Baillie immediately after the flight by performing a left heart cardiac catheterization, balloon angioplasty, and thrombectomy, as well as placing

28

three drug-eluting stents and an intra-aortic balloon in Mr. Baillie's left anterior descending coronary artery. Declaration of Robert C. Candipan, M.D. attached as Exh. 3, at 2.

In their response, the MedAire defendants attempt to convince the Court that the only medical expert that can render an opinion in this case is an emergency room physician who provides remote medical advice to airlines on the telephone. MedAire's position is unfounded.  Dr. Candipan's testimony is relevant and reliable and satisfies the admissibility requirements of Fed. R. Evid. 702. *See Primiano v. Cook*, 598 F.3d 558, 563 - 66 (9th Cir. 2010).  He is qualified as an expert by knowledge, skill, experience, training or education to render an opinion on whether, based on the information provided by the British Airways crew and onboard physician, the MedAire defendants should have recognized that Mr. Baillie's chest pain and other symptoms were indicative of a heart attack. *Id.;* Fed. R. Evid. 702.

One of Dr. Candipan's opinions is that the MedAire physicians were provided with more than enough information by the British Airways crew and the onboard physician to conclude that Mr. Baillie was likely suffering from a heart attack on the flight. Exh. 2 (Candipan Report), at 7.  By the end of the second phone call from the British Airways crew, MedAire and Dr. Reinhart had been informed that Mr. Baillie was a "61 year old male," who was "a little out of breath when he boarded," was experiencing pain in the central chest," felt "hot," was "a bit pale," was on supplemental oxygen, had taken an aspirin a few hours earlier, had an "irregular pulse" of "100" beats per minute, had "blood pressure" of "100/70," "had crackles in the left chest," and had "gotten slightly worse" since being on supplemental oxygen.  Transcript of Communications between British Airways Flight 289 and MedAire dated March 23, 2012, attached as Exh. 4, at BA0489 – 91. Both MedAire physicians wanted to give Mr. Baillie nitroglycerin for his chest pain, but his blood pressure was too low to administer the drug. *Id.* at BA0490 – 93.

1    According to Dr. Candipan, "from the transcript of the communications between

2    [MedAire] and the [British Airways] crew, it is apparent that the clinical

3    information that was provided to the [MedAire defendants] was more than adequate

4    for the [MedAire] physicians to come to a working diagnosis that would have

5    placed a [heart attack] high if not on top of a list of potential medical conditions."

6    Exh. 2 (Candipan Report), at 6.  Dr. Candipan further opined that "[b]oth Dr.

7    Reinhart and Dr. Monas are trained Emergency Medicine specialists and encounter

8    patients with chest pain as part of their daily routine and would be expected to

9    consider that this constellation of findings could be and is likely to be a [heart

10   attack]." *Id.*

11       Dr. Candipan further opined that the response of Drs. Reinhart and Monas to

12   Mr. Baillie's medical condition was "unusual and unexpected" because they did not

13   give "enough weight" to Mr. Baillie's symptoms, his vital signs and the

14   observations by the crew and the onboard physician "to conclude that a [heart

15   attack] was a likely diagnosis, and that if it was considered, the potential severity

16   was not made clear to the pilot or crew of the aircraft. *Id.* at 3.  Dr. Candipan also

17   opined that the MedAire doctors "failed to adequately and appropriately respond to

18   Mr. Baillie's life threatening condition" and that "this unusual and unexpected

19   response" resulted in Mr. Baillie suffering "a massive complicated [heart attack]

20   extending over many hours that resulted in end stage heart failure." *Id.* at 7.

21       The various failures of the MedAire defendants here – inadequately

22   identifying, communicating, responding to and acting on the medical information

23   they were provided – were all links in the causal chain that unnecessarily

24   aggravated Mr. Baillie's medical condition, causing severe injury to the muscle and

25   tissue of his heart and his eventual death more than three months after the flight.

26

27

28

1

### III.   Circuit Judge Ikuta's Dissent

2

Plaintiff is asking this Court for permission to add an additional expert

3

because of the confusion apparent in Circuit Judge Ikuta's dissent, which said that

4

"Baillie offers evidence regarding the standard of care expected from a cardiologist

5

treating a patient at the scene and fails to show how this standard is relevant to a

6

remote medical advisor making a recommendation to a pilot based on limited data."

7

Ninth Cir. Dkt. 40-2 at 2.  Because neither Article 17 of the Montreal Convention

8

nor the *Saks* "accident" test makes any reference to fault principles - establishing a

9

standard of care and breach thereof is not required - it is difficult to discern why the

10

dissent focuses on "standard of care" at all.  As set forth above, Dr. Candipan

11

opined that since "[b]oth Dr. Reinhart and Dr. Monas are trained Emergency

12

Medicine specialists and encounter patients with chest pain as part of their daily

13

routine," they "would be expected to consider that this constellation of findings

14

[regarding Mr. Baillie] could be and is likely to be a [heart attack]." Exh. 2

15

(Candipan Report), at 6.  Furthermore, Dr. Candipan specifically based his opinion

16

on the limited information provided to the MedAire defendants by the British

17

Airways crew and onboard physician; he used only the "limited data" provided to

18

the MedAire physicians. Exh. 2 (Candipan Report), at 1 – 8.  To avoid similar

19

confusion in the minds of the jurors, plaintiff believes it may be helpful to show

20

that an emergency room physician provided with the same information as Drs.

21

Reinhart and Monas would reach the same conclusion as Dr. Candipan; it would

22

also help the jury better understand how the MedAire defendants should have

23

evaluated Mr. Baillie's medical condition based on the information provided to

24

them on March 23, 2012.

25

26

27

28

**IV.    Plaintiff Was Diligent During the Original Discovery Period and Sought to Add an Additional Expert Immediately upon Remand**

Plaintiff was diligent prior to the close of discovery in this case.  Plaintiff met all factual and expert discovery deadlines established by the Court and all discovery was completed by August 2016.

The Ninth Circuit reversed the Court's summary judgment ruling on March 20, 2019.  The earliest plaintiff could have filed the present motion was on April 11, 2019, when the Ninth Circuit filed its Mandate with the Court. Dkt. 112. Plaintiff diligently filed her motion just over three weeks later, on May 3, 2019. Dkt. 115.

MedAire claims that plaintiff was not diligent because she should have disclosed her new expert and the substance of his or her opinions after remand. Dkt. 120 at 14.  However, MedAire fails to identify any authority requiring a party seeking leave to add an additional expert to prepare the report before filing its motion with the Court.  Such a wasteful requirement has no basis in the applicable rules of evidence and procedure and would contravene the fundamental policy of "inexpensive determination of every action." Fed. R. Civ. P. 1.

**V.    MedAire Would Not Suffer Unfair Prejudice If The Court Allowed Plaintiff to Designate an Additional Expert**

MedAire claims that it would be prejudiced by an additional expert report, but fails to point to any significant disadvantage. Dkt. 120 at 12.

There is little chance of any real prejudice to MedAire if this Court allows plaintiff to produce the report of an additional medical expert.  Trial in this case has not been calendared.  Accordingly, there is ample time to complete any discovery matters related to the additional expert report, including any deposition or rebuttal report, as the Court deems necessary.

**IV.  Conclusion**

   For the foregoing reasons, plaintiff respectfully submits that the Court should modify the discovery schedule for the limited purpose of allowing plaintiff to designate an additional medical expert witness in this case.

Dated:  May 20, 2019

          Respectfully Submitted,

          KREINDLER & KREINDLER LLP

        By:_/s/ Francis G. Fleming_____
          Francis G. Fleming, 004375
          Robert J. Spragg, *pro hac vice*
          750 Third Avenue, 32nd Floor
          New York, NY 10017
          Tel.: (212) 687-8181
          Fax: (212) 972-9432
            -and-
          Stephen M. Dichter, 004043
          CHRISTIAN DICHTER & SLUGA, P.C.
          2700 North Central Avenue, Suite 1200
          Phoenix, AZ 85004
          Tel.: (602) 792-1700
          Fax: (602) 792-1710

          *Attorneys for Plaintiff*
          *Linda Ann Baillie*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically transmitted the foregoing document electronically via the Court's CM/ECF system and Notice of Electronic Filing served on all parties by operation of the Court's CM/ECF system.

*/s/ Francis G. Fleming*
FRANCIS G. FLEMING